1  Deborah C. Prosser (SBN 109856)
   Stephanie A. Hingle (SBN 199396)
2  KUTAK ROCK LLP
   515 So. Figueroa Boulevard, Suite 1240
3  Los Angeles, CA 90071
   Telephone:  (213) 312-4000
4  Facsimile:   (213) 312-4001
   Email: Deborah.Prosser@KutakRock.com
5  Email: Stephanie.Hingle@KutakRock.com

6  Attorneys for Defendants
   GENERAL ELECTRIC COMPANY and
7  GE HEALTHCARE INC.

8

               UNITED STATES DISTRICT COURT
9
          NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO
10

11

12 | CAROL MOORHOUSE and          | Case No.  3:08-CV-01831 EMC
   | JAMES MOORHOUSE,             |
13 |                              |
   |            Plaintiffs,       |
14 |                              | **DEFENDANTS GENERAL
   |        v.                    | ELECTRIC COMPANY AND GE
15 |                              | HEALTHCARE INC.'S
   | BAYER HEALTHCARE             | APPLICATION TO STAY ALL
16 | PHARMACEUTICALS, INC.;       | PROCEEDINGS PENDING
   | BAYER HEALTHCARE LLC;        | TRANSFER TO MDL**
17 | GENERAL ELECTRIC             |
   | COMPANY; GE HEALTHCARE,      | **[Jury Trial Demanded]**
18 | INC.; COVIDIEN, INC.;        |
   | MALLINCKRODT, INC.;          | (San Francisco County Superior Court,
19 | BRACCO DIAGNOSTICS, INC.;    | Case No.: CGC-08-472978)
   | McKESSON CORPORATION;        |
20 | MERRY X-RAY CHEMICAL         | Reserved Hearing:
   | CORP.; and DOES 1 through 35,|
21 |                              | Date:    June 3, 2008
   |            Defendants.       | Time:    1:00 p.m.
22 |                              | Place:   USDC-Northern District
   |                              |          Courtroom 3, Third Floor
23 |                              |          450 Golden Gate Avenue
   |                              |          San Francisco, CA 94102

24

25

26      TO  THE  COURT,  ALL  PARTIES  AND  THEIR  COUNSEL  OF

27 RECORD:

28 ///

1    Defendants General Electric Company and GE Healthcare Inc.

2    ("Defendants"), respectfully move this Court for an order staying proceedings in

3    anticipation of a final transfer order to be issued by the designated Multidistrict

4    Litigation Court, the Honorable Dan A. Polster, Northern District of Ohio. On

5    October 26, 2007, certain plaintiffs filed a motion before the Panel for transfer of

6    all federal cases involving Gadolinium-based contrast agents to a single court for

7    coordinated pretrial management (the "MDL motion"). In seeking MDL treatment,

8    the moving plaintiffs noted that a number of cases are pending in federal courts

9    across the country involving Gadolinium-based contrast agents, including the

10   product at issue in this case, the FDA-approved Omniscan™. On February 27,

11   2008, the MDL motion was granted and the Honorable Dan A. Polster of the

12   Northern District of Ohio was appointed to preside over the MDL known as In re:

13   Gadolinium Contrast Dyes Products Liability Litigation (see Exhibit "A").

14   Defendants served a Notice of Tag-Along Action identifying this case as subject to

15   transfer. (See Notice of Tag-Along Action as Exhibit "B").

16                                **BACKGROUND**

17        On October 26, 2007, a motion and supporting brief were filed with the Panel

18   seeking transfer under 28 U.S.C. § 1407 of the pending cases concerning FDA-

19   approved Gadolinium-based contrast agents in federal court to one court for

20   coordinated proceedings. The moving plaintiffs stated that an MDL was necessary

21   to coordinate the discovery and pretrial administration of this litigation with more

22   than 30 filed cases around the country at that time. The MDL motion was granted

23   on February 27, 2008, establishing an MDL for this litigation in the Northern

24   District of Ohio by the Honorable Dan A. Polster. (See Exhibit "A.") Attorneys for

25   Defendants have served a Notice of Tag Along Action to the MDL Panel

26   specifically identifying the instant case as one that requires transfer to the MDL.

27   (See Exhibit "B.")

28   ///

1    The MDL was established because pretrial coordination of these actions will

2    eliminate the duplication of discovery, serve the convenience of the numerous

3    parties and witnesses, expedite the just and efficient administration of these

4    complex actions, avoid inconsistent rulings on critical pretrial matters, and conserve

5    the resources of the parties, their counsel, and the federal judiciary.

6                                      **ARGUMENT**

7    **I.      THIS CASE SHOULD BE STAYED PENDING THE PANEL'S**

8    **TRANSFER TO THE NEWLY ESTABLISHED MDL**

9    Guided by policies of justice and efficiency, this Court should exercise its

10   discretion to stay all further proceedings in this case pending the Panel's action.

11   (See *Conner v. AT&T Bellsouth,* No. 06-0632, 2006 WL 1817094, *3 (E.D. Cal.)

12   June 30, 1996.)[1]  The power to stay is well established and particularly apt here.  It

13   is "incidental to the power inherent in every court to control the disposition of the

14   causes on its docket with economy of time and effort for itself, for counsel, and for

15   litigants." (*Landis v. North American Co.,* 299 U.S 248, 254 (1936).)  Numerous

16   courts have stayed proceedings pending transfers to an MDL Court under Section

17   1407. (See, *e.g., U.S. Bank v. Royal Indem. Co.*, No. Civ.A.3:02-CV-0853-P, 2002

18   WL 31114069 (N.D. Tex. Sept. 23, 2002)[2]; *Rivers v. The Walt Disney Co.*, 980 F.

19   Supp. 1358 (C.D. Cal. 1997).)  When deciding whether to issue a stay pending a

20   decision by the Panel, courts look at (1) considerations of judicial economy and (2)

21   prejudice to the parties. (*Rivers*, 980 F. Supp. at 1360.)  As described below,

22   consideration of both these factors favor the granting of a stay of this action.

23   **A.      Judicial Economy Mandates a Stay.**

24   Defendants timely removed this case from state court.  If this Court decided

25   not to issue a stay, it may enter rulings that would need to be reconsidered after

26   coordination.  To avoid the risk of inconsistent substantive legal rulings, pretrial

27   _____

28   [1]    See Exhibit "C."
     [2]    See Exhibit "D."

proceedings in this matter and other actions should proceed in an orderly, coordinated fashion, as directed by the court selected by the MDL Panel to coordinate these cases, the Northern District of Ohio. As the court in *U.S. Bank* noted in granting defendant's motion for a stay, "[i]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted." (2002 WL 31114069 at *2.) At this point, this Court has no need to expend its resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge." (See *Rivers*, 980 F. Supp. at 1360.) The Court likewise has no need to hold status conferences or issue discovery orders prior to the Panel's ruling, because "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." (*Id.*) Moreover, MDL courts regularly decide *Daubert* and dispositive motions before they return a case to the original transferor court. (See*, e.g., In re Rezulin Prods. Liab. Litig.* 309 F. Supp. 2d 531 (S.D.N.Y. 2004) (excluding plaintiffs' causation and regulatory experts under *Daubert)*; *In re Propulsid Prods. Liab. Litig.* 261 F. Supp. 2d 603 (E.D. La. 2003) (granting defendant pharmaceutical manufacturer's motion for summary judgment).) Accordingly, a stay will conserve judicial resources.

**B.      There Will be no Prejudice to the Parties.**

The potential prejudice to Plaintiffs if the action is stayed is non-existent. Plaintiffs have expended limited, if any, resources to date, as this action is in its infancy and no discovery has begun. Whatever limited discovery could take place in the next several weeks will be wholly subsumed and superseded by the discovery that will take place in an MDL. Thus, Plaintiffs will not suffer prejudice as a result of a stay. Furthermore, the short-term stay sought by Defendants will not unduly delay or burden Plaintiffs' preparations for trial, which is still many months and potentially more than a year in the future.

///

## II.    CONCLUSION

For the foregoing reasons, Defendants General Electric Company and GE Healthcare Inc. request that the Court grant this motion to stay all proceedings in this case pending transfer this case to the MDL Court for coordinated pretrial management.

Dated:  April 20, 2008                              Kutak Rock LLP


By: _____
Deborah C. Prosser
Stephanie A. Hingle
Attorneys for Defendants
GENERAL ELECTRIC COMPANY
and GE HEALTHCARE INC.

# EXHIBIT "A"

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Feb 27, 2008**

FILED
CLERK'S OFFICE

IN RE: GADOLINIUM CONTRAST DYES
PRODUCTS LIABILITY LITIGATION

MDL No. 1909

## TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in twelve actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of Ohio. The GE defendants,[1] the Bayer defendants,[2] the Tyco defendants,[3] and defendant Novation, LLC, support centralization, but suggest the Northern District of Ohio as transferee district. Plaintiff in the Northern District of Alabama potentially related action supports centralization, but suggests the District of Colorado as transferee district. Defendant Bracco Diagnostics, Inc. (Bracco) opposes centralization of all claims against Bracco, the Tyco defendants, or the Bayer defendants; or, alternatively, suggests creating a separate MDL for each defendant group; or, alternatively, suggests the District of Kansas as transferee district.

This litigation currently consists of 24 actions listed on Schedule A and pending in thirteen districts as follows: five actions in the Southern District of Ohio; four actions each in the Northern District of Ohio and the Middle District of Tennessee; two actions in the Western District of Texas; and one action each in the Eastern District of Arkansas, the Central District of California, the District of Colorado, the Northern District of Georgia, the Western District of Louisiana, the District of Minnesota, the Western District of Missouri, the District of South Carolina, and the Southern District of Texas.[4]

---

[*] Judges Heyburn and Motz did not participate in the disposition of this matter.

[1] General Electric Co., GE Healthcare Inc., and GE Healthcare Bio-Sciences Corp.

[2] Bayer Healthcare Pharmaceuticals Inc., Bayer Healthcare LLC, Bayer Corp., and Bayer Pharmaceuticals Corp.

[3] Mallinckrodt, Inc., Tyco International Ltd., Tyco Healthcare Ltd., Tyco Holdings Ltd., Tyco Healthcare Group LP, and Covidien Ltd.

[4] The Panel has been notified that 44 other related actions have been filed as follows: four actions in the District of New Jersey; three actions each in the Eastern District of Missouri, the Eastern District of Wisconsin, and the Northern District of West Virginia; two actions each in the Northern District of Alabama, the Eastern District of Arkansas, the Central District of California, the District

-2-

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share questions of fact arising out of the allegation that gadolinium based contrast dyes may cause nephrogenic systemic fibrosis in patients with impaired renal function. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

In opposition to centralization of all MDL No. 1909 actions, defendant Bracco argues, *inter alia*, that (1) the actions do not share sufficient questions of fact because each of the contrast agents is chemically and pharmacologically different; (2) because of the unique properties of each contrast agent, a global MDL will impinge upon the due process rights of the separate defendant companies; (3) when each defendant group is considered separately, there are too few actions to warrant MDL treatment for any claims other than those involving the GE defendants; and (4) alternatives to centralization are available and sufficient to coordinate the small number of claims involving Bracco and the Tyco and Bayer defendants.

We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The MDL No. 1909 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199

———————————

of Colorado, the Middle District of Louisiana, the District of Maryland, and the District of Minnesota; and one action each in the Western District of Arkansas, the Northern District of California, the District of Connecticut, the District of District of Columbia, the Middle District of Florida, the Central District of Illinois, the Southern District of Illinois, the Southern District of Indiana, the District of Kansas, the Western District of Louisiana, the Western District of Missouri, the Western District of New York, the Middle District of North Carolina, the Northern District of Ohio, the Southern District of Ohio, the Northern District of Oklahoma, and the Eastern District of Pennsylvania. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-3-

F.R.D. at 436-38.   We are confident in the transferee judge's ability to streamline pretrial proceedings in all actions, while concomitantly directing the appropriate resolution of all claims.

We are persuaded that the Northern District of Ohio is an appropriate transferee district. This district provides a relatively central forum for this nationwide litigation. In addition, Judge Dan A. Polster has the time and experience to steer this docket on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman* | J. Frederick Motz* |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

IN RE: GADOLINIUM CONTRAST DYES
PRODUCTS LIABILITY LITIGATION                MDL No. 1909

### SCHEDULE A

#### Eastern District of Arkansas

Roland Thomas v. General Electric Co., et al., C.A. No. 4:07-936

#### Central District of California

Cynthia Kay Mitchell v. Berlex Labs, Inc., et al., C.A. No. 5:07-433

#### District of Colorado

Greta Carolus, et al. v. General Electric Co., et al., C.A. No. 1:07-714

#### Northern District of Georgia

Mary Davis, etc. v. General Electric Co., et al., C.A. No. 4:07-202

#### Western District of Louisiana

Ronald E. Corkern, III v. General Electric Co., et al., C.A. No. 1:07-979

#### District of Minnesota

William Clark v. General Electric Co., et al., C.A. No. 0:07-3818

#### Western District of Missouri

Abraham Showalter, et al. v. General Electric Co., et al., C.A. No. 5:07-6102

#### Northern District of Ohio

John G. Walker, et al. v. Tyco Healthcare Group LP, et al., C.A. No. 1:07-741
Beverly Rockwell, etc. v. Bayer Healthcare Pharmaceuticals, Inc., et al.,
     C.A. No. 1:07-1564
Gwendolyn Dennis v. General Electric Co., et al., C.A. No. 1:07-2849
James Babione v. General Electric Co., et al., C.A. No. 3:07-1977

#### Southern District of Ohio

Alisha A. Hagwood, et al. v. General Electric Co., et al., C.A. No. 2:07-548
Robert W. Murray, et al. v. General Electric Co., et al., C.A. No. 2:07-612

- A2 -

**MDL No. 1909 Schedule A (Continued)**

<u>Southern District of Ohio (Continued)</u>

Carolyn Hall, etc. v. General Electric Co., et al., C.A. No. 2:07-942
Lance A. Voeltner v. General Electric Co., et al., C.A. No. 2:07-943
Paul W. Frazier, et al. v. Bayer Corp., et al., C.A. No. 2:07-1005

<u>District of South Carolina</u>

Anna White v. General Electric Co., et al., C.A. No. 2:07-1740

<u>Middle District of Tennessee</u>

Danielle Marie Snyder v. GE Healthcare, Inc., et al., C.A. No. 3:07-290
Jeanetta Deason v. General Electric Co., et al., C.A. No. 3:07-619
Jerry Henley, et al. v. Tyco International, Ltd., et al., C.A. No. 3:07-774
Kerry Kurt Phillips, et al. v. General Electric Co., et al., C.A. No. 3:07-824

<u>Southern District of Texas</u>

Lloyd Massie, et al. v. Bayer Healthcare, LLC, et al., C.A. No. 3:07-368

<u>Western District of Texas</u>

Donna Lee v. General Electric Co., et al., C.A. No. 5:07-825
Ray Rodriguez, et al. v. General Electric Co., et al., C.A. No. 5:07-826

# EXHIBIT "B"



**DLA Piper US LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 2800
Atlanta, Georgia 30309-3450
www.dlapiper.com

Ann M. DePriester
ann.depriester@dlapiper.com
T  404.736.7806
F  404.682.7800

April 7, 2008

*VIA OVERNIGHT DELIVERY*

Jeffery N. Lüthi, Clerk
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Bldg.
One Columbus Circle, N.E.
Room G-255
Washington, D.C.  20002

Re:    MDL-1909: In re Gadolinium Based Contrast Dyes Products Liability Litigation

Dear Mr. Lüthi:

  Pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, defendants General Electric Company and GE Healthcare Inc., by their attorneys, provide notice to the Panel of one (1) potential tag-along action to MDL-1909 listed on the attached Schedule A.

  Enclosed is a copy of the complaint.  Please contact me if you have any questions.

    Sincerely,

    **DLA Piper US LLP**

    Ann M. DePriester

Enclosures

cc: MDL-1909 Panel Attorney Service List (attached) (via U.S. Mail, letter only)
  Counsel of Record/U.S. District Courts (service list attached) (via U.S. Mail, letter only)

**Exhibit A – Schedule of Actions**

| | Date Filed/ Removed | Case | Court and Division | Civil Action No. | Judge (if known) |
|---|---|---|---|---|---|
| 1. | April 4, 2008 | *Carol Moorhouse and James Moorhouse v. Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, General Electric Company, GE Healthcare Inc., Covidien, Inc., Mallinckrodt, Inc., Bracco Diagnostics, Inc., McKesson Corporations, Merry X-Ray Chemical Corporation and Does 1 through 35* | N.D. Cal, San Francisco | cv-08-1831 (EMC) | Magistrate Judge Edward M. Chen |

1

Judicial Panel on Multidistrict Litigation - Panel Attorney Service List

Page 1

Docket: 1909 - IN RE: Gadolinium Contrast Dyes Products Liability Litigation

Status: Transferred on 03/27/2008

Transferee District: OHN    Judge: Polster, Dan A.

Printed on 03/14/2008

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Abarray, Janet G.<br>BURG SIMPSON ELDREDGE HERSH & JARDINE PC<br>312 Walnut Street<br>Suite 2090<br>Cincinnati, OH 45202 | ➡ Phone: (513) 352-5600  Fax: (513) 353-5611  Email: jabarray@burgsimpson.com<br>Frazier, Margaret E.*; Frazier, Paul W.* |
| Bohrer, Philip<br>BOHRER LAW FIRM LLC<br>8712 Jefferson Highway<br>Suite B<br>Baton Rouge, LA 70809 | ➡ Phone: (225) 925-5297  Fax: (225) 231-7080  Email: pb8@bohrerlaw.com<br>Clark, William*; Thomas, Roland* |
| Booth, Roger R.<br>BOOTH & KOSKOFF<br>18411 Crenshaw Blvd.<br>Suite 380<br>P.O. Box 6430<br>Torrance, CA 90504-0430 | ➡ Phone: (310) 545-1361  Email: rbooth@boothkoskoff.com<br>Mitchell, Cynthia Kay |
| Brodhead, Peter J.<br>SPANGENBERG SHIBLEY & LIBER LLP<br>1900 East Ninth Street<br>Suite 2400<br>Cleveland, OH 44114 | ➡ Phone: (216) 696-3232  Fax: (216) 696-3924  Email: pjb@spanglaw.com<br>Corkran, III, Ronald E.*; Deaton, Jeanette*; Dennis, Gwendolyn*; Hall (Exe./Est.-Gregory Lee), Carolyn*; Rockwell (Adm./Est.-Trevor A. Dasko), Beverly*; Voelmer, Lance A.*; Walker, John R.*; Walker, Marilyn D. |
| Burg, Peter W.<br>BURG SIMPSON ELDREDGE HERSH & JARDINE PC<br>40 Inverness Drive East<br>Englewood, CO 80112 | ➡ Phone: (303) 792-5595  Fax: (303) 708-0527  Email: pburg@burgsimpson.com<br>Carolan (Spouse-Craig), Nan*; Carolan, Delia*; Hagwood, Alisha A.*; Murray, Linda S.*; Murray, Robert W.*; Snyder, Danielle Marie*; Snyder (By &/Through his mother & natural guardian-Alisha A. Hagwood), Christian* |
| Hill, Barry M.<br>HILL WILLIAMS PLLC<br>89 Twelfth Street<br>Wheeling, WV 26003 | ➡ Phone: (304) 233-4966  Fax: (304) 233-4969  Email: bhill@hrwlaw.us<br>Babione, James*; Henley, Jerry*; Hensley, Lynne*; Lee, Donna*; Phillips, Kerry Kurt*; Phillips, Linda D.*; Rodriguez, Alma Patricia*; Rodriguez, Ray* |
| Hollis, Lee I.<br>HOLLIS LAW FIRM PA<br>5109 West 95th Street<br>Prairie Village, KS 66207 | ➡ Phone: (913) 385-5400  Fax: (913) 385-5402  Email: leehollis@hollislawfirm.com<br>Davis (Ind./Exe./Est.-Rupert L.), Mary*; Showalter, Abraham*; Showalter, Mary Ann* |
| Jewers, Jr, Gerald D.<br>JANET JENNER & SUGGS LLC<br>500 Taylor Street<br>Suite 301<br>Columbia, SC 29201 | ➡ Phone: (803) 726-0050  Fax: (803) 737-1857  Email: Gjewers@medlawlegalteam.com<br>White, Anna* |
| Moeller, Deborah A.<br>SHOOK HARDY & BACON LLP | ➡ Phone: (816) 474-6550  Fax: (816) 421-5547  Email: dmoeller@shb.com<br>Covidien, Ltd.*; Mallinckrodt, Inc.*; Tyco Healthcare*; Tyco Healthcare Group LP*; Tyco |

Note: Please refer to the report title page for complete report scope and key.

*(Panel Attorney Service List for MDL 1,969 Continued)*

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

2555 Grand Boulevard
Kansas City, MO 64108-2613

Healthcare, Ltd.*; Tyco Holdings, Ltd.*; Tyco International, Ltd.*

Perrin, K. Doug
PERRIN LAW FIRM PC
1401 Elm Street
Suite 1965
Dallas, TX 75202

=▷ Phone: (214) 646-2604  Fax: (214) 646-6717  Email: dougperrin@perrinlaw.org
Massie (Ind./Rep./Est.-Neal), Lloyd*; Massie (Ind./Rep./Est.-Neal), Pamela*

Picopne, Marsha M.
WHEELER TRIGG KENNEDY LLP
1801 California Street
Suite 3600
Denver, CO 80202

=▷ Phone: (303) 292-2525  Fax: (303) 294-1879  Email: picopne@wtklaw.com
Nanston, L.L.C.*

Preuss, Charles F.
DRINKER BIDDLE & REATH LLP
50 Fremont Street
20th Floor
San Francisco, CA 94105

=▷ Phone: (415) 591-7500  Fax: (415) 591-7510  Email: charles.preuss@dbr.com
Berlex Labs, Inc.

Schering Healthcare, Ltd.
400 Morgan Lane
West Haven, CT 06516-4175

=▷
Schering Healthcare, Ltd.

Schulman, Amy W.
DLA PIPER US LLP
1251 Avenue of the Americas
27th Floor
New York, NY 10020-1104

=▷ Phone: (212) 335-4500  Fax: (212) 335-4501  Email: amy.schulman@dlapiper.com
GE Healthcare Bio-Sciences Corp.*#; GE Healthcare, Inc.*; General Electric Co.*

Sharko, Susan M.
DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, NJ 07932-1047

=▷ Phone: (973) 549-7330  Fax: (973) 360-9831  Email: susan.sharko@dbr.com
Bayer Corp.*#; Bayer Healthcare Pharmaceuticals, Inc.*#; Bayer Healthcare, LLC*

Sterchi, Thomas N.
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road
Suite 500
Kansas City, MO 64108-2523

=▷ Phone: (816) 471-2121  Fax: (816) 472-0288  Email: sterchi@bscr-law.com
Bracco Diagnostics, Inc.*

---

Note: Please refer to the report title page for complete report scope and key.

**SERVICE LIST (Potential Tag-Along Action)**

**CLERK OF COURT:**

Clerk, Northern District of California (San Francisco)
U.S. District Court Clerk's Office
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102

**PLAINTIFFS' COUNSEL:**

Lawrence J. Gornick
Debra DeCarli
Levin Simes Kaiser & Gornick LLP
44 Montgomery Street, 36th Floor
San Francisco, California 94104
*Counsel for Plaintiffs Carol Moorhouse and James Moorhouse*

**OTHER PARTIES**

Charles T. Sheldon
Michael L. Fox
Sedgwick, Detert, Moran & Arnold LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
*Counsel for McKesson Corporation*

H. Nathan James
Seifer, Murken, Despina, James & Teichman
2135 Lombard Street
San Francisco, California 94123
*Counsel for Merry X-Ray Chemical Corporation*

Marsha M. Piccone
Wheeler Trigg Kennedy LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
*Counsel for McKesson Corporation*

# EXHIBIT "C"

## Westlaw.

Not Reported in F.Supp.2d                                                          Page 1
Not Reported in F.Supp.2d, 2006 WL 1817094 (E.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

**C**
Conner v. AT & T
E.D.Cal.,2006.
Only the Westlaw citation is currently available.
United States District Court,E.D. California.
Greg CONNER, Mark Boulet, Sergio Vasquez,
James Bolich, Debra Bolich, Cheryl Scroggins,
Melissa Scroggins, M. Diedre Wilten, Stephen M.
Kampmann, Lloyd Brown, and Claudia Salazar,
Plaintiffs,
v.
AT & T, Bellsouth, Verizon, and Does 1-50, inclus-
ive, Defendants.
**No. CV F 06-0632 AWI DLB.**
**(Document # 7).**

June 30, 2006.

Nicholas J.P. Wagner, Law Offices of Wagner &
Jones, Fresno, CA, for Plaintiffs.
Jacob Robert Sorensen, Pillsbury Winthrop Shaw
Pittman LLP, San Francisco, CA, Brian Matthew
Boynton, Wilmer Cutler Pickering Hale and Dorr
LLP, Washington, DC, for Defendants.

**ORDER GRANTING DEFENDANT'S MO-
TION TO STAY ACTION PENDING RULING
BY THE JUDICIAL PANEL ON MUL-
TIDISTRICT LITIGATION**

ANTHONY W. ISHII, District Judge.
**\*1** This action concerns Defendants' alleged fur-
nishing of Plaintiffs' and similarly situated indi-
viduals' telephone communications to the United
States. The court has jurisdiction over the federal
causes of action pursuant to 28 U.S.C. § 1331 and
supplemental jurisdiction over the state law causes
of action pursuant to 28 U.S.C. § 1367. Pending be-
fore the court is Defendant Verizon's motion to stay
this action pending a ruling by the Judicial Panel
On Multidistrict Litigation ("Panel").

**BACKGROUND**

On May 12, 2006, Plaintiffs filed their complaint in
the Fresno County Superior Court of California.
The complaint alleges that Defendants AT & T,
BellSouth, and Verizon improperly disclosed
Plaintiffs' telephone communication records to the
United States. The first cause of action alleges
common law invasion of privacy. The second cause
of action alleges unauthorized publication and/or
use of communications in violation of 47 U.S.C. §
605. The complaint seeks to certify a class of all
California-resident subscribers of Defendants
whose information has allegedly been disclosed or
sold to the United States. On May 23, 2006, the
case was removed to this court by Defendant AT &
T.

On May 24, 2006, Defendant Verizon filed a mo-
tion before the Panel pursuant to 28 U.S.C. § 1407.
Defendant Verizon's motion requests the Panel take
jurisdiction of this action and all similar actions
that concern Defendants' alleged improper release
of telephone communications to the United States.

On May 25, 2006, Defendant Verizon filed a mo-
tion in this court for a stay of all proceedings
pending a ruling by the Panel. Defendant Verizon
contends that this case is just one of many actions
concerning Defendants' alleged improper release of
telephone communications to the United States, and
there is no reason to proceed with this action, in-
cluding hearing motions and supervising discovery,
until the Panel has had the opportunity to rule on
Defendant Verizon's motion. Defendant Verizon
contends that a stay will avoid duplicative proceed-
ings, Defendant Verizon will be prejudiced if it is
forced to defend this action prior to the Panel's rul-
ing, and Plaintiff will not be prejudiced.

The court received a letter from the Honorable Wm.
Terrel Hodges, Chairman of the Panel, dated May
30, 2006. The letter indicates that this action,
among others, is being considered by the Panel for
transfer. The letter informs the court that this
court's jurisdiction continues until the Panel orders

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 2
Not Reported in F.Supp.2d, 2006 WL 1817094 (E.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

transfer. The letter continues:
If you have a motion pending ... you are free to rule
on the motion, of course, or wait until the Panel has
decided the transfer issue. The latter course may be
especially appropriate if the motion raises questions
likely to arise in other actions in the transferee
court and, in the interest of uniformity, might best
be decided there if the Panel orders centralization.

Letter from Panel to Involved Judges, Dated May
30, 2006.

On June 8, 2006, Plaintiffs filed a First Amended
Complaint. The first cause of action alleges com-
mon law invasion of privacy. The second cause of
action alleges unauthorized publication and/or use
of communications in violation of 47 U.S.C. § 605.
The third cause of action alleges divulgence of
communication contents in violation of 18 U.S.C. §
2702(a)(1) and/or (a)(2). The fourth cause of action
alleges divulgence of communication records in vi-
olation of 18 U.S.C. § 2702. The First Amended
Complaint seeks to certify a class comprised of, and
defined as, all current and former California cus-
tomers of Defendants whose private and confiden-
tial information was disclosed and/or sold by De-
fendants.

*2 On June 12, 2006, Plaintiffs filed an opposition
to Defendant Verizon's motion for a stay. Plaintiffs
contend this action is different than the other ac-
tions concerning Defendants' disclosure of sub-
scriber information because Plaintiffs seek to certi-
fy a class of only California residents and Plaintiffs'
principle cause of action is for a violation of
Plaintiffs' right to privacy under the California Con-
stitution. Plaintiffs also point out that most of the
other actions do not seek an injunction. Plaintiffs
contend that unlike other actions, Plaintiffs do not
intend to seek disclosure of information about the
United States' use of Defendants' records, and as
such, discovery of secret government information
will not be an issue in this action. Plaintiffs contend
they will be prejudiced by a stay because Defend-
ants will continue with their alleged illegal actions.

On June 19, 2006, Defendant Verizon filed a reply.
Defendant Verizon claims that there are now more
than 30 similar actions pending across the country.
Defendant Verizon contends that this action is not
significantly different than the other actions. De-
fendant Verizon argues that no matter how
Plaintiffs seek to characterize this action, disclosure
of the United States' intelligence gathering methods
and/or capabilities is at issue, and this issue will re-
quire the court to review the military and state
secrets privilege. Defendant Verizon also argues
that at least two other cases seek to certify a class
of only California residents, and a class including
nationwide residents would include California res-
idents. Finally, Defendant Verizon argues that it is
unnecessary for this action to contain exactly the
same causes of action and exactly the same reques-
ted remedies for it to be consolidated with the other
cases by the Panel.

On June 19, 2006, the United States filed a state-
ment of interest of the United States in support of
Defendant Verizon's motion for a stay pending a
decision by the Panel. The United States contends
that this action is similar to the other actions before
the Panel because all concern telecommunication
carriers' purported provision of telephone data and
records to the United States. The United States con-
tends that it intends to assert the military and state
secrets privilege in all of these actions and seek
their dismissal.

On June 22, 2006, Plaintiffs' filed a motion to
amend their complaint. The proposed Second
Amended Complaint seeks to add causes of action
for violations of California Business and Profes-
sions Code § 17200 and California Penal Code §
11149.4. Besides monetary damages, the Second
Amended Complaint seeks injunctive relief.

### DISCUSSION

There are numerous lawsuits across the United
States seeking relief for Defendants' alleged parti-
cipation in intelligence gathering activities al-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 3
Not Reported in F.Supp.2d, 2006 WL 1817094 (E.D.Cal.)
(Cite as: Not Reported in F.Supp.2d)

legedly carried out by the United States. All actions allege that Defendants assisted the United States in conducting domestic electronic surveillance by allowing the United States access to Defendants' records, including subscribers' telephone calls and/or records concerning those calls. This issue of whether these actions should be consolidated is currently pending before the Panel. The other actions include: *Hepting v. AT & T,* No. 06-cv-672 (N.D.Cal.); *Souder v. AT & T,* No. 06-cv-1058 (S.D.Cal.); *Ludman v. Verizon,* No. 06-cv-0916 (D.D.C.); *Driscoll v. Verizon,* No. 1:06-cv-0916 (D.D.C.); *Phillips v. BellSouth,* No. 06-cv-0918 (D.D.C.); *Schwarz v. AT & T,* No. 06-2680 (N.D.Ill); *Terkel v. AT & T,* No. 06-2837 (N.D.Ill.); *Fuller v. Verizon,* No. 9:06-cv-0077 (D.Mont.); *Dolberg v. AT & T,* No. 06-cv-0078 (D.Mont.); *Marck v. Verizon,* No. CV-06-2455 (E.D.N.Y.); *Mayer v. Verizon,* No. 06-cv-3650 (S.D.Y.N.); *Bissitt v. Verizon,* No. 1:06-cv-0220 (D.R.I.); *Hines v. Verizon Northwest, Inc.,* No. 9:06-cv-00694 (D.Or.); *Bissit, v. Verizon,* No. 06-cv-0220 (D.R.I.); *Mahoney v. AT & T,* No. 1:06-cv-00223 (D.R.I.); *Mahoney v. Verizon,* No. 1:06-cv-00224 (D .R.I.); *Potter v. BellSouth Corp.,* No. 06-0469 (M.D.Tenn.); *Trevino v. AT & T,* No. 06-cv-0209 (S.D.Tex.); *Harrington v. AT & T,* No. 06-cv-0374 (W.D.Tex.).

*3 The power to issue a stay in an action "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."*Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). The decision to grant or deny a stay of proceedings pending a ruling on the transfer of a matter to the Panel lies within the court's discretion. *Good v. Prudential Ins. Co. of Am.,* 5 F.Supp.2d 804, 809 (N.D.Cal.1998); *see also Landis,* 299 U.S. 254-55. To determine whether a stay is appropriate, the court should balance the competing interests of the moving and non-moving parties. *Rivers v. Walt Disney Co.,* 980 F .Supp. 1358, 1360 (C.D.Cal.1997). The court should consider both the interest of judicial economy and the potential preju-

dice or hardship to the parties. *Id.*

One other consideration in determining whether the court should stay a matter pending the Panel's decision on transfer is whether deferring to the Panel would advance the interests for which the statutes authorizing multidistrict litigation were intended. "Section 1407 was intended to promote the 'just and efficient conduct' of the actions transferred [to the MDL court]."*See, e.g., In re Ivy,* 901 F.2d 7, 9 (2d Cir.1990) (citing H.R.Rep. No. 1130, 90th Cong., 2d Sess.); *Greene v. Wyeth,* 344 F.Supp.2d 674, 678-74 (D.Nev.2004). The legislative history indicates that to qualify for transfer, civil actions must meet three criteria:
[F]irst, they must involve one or more common questions of fact; second, they must be pending in more than one district, and third, pretrial consolidation must promote the "just and efficient conduct" of such actions and be for "the convenience of parties and witnesses."It is expected that such transfer is to be ordered only where significant economy and efficiency in judicial administration may be obtained.

*In re Ivy,* 901 F.2d at 9; *see also* 28 U.S.C. § 1407.

In this action, the court finds a stay is warranted. First, a stay will conserve judicial resources. During the time this action is awaiting a ruling from the Panel, the court may well be forced to decide whether to allow Plaintiffs to amend their complaint, address Defendants' and the United States's possible dismissal motions, and resolve potential discovery issues. As explained in the United States' brief, the United States plans to seek dismissal and/or preclude discovery based on the military and state secrets privilege. Addressing this privilege in relation to dismissal and discovery will take considerable judicial resources. Further, if these actions are coordinated by the Panel, the MDL court hearing the coordinated cases will decide many of the dismissal and discovery issues that this court may be asked to address in the next several months. A stay will better ensure uniform decisions on pretrial matters in these cases. A stay will also conserve ju-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 4
Not Reported in F.Supp.2d, 2006 WL 1817094 (E.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

dicial resources because only one court may need to
make such rulings. Thus, judicial economy favors a
stay.

**\*4** Second, the court also considers the resulting
prejudice to the parties. The court concludes that,
although Plaintiffs may be subjected to some delay
as a result of the issuance of a stay, the prejudice to
Plaintiffs does not outweigh the judicial economy
interests described above and the potential preju-
dice to Defendants. Regardless, any delay is likely
to be relatively short. The Panel is set to hear the is-
sue of transfer on July 27, 2006. The prejudice to
Defendants and the United States of having to litig-
ate similar issues in so many different forums is
greater than the approximate one to two month
delay Plaintiffs will face. In addition, all parties
will benefit from coordinated pretrial management.
Thus, the prejudice to Defendants and convenience
to the court outweigh any prejudice to Plaintiffs in
staying this action pending a ruling from the Panel.

The court recognizes that while most courts have
stayed similar actions pending a ruling by the Pan-
el, some courts have declined to issue a stay and
proceeded with motions and discovery in these
types of actions. *See, e.g., Terkel v. AT & T Inc.,*
2006 WL 1663456 (N.D.Ill. Jun 09, 2006) (denying
motion for stay). The court respectfully disagrees
with those courts that have declined to issue a stay.
The one court to reach the issue of the military and
state secrets privilege in a similar case concluded
that the case could not proceed and discovery could
not commence until the court examined the classi-
fied documents to assess whether and to what ex-
tent the military and state secrets privilege applies.
See *Hepting v. AT & T Corp.,* 2006 WL 1581965
(N.D.Cal. June 6, 2006). The court finds that before
the parties and the court are required to delve into
this issue, the Panel should be allowed the oppor-
tunity to determine whether these actions should be
coordinated.

**ORDER**

Accordingly the court ORDERS that:

1. Defendant Verizon's motion for a stay is GRAN-
TED; and

2. This action is STAYED pending a decision by
the Judicial Panel On MultiDistrict Litigation.

IT IS SO ORDERED.

E.D.Cal.,2006.
Conner v. AT&T
Not Reported in F.Supp.2d, 2006 WL 1817094
(E.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "D"

Westlaw.

Not Reported in F.Supp.2d                                                          Page 1
Not Reported in F.Supp.2d, 2002 WL 31114069 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

**C**
U.S. Bank v. Royal Indem. Co.
N.D.Tex.,2002.
Only the Westlaw citation is currently available.
United States District Court, N.D. Texas, Dallas Division.
U.S. BANK, NATIONAL ASSOCIATION as Trustee, and Bluebonnet Savings Bank FSB, Plaintiffs,
v.
ROYAL INDEMNITY COMPANY, Defendants.
**No. CIV.A.3:02-CV-0853-P.**

Sept. 23, 2002.

Defrauded investor brought action against bankrupt investment seller's surety. On surety's motion to stay pending multidistrict litigation, the District Court, Solis, J., held that stay was warranted.

Motion granted

West Headnotes

**Action 13 ⚷═69(5)**

13 Action
   13IV Commencement, Prosecution, and Termination
      13k67 Stay of Proceedings
         13k69 Another Action Pending
            13k69(5) k. Nature and Subject Matter of Actions in General. Most Cited Cases
Stay of defrauded investor's suit against investment seller's surety was warranted pending ruling on surety's motion to consolidate action with five related actions brought by other investors in other federal district courts; requiring surety to proceed with multiple suits would cause hardship, while availability of prejudgment interest assured that investor would be compensated for any delay.

MEMORANDUM ORDER AND OPINION

SOLIS, District J.
*1 Presently before the Court is:
1. Defendant's Motion to Stay Proceedings Pending Multidistrict Litigation filed July 23, 2002, with supporting Brief and Appendix, and Response and Reply thereto,
2. Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Stay, filed September 11, 2002, and Response thereto, and
3. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, filed September 9, 2002, with supporting Brief.

After careful consideration of the parties' briefs, and the applicable law, the Court hereby GRANTS Defendant's Motion to Stay Proceedings Pending Multidistrict Litigation, STAYS Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, and DENIES Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Stay.

BACKGROUND

On July 15, 2002, Royal Indemnity Company ("Royal") submitted a Motion to Transfer and Consolidate ("MDL Motion") this action, and nine other actions with the Judicial Panel on Multidistrict Litigation ("JPML"). The related actions are pending before five different federal district courts. Defendants contend that all of the related actions arise from a complicated Ponzi scheme operated by Commercial Money Center, Inc. ("CMC"). In this action, Bluebonnet Savings Bank FSB ("Plaintiff" or "Bluebonnet") sued Royal, as did various other plaintiffs around the country, claiming Royal had to make Plaintiff whole for losses incurred as a result of CMC's scheme.

CMC originated leases, then pooled the leases and assigned the rights to the monthly lease payments to investors, such as Plaintiff. Def.'s Mot. to Stay at 2. Before selling the lease pools, CMC obtained lease bonds from surety companies, including Roy-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 4:08-cv-01831-SBA    Document 16-5    Filed 04/21/2008    Page 3 of 4

Page 3 of 4

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31114069 (N.D.Tex.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

al. *Id.* In April 1998, Plaintiff purchased the right to monthly lease payments for certain lease pools from CMC. *Id.* In November 2000, Royal issued lease bonds in favor of CMC. Pl.'s Rsp. to D.'s Mot. to Stay at 3. In December 2001, CMC defaulted on the lease pools. Royal began receiving demands from investors, including Plaintiff, for payment under the bonds.

Royal filed suit against CMC in the Southern District of California. Thereafter, Royal alleges that it discovered that most of CMC's leases were fraudulent. CMC filed for bankruptcy, and Royal has been sued in various courts around the county regarding recovery on these bonds. Because of Royal's contention that the CMC program lies at the heart of the allegations country wide, and at the heart of Royal's defenses to all of the Plaintiffs' claims, Royal filed a motion with the JPML to transfer and consolidate this action with the nine other similar actions pending around the country. Accordingly, Royal filed this Motion to Stay Proceedings Pending Multidistrict Litigation.

DISCUSSION

A. DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING MULTIDISTRICT LITIGATION MOTION

Royal filed this motion after repeated attempts to reach an agreement with Plaintiff as to staying the proceedings in this Court pending an outcome from the JPML. While Royal claims that Plaintiff was unwilling to agree to a stay, Plaintiff, in their Response to Defendant's Motion to Stay Proceedings, does in fact agree to a partial stay on the issue of discovery. Because this stay on discovery is unopposed, the Court GRANTS Defendant's Motion to stay discovery.

*2 However, Plaintiff opposes Defendant's request to stay all proceedings. The Court has sole discretion to stay discovery proceedings. *In re Air Crash Disaster at Paris, France on March 3, 1974,* 376

F.Supp. 887, 888 (J.P.M.L.1974). The Court in *Trinity Industries* in examining a motion to stay, considered (1) the hardship and inequity to the moving party if the action is not stayed, (2) the potential prejudice to the non-moving party, and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Trinity Industries, Inc. v. 188 L.L.C.,* 2002 U.S. Dist. LEXIS 10701 at *7-9 (N.D.Tex. Jun. 13, 2002).

The undue hardship that Royal contends it will suffer is enormous waste of time, money, and judicial resources associated with repetitive and overlapping discovery, as well as undue hardship on the parties and witnesses. This Court agrees that if Royal is forced to conduct discovery and file dispositive motions with the Court, that an excessive amount of time, money and energy could potentially be wasted.

Furthermore, Plaintiff alleges that it will suffer undue hardship if the stay is granted; Plaintiff states that if this Motion is granted, that is "one less day [plaintiff] has the monetary resources at its disposal that Royal owes under the lease bonds." Pl.'s Rsp. to Def.'s Mot to Stay at 6. However, Royal notes that the only remedy Plaintiff seeks is monetary damages, including pre-judgment interest. Def's Mot. to Stay at 7. Thus, if Plaintiff proves its allegations, it will be fully compensated for any delay caused by the brief stay requested.

Finally, the Court recognizes that by granting the stay, the Court will avoid the unnecessary waste of judicial resources if the MDL Motion is ultimately granted. If the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted.

Thus, the Court GRANTS Defendant's Motion to Stay Proceedings Pending Multidistrict Litigation.

B. DEFENDANT'S MOTION TO DISMISS AND

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 3
Not Reported in F.Supp.2d, 2002 WL 31114069 (N.D.Tex.)
(Cite as: Not Reported in F.Supp.2d)

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT'S MOTION TO STAY

Defendant filed its Motion to Dismiss Plaintiff's First Amended Complaint on September 9, 2002. On September 10, 2002, Plaintiff filed Clerk's Entry of Default, Request for Default Judgment and Proposed Final Judgment. On September 11, 2002, Plaintiff filed its Motion for Leave to File Sur-Reply to Defendant's Motion to Stay. On September 12, 2002, Plaintiff filed Notice of Withdrawal of Request for Entry of Default Judgment.

Notwithstanding Defendant's Motion to Stay, Defendant filed its Motion to Dismiss. Included as Exhibit A to Defendant's Motion to Dismiss was a copy of the letter sent to Defendant by Plaintiff informing Defendant that if Defendant did not file an answer by September 9, 2002, Plaintiff would file Clerk's Entry of Default, Request for Default Judgment and Proposed Final Judgment, apparently unconcerned that the Court would be deciding Defendant's Motion to Stay at that time. Thus, Defendant filed its Motion to Dismiss in lieu of answering, avoiding the necessity of Plaintiff's Default actions. However, despite the fact that Plaintiff knew Defendant filed its Motion to Dismiss, Plaintiff nonetheless filed Clerk's Entry of Default, Request for Default Judgment and Proposed Final Judgment, apparently unconcerned about wasting the Court's time.[FN1] Subsequently, at the insistence of Defendant, Plaintiff withdrew its request for entry of default two days later.

> FN1. Defendant's Response and Opposition to Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Stay states that with Plaintiff's full knowledge that Defendant filed its Motion to Dismiss on September 9, 2002, Plaintiff nonetheless filed request for default on September 10, 2002.

*3 After Defendant filed its Motion to Dismiss, Plaintiff filed a Motion for Leave to File Sur-Reply

to Defendant's Motion to stay, claiming that "Royal's Motion to Dismiss asserts a position diametrically opposed to the relief requested in its Motion for Stay ."Letter to Court from Plaintiff dated Sept. 11, 2002. Plaintiff further stated that in light of Royal's exceptional action of seeking dispositive relief that directly undermined its arguments in favoring a stay, plaintiff sought leave to file a sur-reply. *Id.*

The Court can clearly see that Defendant filed its Motion to Dismiss, notwithstanding its Motion to Stay, in response to Plaintiff's threat of impending filing of Clerk's Entry of Default, Request for Default Judgment and Proposed Final Judgment. It seems to the Court that Defendant's actions are not so "diametrically opposed" to its position taken in its Motion to Stay, but taken to head off the unnecessary paper filed with the Court, which was nonetheless unnecessarily filed.

Accordingly, the Court STAYS Defendant's Motion to Dismiss, as well as all other proceedings in this matter. Likewise, the Court DENIES Plaintiff's Motion for Leave to File Sur-reply to Defendant's Motion to Stay.

CONCLUSION

Accordingly, after careful consideration of the parties' briefs, and the applicable law, the Court hereby GRANTS Defendant's Motion to Stay Proceedings Pending Multidistrict Litigation, STAYS Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, and DENIES Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Stay.

IT IS SO ORDERED

N.D.Tex.,2002.
U.S. Bank v. Royal Indem. Co.
Not Reported in F.Supp.2d, 2002 WL 31114069 (N.D.Tex.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1   Deborah C. Prosser (SBN 109856)
    Stephanie A. Hingle (SBN 199396)
2   KUTAK ROCK LLP
    515 So. Figueroa Boulevard, Suite 1240
3   Los Angeles, CA 90071
    Telephone:  (213) 312-4000
4   Facsimile:   (213) 312-4001
    Email:  Deborah.Prosser@KutakRock.com
5   Email:  Stephanie.Hingle@KutakRock.com

6   Attorneys for Defendants
    GENERAL ELECTRIC COMPANY and
7   GE HEALTHCARE INC.

8
                    UNITED STATES DISTRICT COURT
9
            NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO
10

11  | | |
    |---|---|
12  | CAROL MOORHOUSE and JAMES MOORHOUSE, | Case No.  3:08-CV-01831 EMC |
13  | Plaintiffs, | **[PROPOSED] ORDER GRANTING APPLICATION TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |
14  | v. | |
15  | BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; COVIDIEN, INC.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35, | **[Jury Trial Demanded]** |
16  | | (San Francisco County Superior Court, Case No.: CGC-08-472978) |
17  | | |
18  | | Reserved Hearing: |
19  | | Date:     June 3, 2008 |
20  | Defendants. | Time:     1:00 p.m.<br>Place:     USDC-Northern District<br>Courtroom 3, Third Floor<br>450 Golden Gate Avenue<br>San Francisco, CA  94102 |

21
22
23
24
25          Defendants  General  Electric  Company  and  GE  Healthcare  Inc.'s

26  ("Defendants") Motion to Stay all Proceedings Pending Transfer Decision by the

27  Judicial Panel on Multidistrict Litigation came on regularly for hearing before this

28  Court on June 3, 2008.  After considering all of the papers and arguments of

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

4834-2817-2290.1                              - 1 -

1  counsel, the Court finds that good cause exists to stay this matter pending transfer

2  to the MDL 1909.

3      Accordingly, Defendants' Motion to Stay is hereby GRANTED and all

4  proceedings in this case are stayed pending further notice.

5  **IT IS SO ORDERED.**

6

7

8  _____

UNITED STATES DISTRICT COURT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28