Lawrence J. Gornick (SBN 136290)
Debra DeCarli (SBN 237642)
Laura M. Brandenberg (SBN 238642)
**LEVIN SIMES KAISER & GORNICK LLP**
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: (415) 646-7160
Fax: (415) 981-1270
lgornick@lskg-law.com
ddecarli@lskg-law.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

| | |
|---|---|
| CAROL MOORHOUSE and JAMES MOORHOUSE,<br><br>Plaintiffs,<br><br>vs.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; COVIDIEN, INC.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35<br><br>Defendants. | Case No: 4:08-cv-01831-SBA<br><br>**(San Francisco County Superior Court, Case No.: CGC-08-472978)**<br><br>**PLAINTIFFS' MOTION TO REMAND**<br><br>Date:      June 10, 2008<br>Time:      1:00 p.m.<br>Courtroom:   3, Third Floor |

**NOTICE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 10, 2008 at 1:00 p.m., or as soon thereafter as the parties may be heard at 1301 Clay Street, Suite 400 S, Oakland, CA 94612-5212 pursuant to 28 U.S.C. §1447(c), Plaintiffs will and hereby do move this Court for remand of the action to Los Angeles Superior Court.

///

///

**RELIEF REQUESTED**

Plaintiffs seek a remand of this action to San Francisco Superior Court pursuant to 28 U.S.C. § 1447 (c). General Electric Company and GE Healthcare Inc. ("Removing Defendants") removed on the basis of diversity. However, the Plaintiffs are California residents as are two of the Defendants, McKesson Corporation ("McKesson") and Merry X-Ray Chemical Corporation ("Merry X-Ray). Diversity jurisdiction does not exist. This case should be remanded.

**STATEMENT OF ISSUES**

Removing Defendants admit that McKesson and Merry X-Ray ("California Defendants") are California residents. Notice of Removal at ¶7(i) and (j). Thus, diversity jurisdiction does not exist unless Removing Defendants prove that the California Defendants have been fraudulently joined.

To establish fraudulent joinder, Removing Defendants bear the burden of proving that Plaintiffs have no possibility of recovery on *any* basis against *either* McKesson or Merry X-Ray. Removing Defendants cannot do so for the following reasons:

- The California Defendants distributed the injury causing products (MRI contrast agents) at issue in this case.
- Plaintiffs have alleged product liability causes of action against the California Defendants sounding in both strict liability and negligence.
- Under California law, distributors of defective products may be held liable for injuries caused by such products under strict liability and negligence theories.
- Plaintiffs have pled a valid CLRA claim against the California Defendants.

**RELEVANT FACTS**

Plaintiff Carol Moorhouse suffers from Nephrogenic Systemic Fibrosis ("NSF"), an incurable and life-threatening disease. She contracted the disease as a result of receiving gadolinium based contrast agents ("GBCA") in connection with MRI and MRA procedures. The GBCAs were manufactured by General Electric Company, GE Healthcare Inc. ("GE"), Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC ("Bayer"), Covidien Inc., Mallinckrodt, Inc. and Bracco Diagnostics Inc., and distributed by McKesson and Merry X-Ray. Complaint at ¶¶47.

///

1  Mrs. Moorhouse and her husband, James Moorhouse, filed suit in San Francisco Superior
2  Court on March 5, 2008. GE removed this matter on April 4, 2008. Defendants McKesson and Merry
3  X-Ray were not signatories to the removal and apparently were not asked to consent to the removal.
4  Notice of Removal at ¶10.

## LEGAL ANALYSIS

Removing Defendants have the burden to establish that Plaintiffs have *no possible claim* against *either* California Defendant. There is a presumption against a finding of fraudulent joinder, and defendants asserting it have a "heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.* 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001); *Black, v. Merck & Company, Inc.,* 2004 U.S. Dist Lexis 29860, *6 (Case No. 038730 C.D. Cal. 2004). Any disputed factual issues, ambiguities in state law or doubts arising from inartful, ambiguous or technically defective pleading must be resolved in favor of remand. *Id.; Aaron v. Merck & Co.,* 2005 U.S. Dist. Lexis 40745, *5 (Case No. 328952 C.D. Cal. 2005). "[R]emand must be granted unless the defendant can show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Gerber v. Bayer, 2008 U.S. Dist*. Lexis 12174 (Case No. 07-05918, N.D. Cal. 2008)(remanding a GBCA case in which McKesson and Merry X-Ray were defendants); see also *Levine v. Allmerica Financial Life Ins. & Annuity Co.,* 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999); *Black v. Merck* at *6 (remanding a pharmaceutical products liability case in which McKesson was a defendant); *Maher v. Novartis Pharmaceuticals Corp.*, 2007 U.S. Dist. Lexis 58984, *7-8 (Case No. 07852, S.D. Cal. 2007) (remanding a pharmaceutical products liability case in which McKesson was a defendant).

### A.   Plaintiffs' Product Liability Causes of Action Against the California Defendants Are Viable.

The California Defendants distributed the defective products at issue. Removing Defendants assert that the California Defendants have been fraudulently joined because their liability is derivative of the claims against GE and Bayer. Notice of Removal ¶9(c) – (g). Essentially, this argument is that distributors of defective products are immune from liability for injuries caused by those products. But, that is not the case. Under California law, distributors can be held liable for injuries caused by defective products. *Maher v. Novartis* at *7-8 (citing *Bostick v. Flex Equipment Co.*, 147 Cal. App.

1   4th 80, 88, 54 Cal. Rptr. 3d 28 (2007); *Anderson v. Owens-Corning Fiberglass Corp.*, 53 Cal. 3d 987,
2   994, 281 Cal. Rptr. 528, 810 P.2d 549 (1991);  *Daly v. General Motors Corp.*, 20 Cal. 3d 725, 739,
3   144 Cal. Rptr. 380, 575 P.2d 1162 (1978); *Vandermark v. Ford Motor Co.*, 61 Cal. 2d 256, 262-63, 37
4   Cal. Rptr. 896, 391 P.2d 168 (1964)); see also *Black v. Merck* at *10 (strict liability for failure to warn
5   extends beyond manufacturers to retailers and wholesalers).  Distributors need not be involved in the
6   events prior to sale and distribution to be held liable.  *Becraft v. Ethicon*, 2000 U.S. Dist. Lexis 17725,
7   *9 (Case No. C 00-1474 CRB, N.D. Cal. 2000) ("Regardless of the identity of a particular defendant
8   or of his position in the commercial chain the basis for his liability remains that he has marketed or
9   distributed a defective product")(citations omitted).

10          Next, Removing Defendants argue that Plaintiffs have failed to allege a factual basis for
11  asserting a claim against the California Defendants.  Notice of Removal ¶9(h).  But, in paragraphs 28-
12  40 of their Complaint, Plaintiffs clearly do.  Notably, the California Defendants admit to selling
13  GBCAs.  See Exhibit E ¶2 and Exhibit F ¶2 to Notice of Removal.

14          Finally, Removing Defendants argue that the California Defendants have no duty to warn
15  under California law.  Notice of Removal ¶9(i).  However, it is well settled that distributors may be
16  held liable under product liability theories for injuries caused by defective products.  *Bostick,* 147 Cal.
17  App. 4th at 88 (the doctrine of products liability imposes liability in tort on all of the participants in the
18  chain of distribution of a defective product).  Failure to warn is a basic product liability theory.  *Maher
19  v. Novartis* at *10-11.  No California court has held that distributors are immune from liability for
20  failure to warn.  See *Aaron v. Merck* at *8 ("Defendant Merck contends that each of the causes of
21  action alleged in Plaintiffs' Complaint are based on 'an alleged failure to warn about the purported
22  risks of Vioxx' and that 'under California law, [McKesson] has no duty to warn.'  However,
23  Defendant Merck does not, and cannot cite any California cases holding that a distributor cannot be
24  held liable for failure to warn, as the California state courts have not yet addressed that issue.")

25          In the context of motions to remand, a number of district courts have concluded that
26  distributors of prescription drugs were not fraudulently joined, and therefore, their presence defeated
27  diversity.  *Maher v. Novartis* at *10-11 (citing numerous California District Court cases); see also
28  *Black v. Merck Company, Inc.* at *11 (holding that McKesson was not fraudulently joined and

remanding case). For example, in *Maher*, the plaintiff filed a product liability suit in state court against a pharmaceutical manufacturer and McKesson. The pharmaceutical manufacturer removed the case on the basis of diversity, alleging that plaintiff's claims against McKesson were not viable because McKesson had no duty to warn. Judge Hayes concluded that "[t]his Court has been unable to find, nor has either party cited, a case under California law which creates an exception in strict liability for distributors in prescription drug cases. This Court cannot conclude that it is obvious that the general rule of distributor liability does not apply under the allegations in this case." *Maher v. Novartis* at *12 (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (referring to *McCabe's* requirement that, for a removing party to meet its burden of proof for fraudulent joinder, plaintiff's failure to state a claim must be "obvious" according to settled rules of the state)). The court then held that it was not "obvious" that the plaintiff failed to state a claim against McKesson under settled California law and that the removing party, the pharmaceutical manufacturer, had failed to meet its heavy burden to show that McKesson had been fraudulently joined. *Id*. at 12-13.

It is well established in California that distributors are legitimate defendants in California pharmaceutical cases. See *Aaron v. Merck* at *8; *Black v. Merck* at *11. This District recently remanded an almost identical GBCA case. See *Gerber v. Bayer Corp*, 2008 U.S. Dist. LEXIS 12174 (Case No. 07-05918, N.D. Cal. 2008). In addition, the Central District recently remanded a substantially similar case, containing the same facts, issues and parties. See *Gleaton v. General Electric Company,* 2:08-cv-01226-FMC-Ex.

Removing Defendants have failed to satisfy their burden of demonstrating that Plaintiffs have ***no possible claim*** against either McKesson or Merry X-Ray and have therefore failed to demonstrate that the California Defendants were fraudulently joined.

**B.     Plaintiffs' CLRA Claims Against the California Defendants Are Viable.**

*1.   Plaintiffs' Have Pled Meritorious CLRA Claims*

Plaintiffs' sixth cause of action is a claim against all Defendants for violations of California Civil Code section 1750 *et seq.*, commonly referred to as the Consumers Legal Remedy Act

("CLRA"). Complaint ¶¶95-100. Plaintiffs' Complaint alleges that all Defendants violated California Civil Code sections 1770(5), 1770(7) and 1770(9) by:

    a. Marketing, promoting or selling Magnevist, Omniscan, OptiMark, MultiHance or ProHance for use with MRAs and other off-label uses by impliedly representing that such products are approved for use with MRAs and other off-label uses, when in fact there is no such approval;

    b. Representing that gadolinium-based contrast agents are safe and effective for all patients, including patients with kidney impairment, when in fact they are not;

    c. Representing that MRIs and MRAs using gadolinium-based contrast agents are safer or more effective than other imaging methods that do not require the use of gadolinium-based contrast agents when in fact they are not;

    d. Marketing, promoting or selling their products as safer or superior to other brands of gadolinium-based contrast agents;

    e. Marketing, promoting or selling Magnevist, Omniscan, OptiMark, MultiHance or ProHance as inert or with words to that effect;

    f. Marketing, promoting or selling Magnevist,Omniscan OptiMark, MultiHance or ProHance for use with MRAs or other off-label uses by expressly or impliedly representing that they are safe for such use; and

    g. Remaining silent despite their knowledge of the growing body of evidence regarding the danger of NSF and doing so because the prospect of huge profits outweighed health and safety issues.

Complaint ¶97.

Defendants argue that the definition of "goods" within the CLRA does not apply to pharmaceutical products, including GBCAs. Notice of Removal ¶9(k) and ¶9(k)(2). Defendants fail to cite to any authority supporting that proposition. Instead, Defendants cite to the CLRA, accurately stating it applies to "the sale or lease of goods and services to any consumer." Notice of Removal ¶9(k)(2). Defendants then state (void of any legal authority) that GBCAs do not fall within the definition of "goods" . . . "sold directly to Plaintiffs". *Id*. Defendants cite a handful of cases which

1  describe colorable CLRA claims, but fail to state why or how those cases support their argument.
2  Notice of Removal ¶9(k)(3).

3      Defendants unsupported assertion cannot withstand scrutiny. California Civil Code §1761
4  defines "goods" as "…tangible chattels brought or leased for use primarily for personal…purposes."
5  The CLRA applies to "any person in a transaction intended to result or which results in the sale or
6  lease of goods." Cal. Civil Code §1770(a).

7      Mrs. Moorhouse was sold GBCAs by the California Defendants in connection with MRI and
8  MRA procedures which were used for a personal purpose. Such a use fits squarely within the
9  definition of "goods" and within the purview of the CLRA. At a minimum, there is a valid argument
10 as to whether Plaintiffs' CLRA claim should survive. Defendants have failed to show that it is
11 "obvious" that Plaintiffs have pled an invalid CLRA claim against the California Defendants.
12 *McCabe,* 811 F.2d at 1339.  If there is any possibility that a plaintiff may prevail on a cause of action
13 against a non-diverse defendant, the case should be remanded. *Plute,* 141 F.Supp.2d at 1008; *Black v.*
14 *Merck* at *6, 14. Accordingly, their claim of fraudulent joinder should be denied.

15     *2. Plaintiffs' CLRA Claim Complies With Notice Requirements*

16 Removing Defendants' assert that Plaintiffs' have failed to comply with the notice provisions
17 of the CLRA, requiring a dismissal of the CLRA cause of action. Notice of Removal at ¶ 9(k)(4).
18 Defendants are incorrect. The CLRA's notice provision applies only to actions for damages. Cal. Civ.
19 Code § 1782(a). An action for injunctive relief pursuant to the CLRA may be commenced without
20 providing notice. Cal. Civ. Code § 1782(d) ("An action for injunctive relief brought under the specific
21 provisions of Section 1770 may be commenced without compliance with subdivision (a)."[1])
22 Removing Defendants recently raised and lost this exact argument in an almost identical case. *Gerber*
23 *v. Bayer Corp.,* 2008 U.S. Dist. LEXIS 12174 (Case No. 07-05918, N.D. Cal. 2008). In *Gerber*, the
24 Court held that "[t]he statute clarifies that such notice is not required for claims seeking only

---

[1] Section 1782 subdivision (d) goes on to state: "Not less than 30 days after the commencement of an action for injunctive relief, and after compliance with subdivision (a), the consumer may amend his or her complaint without leave of court to include a request for damages." Thus Plaintiffs have a right to amend their complaint to request damages pursuant to the CLRA *after* their complaint is filed seeking only injunctive relief.

injunctive relief. As Plaintiffs highlight, they only seek injunctive relief pursuant to their CLRA claim. Accordingly, the notice provisions of the CLRA are inapplicable." *Gerber v. Bayer* at *10.

As in *Gerber*, Plaintiffs' CLRA cause of action was pled only for injunctive relief. (Complaint ¶¶96, 98 and 100). The Prayer in Plaintiffs' complaint reads as follows:

"WHEREFORE, Plaintiffs pray for relief as follows:

1. For ***an injunction*** prohibiting Defendants from engaging in the following conduct which violates the CLRA:

   a. Marketing, promoting or selling Magnevist, Omniscan OptiMark, MultiHance or ProHance for use with MRAs and other off-label uses;

   b. Marketing, promoting or selling Magnevist, Omniscan OptiMark, MultiHance or ProHance as safe and effective for patients with kidney impairment;

   c. Marketing, promoting or selling Magnevist, Omniscan OptiMark, MultiHance or ProHance as by representing that MRIs and MRAs using gadolinium-based contrast agents are safer or more effective than other imaging methods that do not require the use of gadolinium-based contrast agents;

   d. Marketing, promoting or selling Magnevist, Omniscan OptiMark, MultiHance or ProHance in any way which implies that those products are safer or superior to other brands of gadolinium-based contrast agents;

   e. Marketing, promoting or selling Magnevist, Omniscan OptiMark, MultiHance or ProHance as inert or with words to that effect.

Complaint pp. 14-15 (emphasis added).

Plaintiffs' CLRA claim is meritorious and complies with all procedural prerequisites.

## CONCLUSION

Removing Defendants have not and cannot establish that Plaintiffs have ***no possible claim*** against ***either*** California Defendant and have therefore failed to demonstrate that either McKesson or Merry X-Ray were fraudulently joined. As legitimate Defendants, the California citizenship of both

1  McKesson and Merry X-Ray must be considered.  Accordingly, Plaintiffs respectfully request that this
2  matter be remanded to state court as complete diversity of citizenship is lacking.

4  Dated:  April 22, 2008                    LEVIN SIMES KAISER & GORNICK LLP

6                                            By: s/ Lawrence J. Gornick
                                              Lawrence J. Gornick (CA SBN 136290)
7                                             LEVIN SIMES KAISER & GORNICK, LLP
                                              44 Montgomery Street, 36th Floor
8                                             San Francisco, CA  94104
                                              Telephone:  (415) 646-7161
9                                             E-mail:  lgornick@lskg-law.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| CAROL MOORHOUSE and JAMES MOORHOUSE,<br><br>            Plaintiffs,<br><br>       vs.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; COVIDIEN, INC.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35<br><br>            Defendants. | Case No: 4:08-cv-01831-SBA<br><br>**(San Francisco County Superior Court, Case No.: CGC-08-472978)**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>Date:          June 10, 2008<br>Time:         1:00 p.m.<br>Courtroom:  3, Third Floor |

Before the Court is a motion to remand by Plaintiffs' Carol Moorhouse and James Moorhouse ("Plaintiffs"). After reading and considering the arguments presented by the parties, and for the reasons that follow, the court GRANTS Plaintiffs motion to remand.

**I.   BACKGROUND**

Plaintiffs are both residents of the state of California. Defendants McKesson Corporation ("McKesson") and Merry X-Ray Chemical Corporation ("Merry X-Ray") are also California residents. Defendants Bayer HealthCare Pharmaceuticals, Inc., Bayer HealthCare LLC, General Electric Company, GE Healthcare, Inc., Covidien, Inc., Mallinckrodt, Inc. and Bracco Diagnostics, Inc. are not California residents.

1  Plaintiff Carol Moorhouse has nephrogenic systemic fibrosis ("NSF").  Plaintiffs allege that
2  Mrs. Moorhouse contracted NSF as a result of receiving injections of gadolinium-based contrast
3  agents ("GBCA") in connection with MRI and MRA procedures.  Plaintiffs' complaint alleges causes
4  of action for product liability-failure to warn, negligence, fraud, negligent misrepresentation,
5  violations of the CLRA and a claim for loss of consortium.  Defendants Bayer HealthCare
6  Pharmaceuticals, Inc., Bayer HealthCare LLC, General Electric Company, GE Healthcare, Inc.,
7  Covidien, Inc., Mallinckrodt, Inc. and Bracco Diagnostics manufacture GBCAs.  Defendants
8  McKesson and Merry X-Ray distribute GBCAs.

Plaintiffs filed this action on March 5, 2008 in San Francisco Superior Court.  Defendants General Electric Company and GE Healthcare Inc. ("Removing Defendants") removed this matter on April 4, 2008 on the basis of diversity jurisdiction.  Removing Defendants claim that California residents McKesson and Merry X-Ray ("California Defendants") have been fraudulently joined and that their California residencies should be ignored for purposes of determining diversity.

## II.  LEGAL STANDARD

A district court has original jurisdiction over a civil action where the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties.  28 U.S.C. §1332.  Pursuant to 28 U.S.C. § 1441, defendants may remove a case to federal court on the basis of federal question or diversity jurisdiction.  The removal statute is to be strictly construed against removal and any doubt is resolved in favor of remand.  *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992).  "[R]emoval of a civil action that alleges claims against a non-diverse defendant is proper where it appears that such a defendant has been fraudulently joined."  *Cava v. Netversant-National, Inc.*, 2007 U.S. Dist. Lexis 93641, *7 (Case No. 07-3224 N.D. Cal. 2007).

There is a presumption against a finding of fraudulent joinder.  *Id*. at *8; see also *Hamilton Materials Inc. v. Dow Chem. Corp*. 494 F.3d 1203, 1206 (9th Cir. 2007).  Defendants asserting fraudulent joinder have a heavy burden of persuasion.  *Id*.; see also *Plute v. Roadway Package Sys., Inc.* 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001); *Black, v. Merck & Company, Inc.,* 2004 U.S. Dist Lexis 29860, *6 (Case No. 038730 C.D. Cal. 2004).  Any disputed factual issues, ambiguities in state

law or doubts arising from "inartful, ambiguous or technically defective pleading must be resolved in favor of remand." *Plute v. Roadway Package Sys.* at 1008. The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys., Inc., v. AT&T Corp*. 298 F.3d 756, 761 (9th Cir. 2002); see also *McCabe v. Princess Cruises, Inc*., 236 F.3d 1061, 1067 (9th Cir. 2001). "[R]emand must be granted unless the defendant can show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Gerber v. Bayer, 2008 U.S. Dist*. Lexis 12174, *7 (Case No. 07-05918, N.D. Cal. 2008). "The Court need not determine whether the plaintiff will actually or even probably prevail on the merits, and must look only for the possibility that he may do so." *Quiroz v. Valley Forge Insurance Company*, 2005 U.S. Dist. Lexis 43316, *8 (Case No. 05-2025 N.D. Cal 2005).

### III. ANALYSIS

Removing Defendants concede that both McKesson and Merry X-Ray are California residents. Therefore, the sole issue to be decided is whether the California Defendants have been fraudulently joined and their citizenship ignored for purposes of determining diversity jurisdiction.

Plaintiffs have alleged the following causes of action against the California Defendants: (1) product liability-failure to warn, (2) negligence; and (3) violations of the CLRA and (4) loss of consortium. Removing Defendants allege that any liability of the California Defendants is derivative of the manufacturing Defendants, that they had no duty to warn, and that Plaintiffs' complaint fails to establish a factual nexus between the California Defendants and Plaintiffs' injuries. As to the CLRA claim, Removing Defendants allege that the CLRA does not apply, and that Plaintiffs have failed to comply with requisite notice requirements.

**A. Plaintiffs Failure to Warn Cause of Action**

The Court finds that Plaintiffs have sufficiently pled a product liability-failure to warn cause of action against the California Defendants. First, under California law, distributors can generally be held liable under product liability causes of action. *Bostick v. Flex Equipment Co.,* 147 Cal. App. 4th 80, 88 (2007). Failure to warn is a standard product liability cause of action under California law. *Id.*

1   No California court has held that distributors of prescription drugs are immune from liability for
2   failure to warn.  See *Aaron v. Merck* 2005 U.S. Dist. Lexis 40745 at *7-8 (Case No. 05-4073 C.D. Cal.
3   2005) ("Defendant Merck does not, and cannot cite any California cases holding that a distributor
4   cannot be held liable for failure to warn, as the California state courts have not yet addressed that
5   issue.")  A number of District Courts have held that distributors can be legitimate defendants in
6   California pharmaceutical cases.  See *Aaron v. Merck* at *8; *Black v. Merck* at *11; *Gerber v. Bayer*
7   *Corp*, 2008 U.S. Dist. LEXIS 12174 (Case No. 07-05918, N.D. Cal. 2008).

8       Second, Plaintiffs' Complaint alleges facts sufficient to support a failure to warn claim against
9   the California Defendants.  Paragraphs 28-40 of Plaintiffs' Complaint allege that the California
10  Defendants distributed the GBCAs injected into Mrs. Moorhouse.  The California Defendants admit
11  that they sell GBCAs.  See Exhibit E ¶2 and Exhibit F ¶2 to Notice of Removal.  Plaintiffs Complaint
12  alleges that the GBCAs at issue were defective because they were not accompanied by adequate
13  warnings.  See Complaint at ¶64. Accordingly, Plaintiffs' Complaint sets forth a sufficient factual
14  basis to support a failure to warn claim against the California Defendants.  "Regardless of the identity
15  of a particular defendant or of his position in the commercial chain the basis for his liability remains
16  that he has marketed or distributed a defective product."  *Becraft v. Ethicon*, 2000 U.S. Dist. Lexis
17  17725, *9 (Case No. C 00-1474 CRB, N.D. Cal. 2000) (citations omitted).

18      In determining fraudulent joinder, "[t]he Court need not determine whether the plaintiff will
19  actually or even probably prevail on the merits, and must look only for the possibility that he may do
20  so."  *Quiroz v. Valley Forge* at *8.  Pursuant to California law, it is not "obvious" that Plaintiffs have
21  failed to state a failure to warn claim against the California Defendants.  Since the Court finds that
22  there is a possibility that Plaintiffs' may prevail on a failure to warn cause of action against the
23  California Defendants, they have not been fraudulently joined.

24      **B.  Plaintiffs' Negligence Cause of Action**

25      Defendants claim that, as with Plaintiffs' failure to warn claim, the California Defendants
26  cannot be held liable because their liability is derivative of the manufacturing defendants and because

27
28

1  the California Defendants had no duty to Plaintiffs.  For the same reasons discussed above, the Court
2  finds that the California Defendants have not been fraudulently joined.

### C.  Plaintiffs' CLRA Causes of Action

Removing Defendants allege that the California Defendants could not be liable under the CLRA because it does not apply to GBCAs and because Plaintiffs have not complied with requisite notice requirements.

The Court finds that Plaintiffs have pled a sufficient CLRA claim against the California Defendants as set forth in paragraphs 95-100 of their Complaint.  It is possible that the CLRA, which applies to "the sale or lease of goods and services to any consumer" could apply to the sale of GBCAs. Removing Defendants have not overcome the strong presumption in favor of remand.

Finally, the Removing Defendants claim that Plaintiffs have failed to comply with notice requirements of the CLRA.  The Court finds that the notice provision of the CLRA does not apply to Plaintiffs' cause of action for injunctive relief.  The statue is clear that "[a]n action for injunctive relief brought under the specific provisions of Section 1770 may be commenced without compliance with subdivision (a)."  Cal. Civil Code § 1782(d); see also *Gerber v. Bayer* at *10.  Plaintiffs' CLRA claim is limited to injunctive relief.  Thus, Plaintiffs CLRA claim is not jurisdictionally barred.

### IV. CONCLUSION

Accordingly, the Court GRANTS Plaintiffs' motion to remand.  This matter is REMANDED to the Superior Court of California in San Francisco.

The Clerk of the Court shall terminate any pending matters and close the case file.

IT IS SO ORDERED.

Dated: _____                      _____
                                                HONORABLE SAUNDRA B. ARMSTRONG

1  Lawrence J. Gornick (SBN 136290)
   Debra DeCarli (SBN 237642)
2  **LEVIN SIMES KAISER & GORNICK LLP**
   44 Montgomery Street, 36th Floor
3  San Francisco, CA 94104
   Telephone: (415) 646-7160
4  Fax: (415) 981-1270
   lgornick@lskg-law.com
5  ddecarli@lskg-law.com

6  Attorneys for Plaintiffs

7  UNITED STATES DISTRICT COURT

8  NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| CAROL MOORHOUSE and JAMES MOORHOUSE,<br><br>Plaintiffs,<br><br>vs.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; COVIDIEN, INC.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35<br><br>Defendants. | Case No: 4:08-cv-01831 SBA<br><br>(San Francisco County Superior Court, Case No.: CGC-08-472978)<br><br>**PROOF OF SERVICE OF PLAINTIFFS' MOTION FOR REMAND AND [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND** |

I certify that I am over the age of 18 years and not a party to the within action; that my business address is 44 Montgomery Street, 36th Floor, San Francisco, CA 94104; and that on this date I served a true copy of the document(s) entitled:

Service was effectuated by forwarding the above-noted document in the following manner:

**PLAINTIFFS' MOTION FOR REMAND AND [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND**

- 1 -
PROOF OF SERVICE

**By Regular Mail** in a sealed envelope, addressed as noted above, with postage fully prepaid and placing it for collection and mailing following the ordinary business practices of Levin Simes Kaiser & Gornick.

**By Electronic Mail**

**By Hand Delivery** in a sealed envelope, addressed as noted above, through services provided by the office of Levin Simes Kaiser & Gornick.

**By Facsimile** to the numbers as noted below by placing it for facsimile transmittal following the ordinary business practices of Levin Simes Kaiser & Gornick.

XX   **By Overnight Courier** in a sealed envelope, addressed as noted above, through services provided by (Federal Express, UPS,) and billed to Levin Simes Kaiser & Gornick.

Rodney Hudson, Esq.
Drinker Biddle & Reath LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Tel: 415-591-7500
Fax: 415-591-7510
Email: KennethConour@dbr.com
Attorneys for Bayer Healthcare Pharmaceuticals Inc.

Michael C. Zellers, Esq.
Mollie Benedict, Esq.
Aggie B. Lee, Esq.
Tucker Ellis & West LLP
515 S. Flower Street, 42nd Floor
Los Angeles, CA 90071
Tel: 213-430-3400
Fax: 213-430-3409
Attorneys for Bracco Diagnostics, Inc.

Alan Greenberg, Esq.
Wilson & Elser
655 West Broadway, Suite 900
San Diego, CA 92101
Tel: 619-321-6200
Email: alan.greenberg@wilsonelser.com
Attorneys for Merry X-Ray Chemical Corp.

1    I provided the documents listed above electronically through the CM/ECF system pursuant to
2    the instructions set forth in the Local Rules for the United States District Court for the Central District
3    of California to:

4    Thomas A. Woods, Esq.
     Shook, Hardy & Bacon LLP
5    Jamboree Center
     5 Park Plaza, Suite 1600
6    Irvine. CA 92614-2546
     Tel: 949-475-1500
7    Fax: 949-475-0016
     twoods@shb.com
8    Attorneys for Defendant Malinckrodt,

9    Michael C. Zellers , Esq.
     Mollie Benedict, Esq.
10   Aggie B. Lee, Esq.
     Tucker Ellis & West LLP
11   515 S. Flower Street, 42nd Floor
     Los Angeles, CA 90071-2223
12   Tel: 213-430-3400
     Fax: 213-430-3409
13   Attorneys for Bracco Diagnostics, Inc

14   Deborah C. Prosser, Esq.
     Stephanie Hingle, Esq.
15   Kutak Rock LLP
     515 South Figueroa Street, Suite 1240
16   Los Angeles, CA 90071
     dprosser@bwslaw.com
17   Stephanie.hingle@KutakRock.com
     Attorneys for General Electric Company and GE Healthcare, Inc
18

19   I declare under penalty of perjury that the foregoing is true and correct. Executed this 22ND
20   day of April 2008 at San Francisco, California.
21                                                              _____
                                                                Scheryl Warr
22
23
24
25
26
27
28