1  Lawrence J. Gornick (SBN 136290)
   Debra DeCarli (SBN 237642)
2  Laura M. Brandenberg (SBN 238642)
   **LEVIN SIMES KAISER & GORNICK LLP**
3  44 Montgomery Street, 36th Floor
   San Francisco, CA 94104
4  Telephone:  (415) 646-7160
   Fax:  (415) 981-1270
5  lgornick@lskg-law.com
   ddecarli@lskg-law.com
6
7  Attorneys for Plaintiffs

8              **UNITED STATES DISTRICT COURT**

9        **NORTHERN DISTRICT OF CALIFORNIA – OAKLAND**

10  CAROL MOORHOUSE and JAMES
    MOORHOUSE,                          Case No:  4:08-cv-01831-SBA
11
                 Plaintiffs,            **(San Francisco County Superior Court,**
12                                      **Case No.: CGC-08-472978)**
13         vs.

14  BAYER HEALTHCARE                    **PLAINTIFFS' OPPOSITION TO**
    PHARMACEUTICALS, INC.; BAYER        **DEFENDANTS GENERAL ELECTRIC**
15  HEALTHCARE LLC; GENERAL ELECTRIC    **COMPANY AND GE HEALTHCARE INC.'S**
    COMPANY; GE HEALTHCARE, INC.;       **APPLICATION TO STAY ALL**
16  COVIDIEN, INC.; MALLINCKRODT, INC.; **PROCEEDINGS PENDING TRANSFER  TO**
    BRACCO DIAGNOSTICS, INC.; McKESSON  **MDL**
17  CORPORATION; MERRY X-RAY
    CHEMICAL CORP.; and DOES 1 through 35
18                                      Date:        June 10, 2008
                 Defendants.           Time:        1:00 p.m.
19                                      Courtroom:   3, Third Floor
20

21         Plaintiffs file this Opposition to Defendants' Application to Stay for consideration with their

22  Motion for Remand.  Both motions are set for hearing on June 10, 2008.  Plaintiffs request that their

23  Motion for Remand be considered before Defendants' Application to Stay.  Should the Court grant

24  Plaintiffs' Motion for Remand, Defendants' Application to Stay will be rendered moot.

25                              **BACKGROUND**

26         Mrs. Moorhouse suffers from Nephrogenic Systemic Fibrosis ("NSF"), an incurable and life-

27  threatening disease.  She contracted the disease as a result of receiving gadolinium based contrast

28
                                      - 1 -

1    agents ("GBCA") in connection with MRI and MRA procedures.  The GBCAs were manufactured by

2    General Electric Company, GE Healthcare Inc. ("GE"), Bayer Healthcare Pharmaceuticals, Inc., Bayer

3    Healthcare LLC ("Bayer"), Covidien Inc.,  Mallinckrodt, Inc. and Bracco Diagnostics Inc., and

4    distributed by McKesson Corporation ("McKesson") and Merry X-Ray Chemical Corporation ("Merry

5    X-Ray").  Complaint at ¶¶43-62.

6         Mrs. Moorhouse and her husband, James Moorhouse, filed suit in San Francisco Superior

7    Court on March 5, 2008 against two in-state defendants (McKesson and Merry X-Ray) and seven out-

8    of-state defendants (GE, Bayer, Covidien Inc., Mallinckrodt, Inc. and Bracco Diagnostics Inc.)  The

9    GE Defendants ("Removing Defendants") removed this matter on April 4, 2008.  Removing

10   Defendants allege in their removal that the two in-state defendants are fraudulently-joined and,

11   therefore, their California residencies should be ignored for purposes of determining diversity

12   jurisdiction.  Plaintiffs filed their Motion for Remand on April 22, 2008 (Docket No. 17).

13        On April 24, 2008, the GE Defendants filed their Application to Stay All Proceedings Pending

14   Transfer to the MDL.  The MDL, known as In re: Gadolinium Contrast Dyes Products Liability

15   Litigation ("Gadolinium MDL"), was created on February 27, 2008 and is presided over by the

16   Honorable Dan A. Polster of the Northern District of Ohio.

17        On April 23, 2008, this case was subjected to a Conditional Transfer Order No.5 ("CTO-5").

18   Plaintiffs filed a Notice of Opposition to CTO-5 on May 7, 2008.  Exhibit A to Declaration of Laura

19   Brandenberg.  Plaintiffs' will file and serve their Motion and Brief to Vacate the Conditional Transfer

20   Order with the Judicial Panel on Multidistrict Litigation by May 23, 2008.  No date for hearing on

21   Plaintiffs' Motion and Brief to Vacate the Conditional Transfer Order has been set by the Panel.

22   Pursuant to Rule 7.4(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the

23   CTO is stayed pending further order of the Panel.  Exhibit B and C to Declaration of Laura

24   Brandenberg.

25        Both the Motion for Remand and Application to Stay will be heard on June 10, 2008.

26   ///

27   ///

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS GENERAL ELECTRIC COMPANY AND GE HEALTHCARE INC.'S APPLICATION TO STAY
ALL PROCEEDINGS PENDING TRANSFER TO MDL

## LEGAL ANALYSIS

**A. Plaintiffs' Motion for Remand Presents a Preliminary Jurisdictional Issue That**
   **Should Be Decided by This Court Prior to Defendants' Application to Stay.**

Requests for transfer pending before the MDL Panel do not limit the pre-trial jurisdiction of the district court. *Conroy v. Fresh Del Monte Produce Inc.,* 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004); *Gerber v. Bayer Corp,* 2008 U.S. Dist. Lexis 12174, *5 (Case No. 07-05918, N.D. Cal. 2008); *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1359 (C.D. Cal. 1997). District Courts have discretion to decide whether to stay a case pending a decision from the MDL Panel. *Conroy,* 325 F. supp. 2d at 1053. "A district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Rivers* 980 F. Supp. at 1360.

A motion to remand is considered a preliminary jurisdictional issue that should be resolved as early as possible. *Conroy,* 325 F. supp. 2d at 1053. "Where case-specific issues of fact or law are raised by a motion to remand and a defendant has clearly failed to meet the substantive or procedural requirements for removing a state court action, 'the court should promptly complete its consideration and remand the case to state court.'" *Edsall v. Merck & Co.,* 2005 U.S. Dist. Lexis 42408, *9 (Case No. 5-2244, N.D. Cal. 2005) (citations omitted). Plaintiffs' Motion for Remand clearly demonstrates that GE has failed to meet the requirements for removal. Therefore, Plaintiffs' Motion for Remand should be decided prior to Defendants' Application to Stay.

**B. If the Court Considers Defendants' Stay Application With the Motion for Remand,**
   **The Application Should Be Denied.**

Defendants rely on *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358 (C.D. Cal. 1997) in support of their argument that Courts simply look to considerations of judicial economy and prejudice to the parties when determination an application to stay. Application p.3. However, *Rivers* did not involve the jurisdictional issue present in Plaintiffs' competing motion for remand, and further analysis is necessary.

In *Conroy v. Fresh Del Monte Produce Inc,* 325 F. Supp. 2d 1049 (N.D. Cal. 2004), this Court

1   set out a three step methodology for addressing competing motions for remand and motions to stay as
2   follows:

3       1.   First, the court should give preliminary scrutiny to the motion to remand, promptly
4            completing its consideration and remanding the case if removal was improper.

5       2.   Second, if the jurisdictional issue appears factually or legally difficult, the court
6            should determine whether identical or similar jurisdictional issues have been raised
7            in other cases that have been or may be transferred to the MDL.

8       3.   Finally, and only if the second inquiry is reached and answered affirmatively, the
9            court should consider staying the action, weighing the following factors: a) interests
10           of judicial economy; b) hardship and inequity to the moving party if the action is
11           not stayed; and c) potential prejudice to the non-moving party.

12  *See Conroy v. Fresh Del Monte*, 325 F. Supp. 2d 1049, 1053; *Meyers v. Bayer AG*, 143 F. Supp 2d
13  1044, 1048-1049 (E.D.Wis.1002); *Strong v. Merck & Co.*, 2005 U.S. Dist. LEXIS 2413, at *7 (Case
14  No. 03-813, N.D. Cal. 2005); *Edsall*, 2005 U.S. Dist. LEXIS 42408 at *8.

15          As explained above, removal was clearly improvident and the case should be remanded
16  immediately.

17          In the event that the Court views the jurisdictional issues as factually or legally difficult, it
18  should still address Plaintiffs' Motion to Remand first because there is no evidence that identical or
19  similar jurisdictional issues have been raised in other cases that have been or may be transferred to the
20  MDL.

21          Only if the Court has first determined that the jurisdictional issues are legally or factually
22  difficult, and has further determined that those issues are common to others in or pending transfer to
23  the MDL, should the Court then consider a stay pending transfer. The following factors should then
24  be weighed: a) interests of judicial economy; b) hardship and inequity to the moving party if the action
25  is not stayed; and c) potential prejudice to the non-moving party.

26      *1.   Stay and Transfer Results in Inefficiency*
27          It is unlikely that more than a few actions will be transferred to the Gadolinium MDL which
28

1  will involve the issue of whether, **_under California law_**, it is possible for Plaintiffs to assert negligence

2  and CLRA claims against McKesson and Merry X-Ray.  Those issues are specific to California law

3  and to this case, and can be most efficiently decided by a California court.  In denying Defendants'

4  motion to stay in _Conroy_ the court explained that, "[t]his Court is readily familiar with federal law,

5  Ninth Circuit law, and California law, the laws applicable to Plaintiff's motion and Complaint.

6  Moreover, the parties have already fully briefed the issue of remand.  Thus, staying the motion will not

7  save either party any time. Finally, it is in the interest of judicial economy to decide issues of

8  jurisdiction as early in the litigation process as possible. If federal jurisdiction does not exist, the case

9  can be remanded before federal resources are further expended. In the Court's view, judicial economy

10  dictates a present ruling on the remand issue." _Conroy_, 325 F. Supp. 2d at 1054.  The same rationale

11  applies here.  This Court is better equipped to efficiently deal with California legal issues than is the

12  Gadolinium MDL Court in Ohio.  The parties will have fully briefed the jurisdictional issues and will

13  be available to argue them on June 10.  The antithesis of efficiency would be to refer the motion to a

14  judge in Ohio for decision months in the future.

15         *2.  **_Stay and Transfer Results in no hardship to GE but is Prejudicial to Plaintiffs_***

16         GE will not suffer any hardship if this matter is not stayed, and has not asserted that it will.

17  The same cannot be said for Plaintiff.  Carol Moorhouse suffers from a progressive and incurable

18  disease.  If this Court stays Plaintiffs' case pending transfer to the MDL, Plaintiffs will suffer delays

19  waiting for the transfer to occur.  The conditional transfer order has been stayed pending further order

20  from the Panel.  If the Stay is granted, Plaintiffs' case will be not transfer to the MDL until an order

21  from the Panel is issued.  A hearing on Plaintiffs' Motion to Vacate the CTO has not been set, and any

22  order from the Panel could take several months.  If this case is transferred to the MDL, it is likely that

23  it would then take several additional months for the MDL Court to hear and decide Plaintiffs' remand

24  motion, resulting in prejudice to Plaintiffs.

25  ///

26  ///

27  ///

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, Plaintiffs' respectfully request that Plaintiffs' Motion for Remand be granted, and Defendants' Petition to Stay be denied as moot.

Dated:  May 20, 2008                    LEVIN SIMES KAISER & GORNICK LLP


By: s/ Lawrence J. Gornick
Lawrence J. Gornick (CA SBN 136290)
LEVIN SIMES KAISER & GORNICK, LLP
44 Montgomery Street, 36th Floor
San Francisco, CA  94104
Telephone:  (415) 646-7161
E-mail:  lgornick@lskg-law.com

Lawrence J. Gornick (SBN 136290)
Debra DeCarli (SBN 237642)
Laura M. Brandenberg (SBN 238642)
**LEVIN SIMES KAISER & GORNICK LLP**
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone:  (415) 646-7160
Fax:  (415) 981-1270
lgornick@lskg-law.com
ddecarli@lskg-law.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

| | |
|---|---|
| CAROL MOORHOUSE and JAMES MOORHOUSE,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; COVIDIEN, INC.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35<br><br>                    Defendants. | Case No:  4:08-cv-01831-SBA<br><br>**(San Francisco County Superior Court, Case No.: CGC-08-472978)**<br><br>**DECLARATION OF LAURA M. BRANDENBERG IN SUPPORT OF PLAINTIFFS' OPPOSITION TO GENERAL ELECTRIC COMPANY AND GE HEALTHCARE INC.'S APPLICATION TO STAY ALL PROCEEDINGS PENDING TRANSFER  TO MDL**<br><br>Date:            June 10, 2008<br>Time:           1:00 p.m.<br>Courtroom:    3, Third Floor |

I, Laura Brandenberg, declare as follows:

1.  I am licensed to practice before this Court and an associate in the law firm of Levin Simes Kaiser & Gornick LLP, attorneys of record for Plaintiffs in this matter.  I have personal knowledge of the facts set forth below, and would and could competently testify to each of them if called upon to do so.

2.       Attached as Exhibit A is a true and correct copy of Plaintiffs' Notice of Opposition to CTO-5, filed May 7, 2008.

3.    Attached as Exhibit B is a true and correct copy of the JPML's letter dated May 8, 2008 regarding Plaintiffs' Motion and Brief to Vacate and briefing schedule.

4.    Attached as Exhibit C is a true and correct copy of the JPML Conditional Transfer Order (CTO-5).

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 20th  day of May 2008 in San Francisco, CA.


s/ Laura Brandenberg
Laura Brandenberg, Esq.

# EXHIBIT A

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

## MDL No. 1909 – In re Gadolinium Contrast Dyes Products Liability Litigation

### *Moorehouse v. Bayer Healthcare Pharmaceuticals, Inc., et al.*
N.D. California, C.A. No. 4:08-cv-01831-SBA

## NOTICE OF OPPOSITION TO CTO-5

I represent plaintiffs in the above captioned action which is included on the conditional transfer order (CTO-5). Plaintiff submits this opposition to the conditional transfer order. I understand that the motion and brief to vacate are due in 15 days.

Sincerely,

Laura Brandenberg, Esq.
LEVIN SIMES KAISER & GORNICK LLP
44 Montgomery Street, 36 Floor
San Francisco, CA 94104
(415) 646-7161
lbrandenberg@lskg-law.com
Counsel for Plaintiffs

1

# EXHIBIT B

# UNITED STATES JUDICIAL PANEL
### on
# MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888
http://www.jpml.uscourts.gov

May 8, 2008

Laura Brandenberg, Esq.
LEVIN SIMES KAISER & GORNICK LLP
44 Montgomery Street
36th Floor
San Francisco, CA 94104

Re:  MDL No. 1909 -- IN RE: Gadolinium Contrast Dyes Products Liability Litigation

      Carol Moorhouse, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al.,
           N.D. California, C.A. No. 4:08-1831  (Judge Saundra Brown Armstrong)

Motion and Brief Due on or before:  **May 23, 2008**

Dear Ms. Brandenberg:

      We have received and filed your Notice of Opposition to the proposed transfer of the referenced matter for coordinated or consolidated pretrial proceedings. In accordance with Rule 7.4(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435 (2001), the conditional transfer order is stayed until further order of the Panel. You must adhere to the following filing requirements:

1)     **Your Motion and Brief to Vacate the Conditional Transfer Order must be received in the Panel office by the due date listed above. An ORIGINAL and FOUR copies of all pleadings, as well as a COMPUTER GENERATED DISK of the pleading in Adobe Acrobat (PDF) format, are currently required for filing. Fax transmission of your motion and brief will not be accepted.** See Panel Rule 5.12(d). **Counsel filing oppositions in more than one action are encouraged to consider filing a single motion and brief with an attached schedule of actions.**

2)     **Papers must be served on the enclosed Panel Service List. Please attach a copy of this list to your certificate of service.** (Counsel who have subsequently made appearances in your action should be added to your certificate of service).

3)     **Rule 5.3 corporate disclosure statements are due within 11 days of the filing of the motion to vacate.**

4)     **Failure to file and serve the required motion and brief within the allotted 15 days will be considered a withdrawal of the opposition and the stay of the conditional transfer order will be lifted.**

Any recent official change in the status of a referenced matter should be brought to the attention of the clerk's office as soon as possible by facsimile at (202) 502-2888. Your cooperation would be appreciated.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By *Dana R. Stewart*
Deputy Clerk

Enclosure

cc:    Panel Service List
       Transferee Judge:    Judge Dan A. Polster
       Transferor Judge:    Judge Saundra Brown Armstrong

JPML Form 37

**IN RE: GADOLINIUM CONTRAST DYES PRODUCTS
LIABILITY LITIGATION**

MDL No. 1909

## PANEL SERVICE LIST (Excerpted from CTO-5)

Carol Moorhouse, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al.,
N.D. California, C.A. No. 4:08-1831  (Judge Saundra Brown Armstrong)

Galen Driscoll Bellamy
WHEELER TRIGG KENNEDY LLP
1801 California Street
Suite 3600
Denver, CO 80202

Laura Brandenberg
LEVIN SIMES KAISER & GORNICK LLP
44 Montgomery Street
36th Floor
San Francisco, CA 94104

Peter J. Brodhead
SPANGENBERG SHIBLEY & LIBER LLP
1900 East Ninth Street
Suite 2400
Cleveland, OH 44114

Michael L. Fox
SEDGWICK DETERT MORAN
& ARNOLD LLP
One Market Plaza Steuart Tower
8th Floor
San Francisco, CA 94105

Stephanie A. Hingle
KUTAK ROCK LLP
515 South Figueroa Street
Suite 1240
Los Angeles, CA 90071-3329

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street
20th Floor
San Francisco, CA 94105-2235

Aggie Byul Lee
TUCKER ELLIS & WEST LLP
515 South Flower Street
42nd Floor
Los Angeles, CA 90017-2223

Deborah A. Moeller
SHOOK HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613

Frank C. Rothrock
SHOOK HARDY & BACON LLP
Jamboree Center, Suite 1600
5 Park Plaza
Irvine, CA 92614-2546

Amy W. Schulman
DLA PIPER US LLP
1251 Avenues of the Americas
27th Floor
New York, NY 10020-1104

Susan M. Sharko
DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, NJ 07932-1047

Thomas N. Sterchi
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road
Suite 500
Kansas City, MO 64108-2504

**EXHIBIT C**

Inasmuch as no objection is
pending at this time, the
stay is lifted.

MAY – 9 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 3 2008

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: GADOLINIUM CONTRAST DYES PRODUCTS**
**LIABILITY LITIGATION**

MDL No. 1909

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO-5)**

On February 27, 2008, the Panel transferred 20 civil actions to the United States District Court for
the Northern District of Ohio for coordinated or consolidated pretrial proceedings pursuant to 28
U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2008). Since that time, 59 additional actions have
been transferred to the Northern District of Ohio. With the consent of that court, all such actions
have been assigned to the Honorable Dan A. Polster.

It appears that the actions on this conditional transfer order involve questions of fact that are
common to the actions previously transferred to the Northern District of Ohio and assigned to Judge
Polster.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199
F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern
District of Ohio for the reasons stated in the order of February 27, 2008, and, with the consent of that
court, assigned to the Honorable Dan A. Polster.

This order does not become effective until it is filed in the Office of the Clerk of the United States
District Court for the Northern District of Ohio. The transmittal of this order to said Clerk shall be
stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the
Panel within this 15-day period, the stay will be continued until further order of the Panel.

A CERTIFIED TRUE COPY

MAY – 9 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: GADOLINIUM CONTRAST DYES PRODUCTS**
**LIABILITY LITIGATION**

MDL No. 1909

### SCHEDULE CTO-5 - TAG-ALONG ACTIONS

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **CALIFORNIA NORTHERN** | |
| ~~CAN 4  08-1831~~ | ~~Carol Moorhouse, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al.~~ Opposed 5/8/08 |
| **NEW YORK SOUTHERN** | |
| NYS 1  08-3385 | David W. Lafforthun, et al. v. GE Healthcare, Inc., et al. |
| NYS 1  08-3387 | Shiral Stidham v. General Electric Co., et al. |
| NYS 1  08-3389 | Pavel Mamut, etc. v. General Electric Co., et al. |
| NYS 1  08-3427 | Vauna Kathleen Ratner, et al. v. General Electric Co., et al. |
| **PENNSYLVANIA EASTERN** | |
| PAE 2  08-1605 | Dorothy Karros, et al. v. General Electric Co., et al. |
| **TENNESSEE MIDDLE** | |
| TNM 1  08-20 | Sandra Litaker v. General Electric Co., et al. |

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7               NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

8

9   CAROL MOORHOUSE and JAMES
    MOORHOUSE,                                Case No:  4:08-cv-01831-SBA
10
                    Plaintiffs,               **(San Francisco County Superior Court,
11                                            Case No.: CGC-08-472978)**

            vs.
12
                                              **[PROPOSED] ORDER DENYING
13  BAYER HEALTHCARE                          DEFENDANTS GENERAL ELECTRIC
    PHARMACEUTICALS, INC.; BAYER              COMPANY AND GE HEALTHCARE INC.'S
14  HEALTHCARE LLC; GENERAL ELECTRIC          APPLICATION TO STAY ALL
    COMPANY; GE HEALTHCARE, INC.;             PROCEEDINGS PENDING TRANSFER  TO
15  COVIDIEN, INC.; MALLINCKRODT, INC.;       MDL
    BRACCO DIAGNOSTICS, INC.; McKESSON
16  CORPORATION; MERRY X-RAY                  Date:          June 10, 2008
    CHEMICAL CORP.; and DOES 1 through 35     Time:          1:00 p.m.
17                                            Courtroom:     3, Third Floor
                    Defendants.
18

19

20          Before the Court is an Application to Stay all proceedings pending transfer to the Multi-District

21  Litigation, known as In re: Gadolinium Contrast Dyes Products Liability Litigation ("MDL"), filed by

22  Defendants General Electric Company and GE Healthcare ("GE").  Also before the Court is Plaintiffs'

23  Motion for Remand.  After reading and considering the arguments presented by the parties, and for the

24  reasons that follow, the court DENIES GE's Application to Stay.

25                            **I.   BACKGROUND**

26          Plaintiff Carol Moorhouse has nephrogenic systemic fibrosis ("NSF").  Plaintiffs allege that

27

28

1  Mrs. Moorhouse contracted NSF as a result of receiving injections of gadolinium-based contrast

2  agents ("GBCA") in connection with MRI and MRA procedures.  Plaintiffs' complaint alleges causes

3  of action for product liability-failure to warn, negligence, fraud, negligent misrepresentation,

4  violations of the CLRA and a claim for loss of consortium.  Defendants Bayer HealthCare

5  Pharmaceuticals, Inc., Bayer HealthCare LLC, General Electric Company, GE Healthcare, Inc.,

6  Covidien, Inc., Mallinckrodt, Inc. and Bracco Diagnostics manufacture GBCAs.  Defendants

7  McKesson and Merry X-Ray distribute GBCAs.

8        Plaintiffs filed this action on March 5, 2008 in San Francisco Superior Court.  GE removed this

9  matter on April 4, 2008 on the basis of diversity jurisdiction.  Plaintiffs filed their Motion for Remand

10  on April 22, 2008.  GE filed their Application to Stay All Proceedings Pending Transfer to the MDL

11  on April 24, 2008.  On May 7, 2008, Plaintiffs filed their Notice of Opposition to CTO-5 with the

12  Judicial Panel on Multidistrict Litigation.  Pursuant to Rule 7.4(c) of the Rules of Procedure of the

13  Judicial Panel on Multidistrict Litigation, the CTO is currently stayed pending further order of the

14  Panel.

15                    **II.  LEGAL STANDARD**

16    Requests for transfer pending before the MDL Panel do not limit the pre-trial jurisdiction of the

17  district court.  *Conroy v. Fresh Del Monte Produce Inc.,* 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004);

18  *Gerber v. Bayer Corp*, 2008 U.S. Dist. Lexis 12174, *5 (Case No. 07-05918, N.D. Cal. 2008); *Rivers

19  v. Walt Disney Co.,* 980 F. Supp. 1358, 1359 (C.D. Cal. 1997).  District Courts have discretion to

20  decide whether to stay a case pending a decision from the MDL Panel.  *Conroy,* 325 F. supp. 2d at

21  1053.  "A district judge should not automatically stay discovery, postpone rulings on pending motions,

22  or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and

23  consolidation."  *Rivers* 980 F. Supp. at 1360.

24        A motion to remand is considered a preliminary jurisdictional issue that should be resolved as

25  early as possible.  *Conroy,* 325 F. supp. 2d at 1053; *Rivers* 980 F. Supp. at 1361-1362.  "Where case-

26  specific issues of fact or law are raised by a motion to remand and a defendant has clearly failed to

27  meet the substantive or procedural requirements for removing a state court action, 'the court should

28

1    promptly complete its consideration and remand the case to state court.'" *Edsall v. Merck & Co.*, 2005

2    U.S. Dist. Lexis 42408, *9 (Case No. 5-2244, N.D. Cal. 2005) (citations omitted).

### III. ANALYSIS

4    Courts employ a three step methodology in considering a motion to stay pending transfer to an

5    MDL prior to a motion for remand:

6          1)  Preliminary scrutiny is given to the motion for remand, and the case is remanded if removal

7              was improper;

8          2)  If the jurisdictional issues appear factually or legally difficult, consideration is given to

9              whether identical or similar jurisdictional issues have been raised in other cases that have

10             been or may be transferred to the MDL;

11         3)  If the second inquiry is reached and answered affirmatively, the court weighs the following

12             factors: a) interests of judicial economy; b) hardship and inequity to the moving party; and

13             c) potential prejudice to the non-moving party.

14   *Conroy v. Fresh Del Monte*, 325 F. Supp. 2d 1049, 1053; *Meyers v. Bayer AG*, 143 F. Supp 2d 1044,

15   1048-1049 (E.D.Wis.1002); *Strong v. Merck & Co.,* 2005 U.S. Dist. LEXIS 2413, at *7 (Case No. 03-

16   813, N.D. Cal. 2005); *Edsall,* 2005 U.S. Dist. LEXIS 42408 at *8.

17         In consideration of the first factor, the Court finds that removal was improper for the reasons

18   set forth in Plaintiffs' Motion for Remand, and REMANDS this case to San Francisco Superior Court.

19   Thus, GE's Application to Stay need not be considered.

20         Even if the Court considered GE's Application to Stay with Plaintiffs' competing Motion for

21   Remand, such a stay would not be granted.

22         In consideration of the second factor, there is no evidence that other cases in the MDL involve

23   the jurisdictional issue of fraudulent joinder of California distributors McKesson and Merry X-Ray.

24         Finally, granting GE' Application to Stay would result in inefficiency and prejudice to

25   Plaintiffs.  The jurisdictional issue involved here is whether California distributor defendants

26   McKesson and Merry X-Ray have been fraudulently joined.  The claims as pled against these

27   defendants, including negligence and violation of the CLRA, employ California law.  As previously

28

explained by this Court:

> This Court is readily familiar with federal law, Ninth Circuit law, and California law, the laws applicable to Plaintiff's motion and Complaint. Moreover, the parties have already fully briefed the issue of remand. Thus, staying the motion will not save either party any time. Finally, it is in the interest of judicial economy to decide issues of jurisdiction as early in the litigation process as possible. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended. In the Court's view, judicial economy dictates a present ruling on the remand issue.

*Conroy*, 325 F. Supp. 2d at 1054

The same analysis applies here.  This Court is better equipped to determine California legal issues than is the MDL Court in Ohio.

Finally, GE has not asserted that it will suffer hardship if this matter is not stayed.  On the contrary, Plaintiffs will suffer delays waiting for a transfer to occur.  Importantly, the conditional transfer order has been stayed pending further order from the Panel.  If GE's stay is granted, Plaintiffs case will not be transferred to the MDL until an order from the Panel is issued.  This could take several months.  If this case is then transferred to the MDL, it will take several additional months for Plaintiffs' motion for remand to be heard.  Such delays are prejudicial to Plaintiff.

## IV. CONCLUSION

The Court finds that Plaintiffs' Motion for Remand should be considered prior to GE's Motion to Stay.  Removal was not proper, there is no evidence that identical or similar jurisdictional issues have been, or will be raised in the MDL, and a stay and transfer would result in inefficiency and prejudice to Plaintiffs.  Having first considered and GRANTED Plaintiffs' Motion for Remand, the Court DENIES GE's Application to Stay All proceedings Pending Transfer to the MDL as MOOT.

IT IS SO ORDERED.

Dated: _____        _____

HONORABLE SAUNDRA B. ARMSTRONG

Lawrence J. Gornick (SBN 136290)
Debra DeCarli (SBN 237642)
**LEVIN SIMES KAISER & GORNICK LLP**
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: (415) 646-7160
Fax: (415) 981-1270
lgornick@lskg-law.com
ddecarli@lskg-law.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| CAROL MOORHOUSE and JAMES MOORHOUSE,<br><br>              Plaintiffs,<br><br>       vs.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; COVIDIEN, INC.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35<br><br>              Defendants. | Case No: 4:08-cv-01831 SBA<br><br>**(San Francisco County Superior Court, Case No.: CGC-08-472978)**<br><br>**PROOF OF SERVICE** |

I certify that I am over the age of 18 years and not a party to the within action; that my

business address is 44 Montgomery Street, 36th Floor, San Francisco, CA 94104; and that on this date I

served a true copy of the document(s) entitled:

Service was effectuated by forwarding the above-noted document in the following manner:

**PLAINTIFFS' OPPOSITION TO DEFENDANTS GENERAL ELECTRIC COMPANY AND GE HEALTHCARE INC.'S APPLICATION TO STAY ALL PROCEEDINGS PENDING TRANSFER  TO MDL; DECLARATION OF LAURA M. BRANDENBERG IN SUPPORT OF PLAINTIFFS' OPPOSITION TO GENERAL ELECTRIC COMPANY AND GE HEALTHCARE INC.'S APPLICATION TO STAY ALL PROCEEDINGS PENDING TRANSFER  TO MDL; [PROPOSED] ORDER DENYING DEFENDANTS GENERAL ELECTRIC COMPANY AND GE HEALTHCARE INC.'S APPLICATION TO STAY ALL PROCEEDINGS PENDING TRANSFER  TO MDL**

      **By Regular Mail** in a sealed envelope, addressed as noted above, with postage fully prepaid and placing it for collection and mailing following the ordinary business practices of Levin Simes Kaiser & Gornick.

      **By Electronic Mail**

      **By Hand Delivery** in a sealed envelope, addressed as noted above, through services provided by the office of Levin Simes Kaiser & Gornick.

      **By Facsimile** to the numbers as noted below by placing it for facsimile transmittal following the ordinary business practices of Levin Simes Kaiser & Gornick.

   **XX     By Overnight Courier** in a sealed envelope, addressed as noted above, through services provided by (Federal Express, UPS,) and billed to Levin Simes Kaiser & Gornick.

Alan Greenberg, Esq.
Wilson & Elser
655 West Broadway, Suite 900
San Diego, CA 92101
Tel: 619-321-6200
Email: alan.greenberg@wilsonelser.com
Attorneys for Merry X-Ray Chemical Corp.

I provided the documents listed above electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the Central District of California to:

Rodney Hudson, Esq.
Drinker Biddle & Reath LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Tel: 415-591-7500
Fax: 415-591-7510
Email: KennethConour@dbr.com
Attorneys for Bayer Healthcare Pharmaceuticals Inc

Thomas A. Woods, Esq.
Shook, Hardy & Bacon LLP
Jamboree Center
5 Park Plaza, Suite 1600
Irvine. CA 92614-2546
Tel: 949-475-1500
Fax: 949-475-0016
twoods@shb.com
Attorneys for Defendant Malinckrodt,

Michael C. Zellers , Esq.
Mollie Benedict, Esq.
Aggie B. Lee, Esq.
Tucker Ellis & West LLP
515 S. Flower Street, 42nd Floor
Los Angeles, CA 90071-2223
Tel: 213-430-3400
Fax: 213-430-3409
Attorneys for Bracco Diagnostics, Inc

Deborah C. Prosser, Esq.
Stephanie Hingle, Esq.
Kutak Rock LLP
515 South Figueroa Street, Suite 1240
Los Angeles, CA 90071
dprosser@bwslaw.com
Stephanie.hingle@KutakRock.com
Attorneys for General Electric Company and GE Healthcare, Inc

Charles T. Sheldon, Esq.
Michael L. Fox, Esq.
Sedgwick, Detert, Moran & Arnold
One Market Plaza, Steuart Tower
8th Flr.
San Francisco, CA 94105
Charles.Sheldon@sdma.com
Michael.Fox@sdma.com
Attorneys for McKesson Corporation

     I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day

of May 2008 at San Francisco, California.

                                /s/ Scheryl Warr
                                Scheryl Warr