1  Deborah C. Prosser (SBN 109856)
   Stephanie A. Hingle (SBN 199396)
2  KUTAK ROCK LLP
   515 So. Figueroa Boulevard, Suite 1240
3  Los Angeles, CA 90071
   Telephone:  (213) 312-4000
4  Facsimile:   (213) 312-4001
   Email:  Deborah.Prosser@KutakRock.com
5  Email:  Stephanie.Hingle@KutakRock.com

6  Attorneys for Defendants
   GENERAL ELECTRIC COMPANY and
7  GE HEALTHCARE INC.

8

                **UNITED STATES DISTRICT COURT**
9
       **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND**
10

11

12 | CAROL MOORHOUSE and JAMES MOORHOUSE, | Case No.  3:08-CV-01831 SBA |
13 | Plaintiffs, | |
14 | v. | **DECLARATION OF STEPHANIE A. HINGLE IN SUPPORT OF DEFENDANTS GENERAL ELECTRIC COMPANY AND GE HEALTHCARE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND** |
15 | BAYER HEALTHCARE PHARMACEUTICALS, INC.; | |
16 | BAYER HEALTHCARE LLC; GENERAL ELECTRIC | |
17 | COMPANY; GE HEALTHCARE, INC.; COVIDIEN, INC.; | **[Filed Concurrently With Opposition to Plaintiffs' Motion for Remand; Declaration of Vito Pulito; *Proposed* Order; and Appendix of Federal Authority]** |
18 | MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; | |
19 | McKESSON CORPORATION; MERRY X-RAY CHEMICAL | **[Jury Trial Demanded]** |
20 | CORP.; and DOES 1 through 35, | (San Francisco County Superior Court, Case No.: CGC-08-472978) |
21 | Defendants. | Reserved Hearing: |

Reserved Hearing:

22

23

24  Date:        June 10, 2008
    Time:        1:00 p.m.
25  Courtroom:   3, Third Floor

26

27

28

## DECLARATION OF STEPHANIE A. HINGLE

I, Stephanie A. Hingle, declare and say that:

1.     I am an attorney duly licensed to practice before all of the Courts of the State of California and am admitted to the United States District Court, Northern District of California.  I am Of Counsel at Kutak Rock LLP, attorneys of records for Defendants General Electric Company and GE Healthcare Inc. ("Removing Defendants") in this action. All of the facts stated herein are of my own personal knowledge, and as to those facts stated upon information and belief, I have conducted diligent investigation and have satisfied myself as to the accuracy of the facts herein stated.

2.     The Removing Defendants filed an Application to Stay All Proceedings in light of the MDL established on February 27, 2008 in the Northern District of Ohio.  A true and correct copy of the February 27, 2008 Transfer Order is attached hereto as Exhibit "A."

3.     I am informed and believe that currently, there are approximately 125 pending GBCA federal cases.  Of those cases, 16 were file directly in the MDL and 103 are subject either to Transfer Orders to the MDL or Conditional Transfer Orders to the MDL.  The remaining 6 cases are subject to notices of "tag along" actions in preparation for their transfer to the MDL.

4.     I am informed and believe that currently, remand motions are pending in the following GBCA cases: (1) this case; (2) *Geffen vs.  General Electric Company, et. al.* Civil Action No. 08-1110 SGL (JCRx) (Central District of California, Eastern Division); (3) *Shelton v. General Electric Company, et al.,* Civil Action No. 07-01951 (Western District of Louisiana); (4) *Ethington v. General Electric Company, et. al.* Civil Action No. 05985-MLC-TJB (District of New Jersey, Trenton Division); and (5) *Harris v. Bayer Healthcare Pharmaceuticals, Inc.,* Civil Action No. 2:08-cv-01896 SGL (JCRx) (Central District of California, Eastern Division).

1       I declare under penalty of perjury under the laws of United States of America

2 and of the State of California, that the foregoing is true and correct.

3       Executed this 20th day of May 2008, in Los Angeles, California.

4

5                              STEPHANIE A. HINGLE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

4815-3012-4034.1                                  - 3 -

DECLARATION OF STEPHANIE A. HINGLE                CASE NO.:  3:08-CV-01831 SBA

# EXHIBIT "A"

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**Feb 27, 2008**

FILED
CLERK'S OFFICE

IN RE: GADOLINIUM CONTRAST DYES
PRODUCTS LIABILITY LITIGATION                              MDL No. 1909

**TRANSFER ORDER**

**Before the entire Panel***: Plaintiffs in twelve actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of Ohio. The GE defendants,[1] the Bayer defendants,[2] the Tyco defendants,[3] and defendant Novation, LLC, support centralization, but suggest the Northern District of Ohio as transferee district. Plaintiff in the Northern District of Alabama potentially related action supports centralization, but suggests the District of Colorado as transferee district. Defendant Bracco Diagnostics, Inc. (Bracco) opposes centralization of all claims against Bracco, the Tyco defendants, or the Bayer defendants; or, alternatively, suggests creating a separate MDL for each defendant group; or, alternatively, suggests the District of Kansas as transferee district.

This litigation currently consists of 24 actions listed on Schedule A and pending in thirteen districts as follows: five actions in the Southern District of Ohio; four actions each in the Northern District of Ohio and the Middle District of Tennessee; two actions in the Western District of Texas; and one action each in the Eastern District of Arkansas, the Central District of California, the District of Colorado, the Northern District of Georgia, the Western District of Louisiana, the District of Minnesota, the Western District of Missouri, the District of South Carolina, and the Southern District of Texas.[4]

---

* Judges Heyburn and Motz did not participate in the disposition of this matter.

[1] General Electric Co., GE Healthcare Inc., and GE Healthcare Bio-Sciences Corp.

[2] Bayer Healthcare Pharmaceuticals Inc., Bayer Healthcare LLC, Bayer Corp., and Bayer Pharmaceuticals Corp.

[3] Mallinckrodt, Inc., Tyco International Ltd., Tyco Healthcare Ltd., Tyco Holdings Ltd., Tyco Healthcare Group LP, and Covidien Ltd.

[4] The Panel has been notified that 44 other related actions have been filed as follows: four actions in the District of New Jersey; three actions each in the Eastern District of Missouri, the Eastern District of Wisconsin, and the Northern District of West Virginia; two actions each in the Northern District of Alabama, the Eastern District of Arkansas, the Central District of California, the District

-2-

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share questions of fact arising out of the allegation that gadolinium based contrast dyes may cause nephrogenic systemic fibrosis in patients with impaired renal function. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

In opposition to centralization of all MDL No. 1909 actions, defendant Bracco argues, *inter alia*, that (1) the actions do not share sufficient questions of fact because each of the contrast agents is chemically and pharmacologically different; (2) because of the unique properties of each contrast agent, a global MDL will impinge upon the due process rights of the separate defendant companies; (3) when each defendant group is considered separately, there are too few actions to warrant MDL treatment for any claims other than those involving the GE defendants; and (4) alternatives to centralization are available and sufficient to coordinate the small number of claims involving Bracco and the Tyco and Bayer defendants.

We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The MDL No. 1909 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199

---

of Colorado, the Middle District of Louisiana, the District of Maryland, and the District of Minnesota; and one action each in the Western District of Arkansas, the Northern District of California, the District of Connecticut, the District of District of Columbia, the Middle District of Florida, the Central District of Illinois, the Southern District of Illinois, the Southern District of Indiana, the District of Kansas, the Western District of Louisiana, the Western District of Missouri, the Western District of New York, the Middle District of North Carolina, the Northern District of Ohio, the Southern District of Ohio, the Northern District of Oklahoma, and the Eastern District of Pennsylvania. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-3-

F.R.D. at 436-38. We are confident in the transferee judge's ability to streamline pretrial proceedings in all actions, while concomitantly directing the appropriate resolution of all claims.

We are persuaded that the Northern District of Ohio is an appropriate transferee district. This district provides a relatively central forum for this nationwide litigation. In addition, Judge Dan A. Polster has the time and experience to steer this docket on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Ohio are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman* | J. Frederick Motz* |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | Anthony J. Scirica |

IN RE: GADOLINIUM CONTRAST DYES
PRODUCTS LIABILITY LITIGATION                    MDL No. 1909

## SCHEDULE A

Eastern District of Arkansas

Roland Thomas v. General Electric Co., et al., C.A. No. 4:07-936

Central District of California

Cynthia Kay Mitchell v. Berlex Labs, Inc., et al., C.A. No. 5:07-433

District of Colorado

Greta Carolus, et al. v. General Electric Co., et al., C.A. No. 1:07-714

Northern District of Georgia

Mary Davis, etc. v. General Electric Co., et al., C.A. No. 4:07-202

Western District of Louisiana

Ronald E. Corkern, III v. General Electric Co., et al., C.A. No. 1:07-979

District of Minnesota

William Clark v. General Electric Co., et al., C.A. No. 0:07-3818

Western District of Missouri

Abraham Showalter, et al. v. General Electric Co., et al., C.A. No. 5:07-6102

Northern District of Ohio

John G. Walker, et al. v. Tyco Healthcare Group LP, et al., C.A. No. 1:07-741
Beverly Rockwell, etc. v. Bayer Healthcare Pharmaceuticals, Inc., et al.,
    C.A. No. 1:07-1564
Gwendolyn Dennis v. General Electric Co., et al., C.A. No. 1:07-2849
James Babione v. General Electric Co., et al., C.A. No. 3:07-1977

Southern District of Ohio

Alisha A. Hagwood, et al. v. General Electric Co., et al., C.A. No. 2:07-548
Robert W. Murray, et al. v. General Electric Co., et al., C.A. No. 2:07-612

- A2 -

**MDL No. 1909 Schedule A (Continued)**

Southern District of Ohio (Continued)

Carolyn Hall, etc. v. General Electric Co., et al., C.A. No. 2:07-942
Lance A. Voeltner v. General Electric Co., et al., C.A. No. 2:07-943
Paul W. Frazier, et al. v. Bayer Corp., et al., C.A. No. 2:07-1005

District of South Carolina

Anna White v. General Electric Co., et al., C.A. No. 2:07-1740

Middle District of Tennessee

Danielle Marie Snyder v. GE Healthcare, Inc., et al., C.A. No. 3:07-290
Jeanetta Deason v. General Electric Co., et al., C.A. No. 3:07-619
Jerry Henley, et al. v. Tyco International, Ltd., et al., C.A. No. 3:07-774
Kerry Kurt Phillips, et al. v. General Electric Co., et al., C.A. No. 3:07-824

Southern District of Texas

Lloyd Massie, et al. v. Bayer Healthcare, LLC, et al., C.A. No. 3:07-368

Western District of Texas

Donna Lee v. General Electric Co., et al., C.A. No. 5:07-825
Ray Rodriguez, et al. v. General Electric Co., et al., C.A. No. 5:07-826