Deborah C. Prosser (SBN 109856)
Stephanie A. Hingle (SBN 199396)
KUTAK ROCK LLP
515 So. Figueroa Boulevard, Suite 1240
Los Angeles, CA 90071
Telephone: (213) 312-4000
Facsimile: (213) 312-4001
Email: Deborah.Prosser@KutakRock.com
Email: Stephanie.Hingle@KutakRock.com

Attorneys for Defendants
GENERAL ELECTRIC COMPANY and
GE HEALTHCARE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND**

CAROL MOORHOUSE and JAMES MOORHOUSE,

Plaintiffs,

v.

BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; COVIDIEN, INC.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35,

Defendants.

Case No. 3:08-CV-01831 SBA

**APPENDIX OF FEDERAL AUTHORITY IN SUPPORT OF DEFENDANTS GENERAL ELECTRIC COMPANY AND GE HEALTHCARE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND**

**[Filed Concurrently With Defendants' Opposition to Motion for Remand; Declaration of Stephanie A. Hingle; Declaration of Vito Pulito; and *Proposed* Order]**

**[Jury Trial Demanded]**

(San Francisco County Superior Court, Case No.: CGC-08-472978)

Reserved Hearing:

Date: June 10, 2008
Time: 1:00 p.m.
Courtroom: 3, Third Floor

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

Defendants General Electric Company and GE Healthcare Inc. have cited following federal cases:

1. *Aronis vs. Merck & Co.,* 2005 WL 5518485 (E.D. Cal 2006), attached hereto as Exhibit "A";

2. *Beatty v. Merck & Co.*, 2006 WL 2943090 (E.D. Cal. 2006), attached hereto as Exhibit "B";

3. *Black vs. Merck & Company*, 2004 WL 5392660 (C.D. Cal. March 3, 2004), attached hereto as Exhibit "C";

4. *Cline v. Merck & Co.*, 2006 WL 1409555 (E.D. Cal. 2006), attached hereto as Exhibit "D";

5. *English v. Merck & Co.*, 2007 U.S. Dist. LEXIS 14493 (E.D. Cal. 2007), attached hereto as Exhibit "E";

6. *Johnson, Peggy v. Merck & Co.*, 2005 U.S. Dist. LEXIS 40707 (N.D. Cal. 2005), attached hereto as Exhibit "F";

7. *Johnson, Standord v. Merck & Company*, 2007 WL 754882 (N.D.Cal 2007), attached hereto as Exhibit "G";

8. *Leeson v. Merck & Company*, 2006 WL 3230047 (E.D. 2006), attached hereto as Exhibit "H";

9. *Purcell v. Merck & Co.*, 2005 U.S. Dist. LEXIS 41239 (S.D. Cal. 2005), attached hereto as Exhibit "I"; and

10. *Vantine v. Merck & Co.* 2007 WL 516389 (E.D. Cal. 2007), attached hereto as Exhibit "J".

Dated: May 20, 2008

KUTAK ROCK LLP

By: [signature]
Deborah C. Prosser
Stephanie A. Hingle
Attorneys for Defendants
GENERAL ELECTRIC COMPANY
and GE HEALTHCARE INC.

# EXHIBIT "A"

Westlaw.



**C**
**Aronis** v. **Merck** & Co., Inc.
E.D.Cal.,2006.
Only the Westlaw citation is currently available.NOT FOR PUBLICATION
United States District Court,E.D. California.
Helen **ARONIS**, Plaintiff,
v.
**MERCK** & CO., INC., a New Jersey Corporation; McKesson Corp., a California Corporation; and DOES 1-100, inclusive, Defendants.
**No. Civ. S-05-0486 WBS DAD.**

May 3, 2005.

Clayeo C. Arnold, C. Jean Cain, Clifford Lee Carter, Clayeo C. Arnold, a Professional Law Corporation, Sacramento, CA, for Plaintiff.
Susan B. Altman, Steven James Boranian, Reed Smith LLP, San Francisco, CA, for Defendants.

*MEMORANDUM AND ORDER RE: MOTION TO REMAND AND MOTION TO STAY*

WILLIAM B. SHUBB, District Judge.
*1 Plaintiff brought this action in Sacramento County Superior Court for damages related to her heart attack allegedly caused by the drug Vioxx. Defendant Merck removed the case to this court. Defendant McKesson did not participate in the removal. Plaintiff now seeks a remand to state court and attorneys' fees incurred in connection with this motion. Merck opposes the motion to remand and moves the court to stay this case pending transfer to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1407.

Defendant Merck, a citizen of New Jersey, in its notice of removal alleged that this court has jurisdiction over the matter on the basis of diversity. *See*28 U.S.C. § 1332. Merck alleged that the amount in controversy was greater than the requirement of $75,000 and that there existed complete diversity between the parties. Merck contends that McKesson, which plaintiff alleges is a resident of California, has been fraudulently joined as a defendant and therefore the presence of McKesson should not destroy diversity. Plaintiff objects to this characterization of McKesson as fraudulently joined and seeks a remand to state court.

For a federal court to have jurisdiction based on diversity, complete diversity between the parties must normally exist. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001). Complete diversity only exists when no defendant is a citizen of the same state as any plaintiff.*Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996). Defendant McKesson, which has not yet filed any papers in this matter, is, like plaintiff, a citizen of California. Therefore, complete diversity does not exist on the face of the complaint. However, an exception to the requirement of complete diversity exists where a non-diverse defendant has been fraudulently joined.*Morris,* 236 F.3d at 1067. "Fraudulent joinder" is a term of art. "[I]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," then the defendant's joinder is deemed fraudulent and is ignored for purposes of the diversity requirements. *Id.* (citation omitted).

The complaint does not state a cause of action against McKesson, and that failure is obvious. All plaintiff alleges is that "Vioxx is manufactured and distributed by the defendants."(Compl.). Plaintiff makes no allegation that McKesson ever handled the specific pills that were allegedly the cause of her injuries. Defendant concedes that McKesson distributes Vioxx, but hastens to add that there are hundreds, if not thousands, of such distributors. Plaintiff does not dispute this contention, but counters that McKesson is a major distributor of the drug.

The allegation that McKesson is a major distributor of Vioxx, even though taken as true at this stage, is not enough to support a claim against McKesson.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

To state a claim against a defendant, a plaintiff must allege a causal connection between the injury and the conduct of that defendant. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Here, plaintiff does not allege that McKesson contributed in any way to her injuries, only that McKesson is a distributor. Therefore, the complaint states no claim upon which relief can be granted against McKesson, and McKesson has therefore been fraudulently joined.

***2** This case will soon be officially transferred to the Eastern District of Louisiana. A stay therefore is not necessary, and the court does not grant that motion.

IT IS THEREFORE ORDERED that:

(1) plaintiff's motion to remand be, and the same hereby is, DENIED;

plaintiff's motion for attorneys' fees and costs be, and the same hereby is, DENIED; and

(3) defendant's motion to stay be, and the same hereby is, DENIED.

E.D.Cal.,2006.
Aronis v. Merck & Co., Inc.
Not Reported in F.Supp.2d, 2005 WL 5518485 (E.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "B"

**C**
Beatty v. Merck & Co., Inc.
E.D.Cal.,2006.

United States District Court,E.D. California.
Ruth BEATTY, Plaintiff,
v.
MERCK & COMPANY, INC., et al, Defendants.
**No. CIV. S-06-1845 LKK/GGH.**

Oct. 13, 2006.

Amy Eskin, Carole Bosch, Hersh and Hersh, San Francisco, CA, for Plaintiff.
Dana A. Blanton, Reed Smith LLP, San Francisco, CA, Kanika D. Corley, Morris Polich and Purdy, Los Angeles, CA, for Defendants.

***ORDER***

LAWRENCE K. KARLTON, Senior District Judge.
*1 Plaintiff Ruth Beatty commenced this action against Merck & Co., Inc. ("Merck") on July 19, 2006 in California Superior Court for alleged injuries caused by the prescription drug Vioxx. Merck removed this action to federal court on diversity jurisdiction on August 17, 2006. Plaintiff now moves to remand, asserting that removal was improper and that this court lacks jurisdiction. Merck moves to stay the action pending its transfer to the Judicial Panel on Multidistrict Litigation ("MDL") proceeding that has been established to deal with the large volume of Vioxx-related cases in federal court.

**I. Background**

This case is one of hundreds of cases regarding Vioxx. On February 16, 2005, the MDL panel consolidated and transferred 148 federal cases involving Vioxx to the Eastern District of Louisiana. *In re Vioxx Prods. Liab. Litig.,* 360 F.Supp.2d 1352 (J.P.M.L.2005). The MDL panel also held that the "nearly 300 potentially related actions in multiple federal districts ... will be treated as potential tag-along cases."*Id.* at 1352 n. 1.

Merck asserts, and plaintiff does not dispute, that it will shortly provide notice to the MDL panel of this action. Merck expects a conditional transfer order to be issued by the panel within the next few weeks. *See* Def.'s Mot. to Stay at 4.

**II. Analysis**

The power to stay proceedings in the interest of judicial economy is an inherent power left to the discretion of the court. *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936). In cases involving similar jurisdictional questions, deference to the MDL proceeding is often appropriate when "the motion raises issues likely to arise in other actions pending in [the consolidated action]."*Conroy v. Fresh Del Monte Produce Inc.,* 325 F.Supp.2d 1049, 1053 (N.D.Cal.2004).

Here, Merck asserts that removal is proper because defendant McKesson, whose presence defeats diversity jurisdiction, was fraudulently joined. *See* Def.'s Notice of Removal at 7. The question of whether McKesson was fraudulently joined is not unique to the pending case. *See, e.g., Lame Bull v. Merck & Co., et. al,* No. 05-2465, slip op. (E.D.Cal. January 24, 2006) (Karlton, J.) (staying case to allow remand to be decided by MDL judge); *Purcell v. Merck & Co., et. al,* No. 05-0443, slip op. (S.D. Cal. June 6, 2005) (same); *Johnson v. Merck & Co.,* No. C-05-02881, slip op. at *2 (N.D.Cal. Oct. 3, 2005) (same).

Given the number of cases that present this exact jurisdictional question and the growing number of Vioxx cases being transferred to the MDL proceeding in the Eastern District of Louisiana, this court, like several other district courts, finds that the interest of judicial economy favors staying this action pending its transfer to the MDL proceeding.[FN1] For

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

these reasons, the court hereby ORDERS that:

FN1. The court is aware that it is departing from its August 15, 2005 order on the same issue. *See Martin v. Merck & Co.,* No. S-05-750, slip op. (E.D.Cal. Aug. 15, 2005) (Karlton, J.). Subsequent developments regarding the MDL Vioxx proceedings justify the court's change in position. Namely, since the August order was issued, over 55 cases from California that involve the identical jurisdictional issues are now before the MDL judge in the Eastern District of Louisiana. *See* Def.'s Opp'n to Pl.'s Mot. for Remand at 3:16-22.

1. Defendant Merck's motion to stay is GRANTED;

2. Plaintiff's motion to remand is DENIED;

3. Oral argument on the motions currently set for October 23, 2006 at 10:00 a.m. is VACATED;

***2** 4. Upon entry of this order, further proceedings in this action shall be STAYED, pending transfer of the action to MDL Proceeding No. 1657 in the Eastern District of Louisiana.

IT IS SO ORDERED.

E.D.Cal.,2006.
Beatty v. Merck & Co., Inc.
Slip Copy, 2006 WL 2943090 (E.D.Cal.), Prod.Liab.Rep. (CCH) P 17,614

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "C"

**Black** v. **Merck** & Co., Inc.
C.D.Cal.,2004.
Only the Westlaw citation is currently available.
United States District Court,C.D. California.
Timothy **BLACK**, et. al., Plaintiffs,
v.
**MERCK** & COMPANY, INC., a corporation; McKesson Corporation, a corporation; and Does 1-100, inclusive, Defendants.
**No. CV 03-8730 NM (AJWx).**

March 3, 2004.

Joy Lynn Robertson, Walter J. Lack, Engstrom Lipscomb & Lack, Thomas V. Girardi, Girardi & Keese, Los Angeles, CA, for Plaintiffs.
Michael K. Brown, Thomas J. Yoo, Reed Smith Crosby & Heafey, Los Angeles, CA, Norman C. Kleinberg, Theodore V. H. Mayer, Hughes Hubbard & Reed, New York, NY, for Defendants.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

NORA M. MANELLA, United States District Judge.

## I. INTRODUCTION

*1 On November 25, 2003, 35 plaintiffs residing in 20 states, including California but not including New Jersey ("Plaintiffs"), sued Merck & Company, Inc. ("Merck"), McKesson Corporation ("McKesson"), and Does 1-100, inclusive (collectively, "Defendants"), in Los Angeles Superior Court.[FN1] Thirty-two of the Plaintiffs allege they were injured by taking VIOXX, a prescription drug; the remaining three plaintiffs allege loss of consortium. Compl. ¶¶ 13-47.[FN2]

FN1. Local Rule 19-1 provides that "[n]o complaint or petition shall be filed that includes more than ten (10) Doe or fictitiously named parties."

FN2. Plaintiffs allege thirteen claims: (1) strict liability for failure to warn; (2) negligence; (3) negligence per se; (4) breach of implied warranty; (5) breach of express warranty; (6) deceit by concealment; (7) negligent misrepresentation; (8) violation of Cal. Bus. & Prof.Code § 17200; (9) violation of Cal. Bus. & Prof.Code § 17500; (10) violation of Cal. Civ.Code § 1750; (11) wrongful death; (12) survival action; and (13) loss of consortium.

On December 1, 2003, Merck removed the case based on diversity. Merck is incorporated in and has its principal place of business in New Jersey. *Id.* ¶ 49.McKesson is incorporated in Delaware and has its principal place of business in California. Notice of Removal ¶ 12; Mot. at 1. Merck asserts that diversity jurisdiction exists because the only non-diverse defendant named in the Complaint, McKesson, was fraudulently joined. Notice of Removal ¶ 8; Mot. at 1. In the alternative, Merck argues the court should extend the doctrine of fraudulent joinder to apply where plaintiffs were misjoined. Mot. at 11-12. Merck contends that because the four California plaintiffs were misjoined, the court should disregard their citizenship and sever them from the case. *Id.* Now pending is Plaintiffs' Motion to Remand on the grounds that: (1) diversity jurisdiction is lacking, and (2) Merck's request to sever the California plaintiffs is contrary to law and to standards of efficiency.

## II. FACTS

Merck, a pharmaceutical company, tested, manufactured, marketed, labeled, and distributed VIOXX. Compl. ¶¶ 48-49. Merck sells VIOXX to wholesale distributors, hospitals, pharmacies, and other suppliers of prescription drugs. Layton Decl. ¶¶ 2-3. McKesson, a wholesale distributor, promoted and distributed VIOXX. *Id.* ¶ 3; Compl. ¶ 50. Currently, Merck sells VIOXX to approxim-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ately 33 wholesalers (including McKesson), 1,000 hospitals, 1,500 small pharmacies, and three warehouse chain pharmacies. Layton Decl. ¶ 3.

VIOXX is a prescription drug used for the treatment of painful menstrual cramps, the management of acute pain in adults, and the relief of signs and symptoms of osteoarthritis. Compl. ¶ 55. VIOXX has allegedly been linked to several severe and life threatening medical disorders including, but not limited to, edema, changes in blood pressure, heart attacks, strokes, seizures, kidney and liver damage, pregnancy complications, and death.*Id.* ¶ 58.Plaintiffs allege these risks were not disclosed to them. *Id.* Plaintiffs further allege Defendants aggressively marketed their product through advertisements and other promotional materials while misleading potential users and failing to protect consumers from serious dangers of which Defendants knew or should have known. *Id.* ¶¶ 59-64.

### III. DISCUSSION

#### A. *Fraudulent Joinder*

For removal based on diversity, 28 U.S.C. § 1332 requires complete diversity of citizenship. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001) (citation omitted). Even if the complete diversity requirement is met, removal is not allowed where one of the defendants is a "citizen of the State in which such action is brought."28 U.S.C. § 1441(b).[FN3] But if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."*McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987) (citation omitted). "Fraudulent joinder" is a term of art and does not impugn the integrity of plaintiffs or their counsel and does not refer to an intent to deceive.*Id.*;*DaCosta v. Novartis AG*, 180 F.Supp.2d 1178, 1181 (D.Or.2001) (citation omitted). Where joinder of a non-diverse defendant is deemed fraudulent, the defendant's presence in the lawsuit is ignored for purposes of determining diversity. *Morris*, 236 F.3d at 1067.

FN3. A corporation is deemed a citizen of its state of incorporation and its principal place of business. *See*28 U.S.C. § 1332(c) (1).

***2** "There is a presumption against finding fraudulent joinder, and defendants who assert that [the] plaintiff has fraudulently joined a party carry a heavy burden of persuasion."*Plute v. Roadway Package Sys., Inc.*, 141 F.Supp.2d 1005, 1008 (N.D.Cal.2001) (citations omitted); *see also, Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990) ("removal statute is strictly construed against removal jurisdiction"); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988) (same). Courts have denied claims of fraudulent joinder when there is any possibility that a plaintiff may prevail on the cause of action against the in-state defendant. *Plute*, 141 F.Supp.2d at 1008, 1012;*see Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995) ("The burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court") (citation and internal quotations omitted)."In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.' " *Plute*, 141 F.Supp.2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir.1992)); *Little v. Purdue Pharma, LP*, 227 F.Supp.2d 838, 849 (S.D.Ohio 2002) ("a federal court should hesitate before pronouncing a state claim frivolous, unreasonable, and not even colorable in an area yet untouched by the state courts").

Furthermore, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

favor of remand; a lack of clear precedent does not render the joinder fraudulent. *Plute,* 141 F.Supp.2d at 1008 (citation omitted); *see Peloza v. Capistrano Unified Sch. Dist.,* 37 F.3d 517, 521 (9th Cir.1994) (courts must interpret general allegations to "embrace whatever specific facts might be necessary to support them"); *Little,* 227 F.Supp.2d at 847 n. 12 ("in light of the heavy burden on defendants to show the non-diverse defendants were fraudulently joined, it seems to this Court that a finding of fraudulent joiner should not be based on factual deficiencies within the pleadings which are correctable by amendment").

Merck contends that McKesson was fraudulently joined on two grounds: (1) Plaintiffs have failed to allege an actual connection between their purported injuries and McKesson's conduct, and (2) Plaintiffs have failed to state a viable claim against McKesson. With respect to the first ground, Merck argues Plaintiffs must allege the VIOXX they ingested was distributed by McKesson to the pharmacies from which Plaintiffs purchased VIOXX. Opp. at 5-6. Merck argues that McKesson is one of numerous distributors and Plaintiffs have failed to plead that McKesson received a benefit from the sale of the product, that its role was integral to the business of the manufacturer, or that McKesson had control over or ability to influence the manufacturing or distribution process. *Id.* at 7.

*3 Plaintiffs, however, allege McKesson "was in the business of promoting and distributing the pharmaceutical Vioxx."Compl. ¶ 50. Plaintiffs also allege they have "been prescribed and supplied with, received, and [have] taken and ingested and consumed the prescription drug Vioxx, as ... distributed, marketed, labeled, promoted, packaged ... or otherwise placed in the stream of interstate commerce by Defendants Merck & Company, Inc., McKesson, and Defendants Does 1 through 100."*Id.* ¶ 1.[FN4]

FN4. Most of the remaining allegations are against "Defendants," including McKesson. General allegations against "Defendants" are sufficient to charge McKesson with the alleged wrongful conduct. *See Plute,* 141 F.Supp.2d at 1007, 1010 n. 4 (any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand); *Peloza,* 37 F.3d at 521 (courts must interpret general allegations to "embrace whatever specific facts might be necessary to support them").

Next, Merck contends Plaintiffs have failed to state a viable claim against McKesson. Plaintiffs argue they have stated a claim against McKesson for strict liability for failure to warn. Under California law, manufacturers can be held strictly liable for failure to warn. *Brown v. Superior Court,* 44 Cal.3d 1049, 1065, 245 Cal.Rptr. 412, 751 P.2d 470 (1988). Generally, such liability extends beyond manufacturers to retailers and wholesalers. *Johnson v. Standard Brands Paint Co.,* 274 Cal.App.2d 331, 337, 79 Cal.Rptr. 194 (1969); *Soule v. Gen. Motors Corp.* ., 8 Cal.4th 548, 560, 34 Cal.Rptr.2d 607, 882 P.2d 298 (1994). A retailer includes anyone involved in the sale of a product short of "the housewife who, on occasion, sells to her neighbor a jar of jam or a pound of sugar."*Pan-Alaska Fisheries. Inc. v. Marine Constr. & Design Co.,* 565 F.2d 1129, 1135 (9th Cir.1977) (citations omitted).

In contrast to manufacturers of prescription drugs who are subject to strict liability for failure to warn, pharmacists cannot be held strictly liable for failure to warn. *See Murphy v. E.R. Squibb & Sons, Inc.,* 40 Cal.3d 672, 679, 221 Cal.Rptr. 447, 710 P.2d 247 (1985); *Carlin v. Superior Court,* 13 Cal.4th 1104, 1117, 56 Cal.Rptr.2d 162, 920 P.2d 1347 (1996)."Courts have traditionally maintained a distinction between those rendering services and those selling products, holding that those providing services are not subject to strict liability[.]"*San Diego Hosp. Ass'n v. Superior Court,* 30 Cal.App.4th 8, 13, 35 Cal.Rptr.2d 489 (1994). As the California Supreme Court has explained: "A key factor is that

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the pharmacist who fills a prescription is in a different position from the ordinary retailer because he cannot offer a prescription for sale except by order of the doctor.... [H]e is providing a service to the doctor."*Murphy,* 40 Cal.3d at 679, 221 Cal.Rptr. 447, 710 P.2d 247.

Although California case law has carved out an exception for service providers such as pharmacists, it has not addressed whether distributors of prescription drugs can be strictly liable for failure to warn. Because state law is unsettled as to whether a distributor of prescription drugs could be strictly liable for failure to warn, the court cannot rule that there is "absolutely no possibility" Plaintiffs could prevail on this claim against McKesson. *See Plute,* 141 F.Supp.2d at 1008, 1012;*Cavallini,* 44 F.3d at 259. Thus, Merck has not met its "heavy burden" of demonstrating that a non-diverse defendant was fraudulently joined. *See Plute,* 141 F.Supp.2d at 1012;*Little,* 227 F.Supp.2d at 849.

*4 Merck argues the rationale for exempting pharmacists from strict liability applies equally to distributors. Citing case law from Pennsylvania, Maryland, and Mississippi, Merck contends courts have not held pharmacists strictly liable because to do so would interfere with the doctor-patient relationship. Obviously, McKesson is not a pharmacist, and there is no potential for interference with any doctor-patient relationship. Moreover, the California Supreme Court has distinguished pharmacists from others in the chain of distribution on the ground that pharmacists provide services. *See Murphy,* 40 Cal.3d at 679, 221 Cal.Rptr. 447, 710 P.2d 247. Unlike a pharmacist, McKesson provides no service.

Next, Merck argues that under the "learned intermediary" doctrine, distributors have no duty to warn and thus cannot be held strictly liable, citing two unpublished district court cases where the court concluded that a distributor of a prescription drug is not subject to liability. *See Barlow v. Warner-Lambert Co.,* CV 03-1647-R, slip op. at 2 (C.D.Cal.2003); *Skinner v. Warner-Lambert Co.,* CV 03-1643-R, slip op. at 2 (C.D.Cal.2003).FN5 However, both cases relied solely on comment k of the Restatement (Second) of Torts, which does not exempt distributors from strict liability. Rather, comment k states that a seller of pharmaceuticals is not strictly liable *if* the products are properly prepared and marketed, and proper warning is given. FN6

FN5. Under the "learned intermediary" doctrine, a drug manufacture has no duty to warn the ultimate consumer, the patient, so long as adequate warnings are given to the doctor. *Carlin,* 13 Cal.4th at 1108-09,1116, 56 Cal.Rptr.2d 162, 920 P.2d 1347;*Carmichael v. Reitz,* 17 Cal.App.3d 958, 994, 95 Cal.Rptr. 381 (1971).

FN6. A "seller" of a product is "any person engaged in the business of selling products for use or consumption. It therefore applies to any ... wholesale or retail dealer or distributor[.]"Restatement (Second) Torts § 402A, cmt. f.

Finally Merck argues that "Plaintiffs cite no case holding a pharmaceutical supplier like McKesson liable for distributing an FDA-approved medication [.]" Opp. at 10. However, it is Merck's "heavy burden" to show "absolutely no possibility" that Plaintiffs could prevail on their strict liability claim against McKesson. *See Plute* 141 F.Supp.2d at 1008;*Cavallini,* 44 F.3d at 259;*Little,* 227 F.Supp.2d at 849. As Merck has not meet this burden, it has failed to demonstrate that McKesson was fraudulently joined.FN7Thus, this matter must be remanded because complete diversity of citizenship is lacking. *See Morris,* 236 F.3d at 1067.

FN7. In light of the court's determination that Plaintiffs may have a cause of action against McKesson based on strict liability for failure to warn, the court need not address the viability of the remaining claims against McKesson.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**B. *Misjoinder of Plaintiffs***

The Eleventh Circuit has held that misjoinder of plaintiffs may be just as fraudulent as the fraudulent joinder of a defendant against whom a plaintiff has no claim. *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir.1996), *overruled on other grounds, Cohen v. Office Depot. Inc.,* 204 F.3d 1069, 1072 (11th Cir.2000). In *Tapscott,* the court explained that while "mere misjoinder" is not fraudulent joinder, a party's attempt to misjoin parties may be "so egregious as to constitute fraudulent joinder."*Tapscott,* 77 F.3d at 1360.[FN8]However, the Ninth Circuit "has not found occasion to address *Tapscott,* and no other circuit has adopted its rationale."*Brazina v. Paul Revere Life Ins. Co.,* 271 F.Supp.2d 1163, 1172 (N.D.Cal.2003). Because the Ninth Circuit has not adopted this novel theory, the court declines to do so here.[FN9]

FN8.*Tapscott*"concerned two groups of plaintiffs that sued separate groups of defendants on almost entirely separate legal grounds."*Brazina v. Paul Revere Life Ins. Co.,* 271 F.Supp.2d 1163, 1172 (N.D.Cal.2003) (citing *Tapscott,* 77 F.3d at 1360).

FN9. Even under the *Tapscott* theory, it is unclear whether the joinder of the California plaintiffs is "so unrelated as to constitute egregious misjoinder."*See Brazina,* 271 F.Supp.2d at 1172;*Tapscott,* 77 F.3d at 1360;*In re Norplant Contraceptive Prods. Liab. Litig.,* 168 F.R.D. 579, 581 (E.D.Tex.1996) (finding joinder of plaintiffs proper where defendants failed to adequately warn plaintiffs of risks and severity of side effects of prescription contraceptives, even though plaintiffs had different doctors).

**IV. CONCLUSION**

***5** Accordingly, the court **GRANTS** Plaintiffs' Motion to Remand.

IT IS SO ORDERED.

C.D.Cal.,2004.
Black v. Merck & Co., Inc.
Not Reported in F.Supp.2d, 2004 WL 5392660 (C.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "D"

**C**
Cline v. Merck & Co., Inc.
E.D.Cal.,2006.
Only the Westlaw citation is currently available.
United States District Court,E.D. California.
Loretta CLINE, et al., Plaintiffs,
v.
MERCK & COMPANY, INC.; and McKesson Corporation, Defendants.
**No. Civ. S-06-487 LKK/GGH.**

May 19, 2006.

Christopher Alain Viadro, The Veen Firm, San Francisco, CA, for Plaintiffs.
Dana A. Blanton, Reed Smith LLP, San Francisco, CA, for Defendants.

*ORDER*

LAWRENCE K. KARLTON, Senior Judge.
***1** On February 9, 2006, plaintiffs Loretta Cline and Leslie Cline ("plaintiffs") filed an action in the Superior Court for the County of Los Angeles against defendants Merck & Co., Inc. ("Merck") and McKesson Corporation ("McKesson") alleging injuries from their use of the prescription drug Vioxx. On March 9, 2006, Merck removed the action to this court based on diversity jurisdiction. Plaintiffs now move to remand, asserting that removal was improper and that this court lacks jurisdiction. Merck moves to stay the action pending its transfer to the Judicial Panel on Multidistrict Litigation ("MDL") proceeding that has been established to deal with the large volume of Vioxx-related cases in federal court.

## I.

## BACKGROUND

This case is one of hundreds of cases regarding Vioxx. On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") consolidated 148 federal cases involving Vioxx and transferred them to the Eastern District of Louisiana. *In Re Vioxx Products Liability Litigation,* 360 F.Supp.2d 1352 (J.P.M.L 2005). The Panel also held that around 300 related actions in multiple federal districts "will be treated as potential tag-along cases."*Id.* at 1352 n. 1.

Merck asserts, and plaintiffs do not dispute, that it will shortly provide notice to the Panel of this action. Merck expects a conditional transfer order to be issued by the Panel within the next few weeks. *See* Def.'s Mot. to Stay at 5. Since the first transfer order was issued on February 16, 2005, more than 2,500 cases have been transferred to or filed directly to the MDL Vioxx proceedings. *Id.* at 4.

## II.

## ANALYSIS

The power to stay proceedings in the interest of judicial economy is an inherent power left to the discretion of the court. *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936). In cases involving similar jurisdictional questions, deference to the MDL proceeding is often appropriate when "the motion raises issues likely to arise in other actions pending in [the consolidated action]."*Conroy v. Fresh Del Monte Produce Inc.,* 325 F.Supp.2d 1049, 1053 (N.D.Cal.2004).

Here, Merck asserts that removal is proper because defendant McKesson, whose presence defeats diversity jurisdiction, was fraudulently joined. *See* Def.'s Notice of Removal at 7. The question of whether McKesson was fraudulently joined is not unique to the pending case. *See, e.g., Lame Bull v. Merck & Co., et al,* No. 05-2465, slip op. (E.D.Cal. January 24, 2006)(Karlton, J.) (staying case to al-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

low remand to be decided by MDL judge); *Purcell v. Merck & Co., et al,* No. 05-0443, slip op. (S.D. Cal. June 6, 2005) (same); *Johnson v. Merck & Co.,* No. C 05-02881, slip op. at *2 (N.D.Cal. Oct. 3, 2005) (same); *Love v. Merck & Co.,* No. 05-2140 (E.D.Cal. Oct. 24, 2005)(McKesson named as a defendant but case transferred before motion to remand was filed); *Lagden v. Merck & Co.,* No. 05-0656 (E.D. Cal. filed Apr. 4, 2005)(same).

*2 Given the number of cases that present this exact jurisdictional question and given the growing number of Vioxx cases being transferred to the MDL proceeding in the Eastern District of Louisiana, this court follows the many other district courts in California in finding that the interest of judicial economy favors staying this action pending its transfer to the MDL proceeding.[FN1]

FN1. The court is aware that it is departing from its August 15, 2005 order on the same issue. *See Martin v. Merck & Co.,* No. S-05-750, slip op. (E.D.Cal. Aug. 15, 2005) (Karlton, J.). Subsequent developments regarding the MDL Vioxx proceedings justify the court's change in position. Namely, since the August order was issued, over 30 cases from California that involve the identical jurisdictional issues are now before the MDL judge in the Eastern District of Louisiana. Moreover, it is apparent that the majority of the Vioxx cases that are removed are not, in fact, remanded. Defendant Merck asserts, and plaintiffs do not dispute, that the majority of courts have stayed approximately 300 Vioxx cases with pending remand motions. *See* Def.'s Opp'n to Pls.' Mot. to Remand at 5:11-12.

For these reasons, the court hereby ORDERS that:

1. Defendant Merck's motion to stay is GRANTED;

2. Plaintiffs' motion to remand is DENIED;

3. Good cause appearing, the order to show cause issued on May 4, 2006 is DISCHARGED;

4. Oral argument on the motion, currently set for May 30, 2006, is VACATED;

5. The initial scheduling conference currently set for May 22, 2006 at 2:30 p.m. is VACATED; and

6. Upon entry of this order, further proceedings in this action shall be STAYED, pending transfer of the action to MDL Proceeding No. 1657 in the Eastern District of Louisiana.

IT IS SO ORDERED.

E.D.Cal.,2006.
Cline v. Merck & Co., Inc.
Slip Copy, 2006 WL 1409555 (E.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "E"

LEXSEE 2007 U.S. DIST. LEXIS 14493

**ALLAN J. ENGLISH, individually and as successor in interest to THERESA MARY ENGLISH, deceased, Plaintiff, v. MERCK & CO., INC., et al, Defendants.**

**NO. CIV. S-06-2833 LKK/DAD**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

**2007 U.S. Dist. LEXIS 14493**

**February 9, 2007, Decided**
**February 12, 2007, Filed**

**COUNSEL:** [*1] For Allan J. English, Plaintiff: Alissa S. Holt, Andrea J. McNeil, LEAD ATTORNEYS, Hackard and Holt, Gold River, CA.

For Merck & Company, Inc., Defendant: Michael K Brown, Steven James Boranian, LEAD ATTORNEYS, Reed Smith LLP, Los Angeles, CA; Kevin Michael Hara, Reed Smith LLP, Oakland, CA.

For McKesson Corporation, Amerisourcebergen Corporation, Defendants: Anthony G Brazil, LEAD ATTORNEY, Morris Polich & Purdy, LLP, Los Angeles, CA; Kanika D. Corley, LEAD ATTORNEY, Morris Polich and Purdy, Los Angeles, CA.

**JUDGES:** LAWRENCE K. KARLTON, SENIOR JUDGE.

**OPINION BY:** LAWRENCE K. KARLTON

**OPINION**

*ORDER*

Plaintiff Allan English commenced this action against Merck & Co., Inc. ("Merck") on September 25, 2006 in California Superior Court for alleged injuries caused by the prescription drug Vioxx. Merck removed this action to federal court on diversity jurisdiction on December 13, 2006. Plaintiff now moves to remand, asserting that removal was improper and that this court lacks jurisdiction. Merck moves to stay the action pending its transfer to the Judicial Panel on Multidistrict Litigation ("JPML") proceeding that has been established to deal with the large volume of Vioxx-related cases in federal [*2] court.

**I. Background**

This case is one of hundreds of cases regarding Vioxx. On February 16, 2005, the MDL panel consolidated and transferred 148 federal cases involving Vioxx to the Eastern District of Louisiana. *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005). The MDL panel held that the "nearly 300 potentially related actions in multiple federal districts . . . will be treated as potential tag-along cases." *Id.* at 1352 n.1. Merck provided notice to the JPML of this action on December 15, 2006 and expects this case to be listed on a conditional transfer order shortly.

**II. Analysis**

The power to stay proceedings in the interest of judicial economy is an inherent power left to the discretion of the court. *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). In cases involving similar jurisdictional questions, deference to the MDL proceeding is often appropriate when "the motion raises issues likely to arise in other actions pending in [the consolidated action]." *Conroy v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

Here, Merck asserts that removal [*3] is proper because defendants McKesson and Amerisource, whose presence defeats diversity jurisdiction, were fraudulently joined. The question of fraudulent joinder is not unique to the pending case. *See, e.g., Lame Bull v. Merck & Co., et. al*, No. 05-2465, [decision now reported at: 2006 U.S. Dist. LEXIS 7711] slip op. (E.D. Cal. January 24, 2006) (Karlton, J.) (staying case to allow remand to be decided by MDL judge); *Purcell v. Merck & Co.*, No. 05-0443, 2005 U.S. Dist. LEXIS 41239, slip op. (S.D. Cal. June 6, 2005) (same); *Johnson v. Merck & Co.*, No. C-05-02881, 2005 U.S. Dist. LEXIS 40707, slip op. at *2 (N.D. Cal. Oct. 3, 2005) (same).

Given the number of cases that present this exact jurisdictional question and the growing number of cases being transferred to the MDL proceedings, this court, like several other district courts, finds that the interest of judicial economy favors staying this action pending its transfer to the MDL proceeding. [1] For these reasons, the court hereby ORDERS that:

1. Defendant Merck's motion to stay is GRANTED;

2. Plaintiff's motion to remand is DENIED;

3. Oral argument on the motions currently set for February 20, 2007 at 10:00 a.m. is VACATED;

4. Upon entry of this order, further proceedings in this action shall be STAYED, [*4] pending transfer of the action to the MDL proceeding.

1 The court is aware that it is departing from its August 15, 2005 order on the same issue. *See Martin v. Merck & Co.*, No. S-05-750, 2005 U.S. Dist. LEXIS 41232, slip op. (E.D. Cal. Aug. 15, 2005) (Karlton, J.). Subsequent developments regarding the MDL Vioxx proceedings justify the court's change in position. Namely, since the August order was issued, over 55 cases from California that involve the identical jurisdictional issues are now before the MDL judge in the Eastern District of Louisiana. *See* Def. Merck's Opp'n to Pl.'s Mot. for Remand at 3.

IT IS SO ORDERED.

DATED: February 9, 2007.

LAWRENCE K. KARLTON

SENIOR JUDGE

UNITED STATES DISTRICT COURT

# EXHIBIT "F"

LEXSEE 2005 US DIST LEXIS 40707

**PEGGY JOHNSON, Plaintiff, v. MERCK & CO., INC., MCKESSON CORPORATION, MCKESSON PHARMACEUTICAL, INC., MCKESSON MEDICAL SUPPLY, INC., MCKESSON HBOC, INC., Defendants.**

**No. C 05-02881 MHP**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**2005 U.S. Dist. LEXIS 40707**

**October 3, 2005, Decided**
**October 4, 2005, Filed**

**COUNSEL:** [*1] For Peggy Johnson, Plaintiff: Aaron H. Simon, Richard Hobin, Ronald J. Shingler, Hobin & Shingler, LLP, Antioch, CA.

For Merck & Co., Inc., Defendant: R. Euna Kim, Michael Kevin Brown, Steven J. Boranian, Thomas J. Yoo, Reed Smith LLP, San Francisco, CA; Rosalie Euna Kim, San Francisco, CA.

For McKesson Corporation, McKesson Pharmaceutical, Inc, McKesson Medical Supply, Inc, McKesson HBOC, Inc., Defendants: Kanika D. Corley, Anthony G. Brazil, Morris Polich & Purdy LLP, Los Angeles, CA.

**JUDGES:** MARILYN HALL PATEL, District Judge.

**OPINION BY:** MARILYN HALL PATEL

**OPINION**

***MEMORANDUM & ORDER***

**Re: Motion to Remand**

On June 30, 2005 plaintiff Peggy Johnson filed her First Amended Complaint against Merck & Co., Inc. ("Merck"), the McKesson Corporation, McKesson Pharmaceutical, Inc., McKesson Medical Supply, Inc., and McKesson HBOC, Inc. ("the McKesson defendants") in the Superior Court of the State of California for the County of Alameda. The complaint seeks damages allegedly resulting from plaintiff's use of Vioxx, a drug manufactured by Merck. On July 14, 2005, Merck removed the action to this court on the basis of diversity jurisdiction. Presently before the court are plaintiff's [*2] motion to remand the action to state court and defendants' motion to stay the action pending its transfer to the multidistrict litigation ("MDL") proceeding that has been established to deal with the large volume of Vioxx-related cases in federal court.

The power to stay proceedings in the interest of judicial economy is an inherent power left to the discretion of the court. *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). In matters involving similar jurisdictional issues, deference to the MDL proceeding is often appropriate for resolution of a motion to remand, as it "provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004) (Armstrong, J.) (citing 28 U.S.C. § 1407).

Defendants' basis for removal to this court is that the McKesson defendants, whose presence in this lawsuit destroys complete diversity, are fraudulently joined. *See Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (Illston, J.). According to defendants' assertions, [*3] which plaintiff does not dispute, there are presently more than 25 California cases that involve precisely the same fraudulent joinder of the McKesson defendants already pending before the MDL judge. Due to the similarity of the issues presented, this action was included in the MDL Panel's August 24, 2005 Conditional Transfer Order. In light of the number of cases presenting issues similar to this action and the need for judicial consistency with respect to those cases, this court finds that the interest of judicial economy favors staying this action pending its transfer to MDL Proceeding No. 1657.

Upon entry of this order, further proceedings in this action shall be STAYED pending transfer of the action to MDL Proceeding No. 1657 before Judge Fallon in the Eastern District of Louisiana.

IT IS SO ORDERED.

Date: October 3, 2005

MARILYN HALL PATEL

District Judge

United States District Court

Northern District of California

# EXHIBIT "G"

**C**
Johnson v. Merck & Co., Inc.
N.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
Stanford JOHNSON, Plaintiff,
v.
MERCK & COMPANY, INC., a corporation; McKesson Corporation, a corporation; Amerisourcebergen Drug Corporation, a corporation; Does 1 to 100; Pharmaceutical Defendant Does 101 to 200, and Distributor Does 201 to 300, inclusive, Defendants.
**No. C 07-00067 WHA.**

March 8, 2007.

Bruce C. Fishelman, Geoffrey S. Wells, Attorney at Law, Timothy J. Wheeler, Greene Broillet & Wheeler LLP, Santa Monica, CA, Brian J. Panish, Kevin R. Boyle, Panish Shea & Boyle, LLP, Los Angeles, CA, Pete Kaufman, Rachael Raymon Gilmer, Troy Alan Rafferty, Levin Papantonio Thomas Mitchell Echsner & Proctor P.A., Pensacola, FL, for Plaintiff.
Amanda Jane Murray, Steven J. Boranian, Tiffany Renee Thomas, Reed Smith LLP, San Francisco, CA, Michael Kevin Brown, Thomas Joonyul Yoo, Reed Smith LLP, Los Angeles, CA, for Defendants.

**ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS**

WILLIAM ALSUP, United States District Judge.

**INTRODUCTION**

*1 In this pharmaceutical products-liability case, defendant Merck & Co., Inc. moves to stay this action pending a potential transfer to a multi-district litigation proceeding. Plaintiff Stanford Johnson moves to remand this action to state court for lack of subject-matter jurisdiction due to the absence of complete diversity. This order **GRANTS** defendant's motion for a temporary stay and defers ruling on plaintiff's motion to remand.

**STATEMENT**

This is one of two motions for a stay pending transfer to an MDL proceeding currently before the Court. Although arising in different actions, the facts pertinent to the motions to stay are nearly identical. Indeed, counsel for defendants and plaintiffs are the same in both actions, as were the briefs submitted.

Defendant Merck is a pharmaceutical company that manufactured the anti-inflammatory drug known commonly as VIOXX®. This products-liability case is one of a large number of actions filed after Merck voluntarily withdrew the drug from the market in September 2004. On February 15, 2005, an MDL panel transferred 149 actions pending at the time to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings before the Honorable Judge Eldon E. Fallon. *In re VIOXX Products Liability Litigation,* 360 F.Supp.2d 1352 (J.P.M.L.2005). Conditional transfer orders have since been issued for tag-along cases (Thomas Decl. ¶ 5). Approximately 2500 VIOXX®-related actions have been stayed in federal district courts across the country. Of these, over 350 have pending motions to remand (Thomas Reply Decl. ¶ 2). Merck notified the MDL panel that the above-captioned case was a potential tag-along action on January 12, 2007 (*id.* at ¶ 3). A conditional transfer order issued on February 1, 2007 (*ibid.*). Merck now moves for a temporary stay of this action.

Plaintiff Stanford Johnson was prescribed VIOXX® by his physicians, Dr. Louise Nurre and Dr. M. Lewandowski. He alleges that he has suffered myocardial infarction and related problems as a result of ingesting the drug (Compl.¶ 4). Johnson commenced this action on September 21, 2006, by filing a notice of adoption of the master com-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

plaint in California state court. In it, he alleges claims of (1) strict liability for failure to warn; (2) negligence; (3) negligence per se; (4) breach of implied warranty; (5) breach of express warranty; (6) deceit by concealment; (7) negligent misrepresentation; (8) violation of California Business and Professions Code Sections 17200 and 17500; and (9) violation of California Civil Code Section 1750. Plaintiff asks for general and punitive damages, as well as medical monitoring costs, injunctive relief, and disgorgement of defendants' profits from the drug.

Johnson filed a motion to remand the action for lack of subject matter jurisdiction because of the absence of complete diversity of parties. His motion was filed on February 1, 2007, but was improperly noticed for hearing. It was later renoticed for March 22, 2007, but plaintiff asks that it be heard on an expedited basis in light of the pending conditional transfer order. Plaintiff is a resident of California, as is defendant McKesson Corporation. Merck is headquartered elsewhere, while AmerisourceBergen's citizenship is uncertain.

*2 A hearing on defendant's motion to stay proceedings was held on March 8, 2007. Plaintiff did not appear.

**ANALYSIS**

The power to grant a temporary stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."*Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Plaintiff argues that the Court should rule on his motion for remand before deciding to stay this action despite its being filed later. Whether a motion to remand or a motion to stay should be decided first, however, is "extremely sensitive to the facts of the case."*Burse v. Purdue Pharma Co.,* 2004 WL 1125055 at *1 (N.D.Cal.2004). In these actions, the MDL panel correctly noted that a remand motion can just as easily be presented to and decided by the transferee judge (Thomas Decl. Exh. C. at 2). There are a large number of VIOXX®-related actions that have been stayed by other federal district courts despite pending motions to remand (*id.* at ¶ 6). Of the actions stayed, a number of the actions from California have faced the same issue raised here by plaintiff: whether the distributor defendants were fraudulently joined to defeat diversity. *See, e.g. Johnson v. Merck & Co., Inc.,* Case No. C-05-02881 (N.D.Cal. Oct. 4, 2005) (Patel, J.); *Leeson v. Merck & Co., Inc.,,* Case No. C-05-02240-WBS-PAN (E.D.Cal. Jan, 27, 2006).

Plaintiff argues that the merits of his motion to remand should be addressed before a motion to stay is granted. In view of the MDL, however, doing so would unnecessarily duplicate work, and could lead to inconsistent results. Plaintiff also argues at length in his memorandum in support of his motion to remand that defendant cannot show fraudulent joinder here because Judge Chaney of the California VIOXX Coordinated Proceeding in California Superior Court ruled that pharmaceutical distributors, such as McKesson, could be held liable for failure to warn (Woodruff Decl. Exh. A). This result will likely be taken into consideration in deciding similar motions to remand, however, to prevent inconsistent results, this should be done by the MDL panel.

It would be an inefficient use of resources to unnecessarily duplicate the efforts of the transferee judge, who will undoubtedly face most (if not all) of the same issues in dealing with the other pending remand motions. Staying the proceedings will best serve the interests of judicial economy. Moreover, granting Merck's motion for a temporary stay avoids the possibility of inconsistent rulings, which is particularly important here, because a decision to remand is not subject to appeal. 28 U.S.C. 1447(d). Finally, plaintiff has not shown that he would be unduly prejudiced by the stay. His conclusory statement regarding his deteriorating helath is insufficient. The MDL panel has already been notified of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

this potential tag-along action, and a conditional transfer order issued on February 1, 2007. Any delay will be minimal.

## CONCLUSION

*3 For all the above-stated reasons, defendant's motion for a temporary stay pending the potential transfer of this action is **GRANTED.**In the interim, this order declines to rule on plaintiff's motion to remand.

**IT IS SO ORDERED.**

N.D.Cal.,2007.
Johnson v. Merck & Co., Inc.
Slip Copy, 2007 WL 754882 (N.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "H"

**C**
Leeson v. Merck & Co., Inc.
E.D.Cal.,2006.
Only the Westlaw citation is currently available.
United States District Court,E.D. California.
Christopher LEESON, Plaintiff,
v.
MERCK & COMPANY, INC., Pfizer, Inc., McKesson Corporation, and Does 1 through 100, inclusive, Defendants.
**No. S-05-2240 WBS PAN.**

Jan. 27, 2006.

Clifford Lee Carter, Clayeo C. Arnold, A Professional Law Corporation, Sacramento, CA, for Plaintiff.
Andrea L. McDonald-Hicks, Kevin Michael Hara, Reed Smith LLP, Oakland, CA, Dana A. Blanton, Rosalie Euna Kim, Reed Smith LLP, San Francisco, CA, Peter Edward Schnaitman, Tae-Yoon Kim, Tucker Ellis and West, Los Angeles, CA, for Defendants.

*MEMORANDUM AND ORDER RE: MOTION TO REMAND AND MOTION TO STAY*

SHUBB, J.
*1 Plaintiff Christopher Leeson brought this action in the Superior Court in and for the County of Los Angeles for damages related to a myocardial infarction allegedly caused by the drugs Vioxx and Celebrex. The action was removed to this court on November 4, 2005.[FN1] Plaintiff now seeks a remand to state court and attorneys' fees incurred in connection with that motion. Defendants Merck and Pfizer oppose plaintiff's motion to remand and Merck moves the court to stay this case pending transfer to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1407.

FN1. Pursuant to the instructions of the state court, plaintiff filed his case in the Superior Court in and for the County of Los Angeles and designated Placer County as the "county of origin", which is controlling for removal purposes in the state Coordination Proceeding involving Vioxx products liability claims.

I. *Factual and Procedural Background*

Defendant Merck is a pharmaceutical company incorporated and having its principal place of business in New Jersey. Prior to September, 2004, Merck manufactured and marketed Vioxx, a nonsteroidal anti-inflammatory drug ("NSAID") used to treat arthritis and acute pain. However, on September 30, 2004, Merck voluntarily withdrew Vioxx from the market in light of evidence that patients taking the drug experienced cardiovascular complications.

Defendant Pfizer is also a pharmaceutical company, incorporated in Delaware and having its principal place of business in New York. Pfizer manufactures Celebrex, another NSAID that competes with Vioxx and allegedly presents similar risks to cardiovascular health. Celebrex, however, is still commercially available.

Multidistrict litigation ("MDL") against both companies, arising from consumption of these drugs, is currently pending in the federal courts. On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") consolidated 138 federal cases involving Vioxx and transferred them to the Eastern District of Louisiana. *See* MDL Panel Docket Nos. 1657 and 1699, CTO-35 and CTO-11 (Dec. 21, 2005). At last count, 2,680 additional Vioxx cases had been transferred there. *Id.* On September 6, 2005, the JPML similarly consolidated cases against Pfizer involving Celebrex and Bextra and transferred them to the Northern District of California. *Id.* Three hundred and forty-nine additional Celebrex/Bextra cases have since been added to that proceeding. *Id.* In cases such as the instant action, where the plaintiff brings claims against both companies, the JMPL has elected to sever the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

claims and, with the permission of the particular district court, assign them to their respective MDL proceeding. *Id.*

Plaintiff's suit is, however, further complicated by plaintiff's inclusion of a third defendant. In addition to Merck and Pfizer, the manufacturer defendants, plaintiff is suing the McKesson Corporation, a California corporation allegedly serving as the state's primary distributor of pharmaceuticals. (Pl.'s Opp'n to Def.s' Mot. to Stay Ex. 1 (Wolden Decl. at 7).) Plaintiff, also a citizen of California, contends that McKesson's involvement in this suit rendered Merck's removal of this action improper. Accordingly, he moves to remand the case to Los Angeles Superior Court where Judge Chaney is presiding over a Coordination Proceeding (JCCP No. 4247) for Vioxx lawsuits in California. In response, defendant Merck moves to stay this action [FN2] in light of Conditional Transfer Order 35, which marked this case as potentially transferrable to the MDL proceedings.[FN3] Merck argues that after the transfer is complete, the MDL courts will be in the best position to provide a uniform answer to the question presented here: whether McKesson was fraudulently joined for the purpose of defeating diversity jurisdiction.

FN2. Defendant Pfzier only filed an opposition to plaintiff's motion to remand and touched on the stay issue in that brief. Defendant McKesson has not filed papers since the case was removed.

FN3. Plaintiff opposed transfer of this matter, as conditionally ordered in MDL-1657 CTO-35 and MDL-1699 CTO-11, on January 3, 2006. Consequently, actual transfer of this action has been delayed and may yet be defeated. However, according to Merck, "to date, the Panel has rejected each and every motion to vacate a conditional transfer order that it has taken under consideration."(Def.'s Mot. to Stay 5 n. 1.)

II. *Discussion*

*2 For a federal court to have jurisdiction based on diversity, there must be complete diversity between the parties. *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir.2001). Complete diversity only exists when no defendant is a citizen of the same state as any plaintiff. *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). Therefore, because McKesson is, like plaintiff, a citizen of California, complete diversity does not exist on the face of the complaint.

However, an exception to the requirement of complete diversity exists where a non-diverse defendant has been fraudulently joined. *Morris,* 236 F.3d at 1067. " 'Fraudulent joinder' is a term of art [and] it does not reflect on the integrity of plaintiff or counsel but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists."*Lewis v. Time Inc.,* 83 F.R.D. 455, 460 (E.D.Cal.1979) (citation omitted)."[I]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," then the defendant's joinder is deemed fraudulent and is ignored for purposes of diversity.*Morris,* 236 F.3d at 1067 (quoting *McCabe v. Gen. Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987)).

A. *Order of Pending Motions*

As an initial matter, though, the court must determine which motion-plaintiff's motion to remand or Merck's motion to stay-to entertain first. Generally, jurisdiction is a preliminary matter that should be resolved before all others. *Smith v. Mail Boxes, Etc.,* 191 F.Supp.2d 1155, 1157 (E.D.Cal.2002) ("[J]urisdictional issues should be resolved before the court determines if a stay is appropriate."); *see also Villarreal v. Chrysler Corp.,* No. C-95-4414, 1996 WL 116832, at *1 (N.D.Cal. Mar.12, 1996) ("Judicial economy will best be served by addressing the remand issue [before a party's motion to stay] because a determination on this issue will facilitate litigation in the appropriate forum.").

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

However, the calculus changes somewhat when deference to a MDL court will further "the uniformity, consistency, and predictability in litigation that underlies the MDL system."*Conroy v. Fresh Del Monte Produce Inc.,* 325 F.Supp.2d 1049, 1053 (N.D.Cal.2004). Resolution of a motion to remand can be left to the transferee court when "the motion raises issues likely to arise in other actions pending in [the consolidated action]."*Id.;see alsoIn re Vioxx Prods. Liability Litigation,* 360 F.Supp.2d 1352, 1354 (J.P.M.L.2005) ("[M]otions to remand ... can be presented to and decided by the transferee judge.").

More specifically, several courts have applied the following methodology when considering simultaneous motions to remand and stay in the MDL context. "First, the court should [scrutinize] the merits of the motion to remand" and consider it in full if "this preliminary assessment suggests that removal was improper."*Conroy,* 325 F.Supp.2d at 1053. "Second, if the jurisdictional issue appears factually or legally difficult, the court should determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding."*Id.* If the second inquiry is answered affirmatively, the court should consider staying the action. *Id.;see alsoMeyers v. Bayer AG,* 143 F.Supp.2d 1044, 1048-49 (E.D.Wis.2001); *Quincy Cmty. Servs. Dist. v. Atl. Richfield Co.,* No. S-03-2582, slip op. (E.D.Cal. Mar. 24, 2004) (quoting *Meyers* ).

*3 Applying this methodology here, the court finds that a stay is in order. First, in light of Merck's fraudulent joinder arguments, removal was not *plainly* improper. In numerous cases, Merck has challenged plaintiff's inclusion of McKesson, arguing that (1) California law does not charge distributors with a duty to warn consumers of the hazards associated with prescription drugs [FN4] and (2) plaintiff has failed to sufficiently allege a connection between the drugs distributed by McKesson and those consumed by the plaintiff. *See, e.g.,Martin v. Merck & Co.,* No. S-05-750, slip op. (E.D.Cal. Aug. 15, 2005). Yet only a handful of judges have found that California law does not clearly exempt distributors from strict liability for failure to warn. *See, e.g.,Black v. Merck & Co.,* No. 03-8730, slip op. (C.D.Cal. Mar. 3, 2004) (holding that Merck failed "to show 'absolutely no possibility' that Plaintiffs could prevail on their strict liability claim against McKesson"); *Martin,* No. S-05-750.

FN4. As part of its attack on distributor liability under California law, defendants argue that state law does not recognize such a claim, and that, even if it does, federal requirements that govern the content of warning labels preempt state laws that might hold distributors liable for failure to warn. (Def. Merck's Opp'n to Pl.'s Mot. to Remand 14-15.)

Additionally, only Judge Karlton has held that evidence that a plaintiff purchased his drugs from an outlet (e.g., Safeway) whose primary supplier was McKesson demonstrates a sufficient connection between the plaintiff and the distributor.[FN5]*Martin,* No. S-05-750.In contrast, the undersigned has denied a similar motion to remand when the plaintiff failed to allege "that McKesson ... handled the specific pills that were allegedly the cause of her injuries."*Aronis v. Merck & Co.,* No. S-05-0486, slip op. (E.D.Cal. May 3, 2005).[FN6] The preliminary assessment is supposed to be a limited inquiry, undertaken only if removal was clearly improper. With just a few examples of how to handle this issue and outcomes on both sides, Merck's fraudulent joinder arguments are not clearly baseless.

FN5. Significantly though, in the Central District, Judge Walter, who has related the cases involving Merck for that region, has held that alleging that McKesson "distributed and sold Vioxx in and throughout California ... which was ingested by plaintiffs," is sufficient. *See, e.g.,Aaroe v. Merck & Co.,* No. 05-5559,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

slip op. at 2 (C.D.Cal. Sept. 1, 2005); *Aaron v. Merck & Co.*, No. 05-4073, slip op. at 2 (C.D.Cal. July 26, 2005). (*Cf.* Compl. ¶¶ 1, 13, 15 ("Plaintiff ingested and consumed the prescription drugs Vioxx® and Celebrex®, as ... distributed, marketed, ... [or] sold ['in California'] or otherwise placed in the stream of interstate commerce by ... Defendant McKesson Corporation....").)

FN6. Admittedly though, *Aronis* was based on a skimpy form complaint that differed significantly from the Master Complaint used by plaintiff's counsel in more recent cases like this one.

Second and perhaps more importantly, in the majority of cases submitted for this court's consideration, cases that have already been transferred to the MDL court or are awaiting transfer, courts have either (1) issued a stay and left the motion to remand for the MDL court to decide or (2) avoided the issue all together because the case was transferred before such motions were heard or even filed.[FN7]In October, 2005, Judge Patel of the Northern District of California noted that "there are presently more than 25 California cases that involve precisely the same fraudulent joinder of the McKesson defendants already pending before the MDL judge."*Johnson v. Merck & Co.*, No. 05-02881, slip op. at 2 (N.D.Cal. Oct.3, 2005) (granting defendant's motion to stay); *see alsoIn re Vioxx Prod. Liability Cases*, No. 05-0943, slip op. at 5 (S.D. Cal. July 11, 2005) (staying 18 consolidated cases and denying without prejudice plaintiff's motion to remand; these cases were transferred to the MDL court in late 2005); *Love v. Merck & Co.*, No. 05-2140 (E.D. Cal. filed Oct. 24, 2005) (naming McKesson as a defendant; case transferred before a motion to remand was filed); *Lagden v. Merck & Co.*, No. 05-0656 (E.D. Cal. filed Apr. 4, 2005) (same). Consequently, "identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding."[FN8]*Conroy*, 325 F.Supp.2d at 1053.

FN7. The glaring exception to this practice has been the Central District of California, where the court has routinely remanded cases involving Vioxx and McKesson. Defendants explained at oral argument that the Central District, following an approach adopted in cases before the MDL panels were created, has remanded approximately 12 cases involving McKesson. *See, e.g.,Black,* No. 03-8730, slip op. As discussed in more detail above, this approach differs from that in the Northern and Southern Districts, where at least twice as many cases have been stayed.

FN8. Although the various outstanding motions to remand in cases transferred to the MDL court all rest on the particular law of the state and circuit where the case originated, Judge Fallon, who is presiding over the Vioxx MDL, has already taken steps to group like cases. (Def.'s Reply to Mot. to Stay (Kim Decl. Ex. I (Hr'g Tr. 21, June 23, 2005)).) It is therefore safe to assume that the McKesson cases will all be considered at once and under applicable California and Ninth Circuit law.

*4 The MDL court will therefore necessarily need to rule on the alleged fraudulent joinder of McKesson. The *Conroy* methodology suggests, then, that the court should first consider Merck's motion to stay.

B. *Merck's Motion to Stay*

The power to issue a stay, as the Supreme Court has noted, "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."*Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Primarily, the court is concerned with bal-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ancing competing interests and thus should consider: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated."*Rivers v. Walt Disney Co.,* 980 F.Supp. 1358, 1360 (C.D.Cal.1997); *see alsoLandis,* 299 U.S. at 254-55;*CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir.1962).

Here, plaintiff argues that it will suffer prejudice as a result of a stay because (1) it will be forced to litigate the remand motion in a "foreign forum ... before a judge who might be less sympathetic to the plaintiff's cause" and (2) its case may be needlessly "carved ... in half" and shipped off to separate MDL proceedings for the purpose of determining that federal courts never had jurisdiction in the first place. (Pl.'s Opp'n to Def.'s Mot. to Stay 3, 13.) Plaintiff's first argument is without merit, as plaintiffs from up to 49 states in every MDL case are routinely forced to litigate pretrial motions in a foreign forum. His second argument is likewise flawed because it is based on his erroneous assumption that the Los Angeles Coordination Proceeding for Vioxx will allow him to pursue his claims against all defendants in a single litigation, at least until separate trials for the Vioxx and Celebrex/ Bextra claims begin. Judge Chaney, who is presiding over JCCP 4247, determined at a status conference on October 14, 2005 that the claims against Merck and Pfizer will, as in the federal litigation, be severed in the state litigation. (Def. Pfizer's Opp'n to Pl.'s Mot. to Remand Exs. G-H (Notice of Ruling Re: Oct. 14, 2005 Status Conference).) Therefore, plaintiff's ability to pursue his claims against all defendants in a single proceeding exists, at best, only temporarily.[FN9]

FN9. Judge Chaney intended to make a more definite ruling regarding the relationship between claims against Merck and Pfizer on November 19, 2005. This proceeding was, however, continued by the court.

*See* http:// www.lasuperiorcourt.org/civilCaseSummary/index.asp?CaseType=Civil (search term: "JCCP 4247").

On the other hand, Merck stands to suffer some hardship and inequity if the court instead addresses plaintiff's motion to remand.[FN10]If this court considers and denies plaintiff's motion to remand, plaintiff will have a second bite at the apple before the MDL court, which, as explained, will necessarily address the fraudulent joinder of McKesson in the several cases already transferred from California district courts. "Although transferee judges should generally respect any orders of a transferor judge," experience teaches that this is not always the case. *Rivers,* 980 F.Supp. at 1361 (citing examples where MDL courts have vacated or modified previous rulings). Merck should not have to defend against the same motion repeatedly brought by the same plaintiff. Alternatively, if this court determines that McKesson was not fraudulently joined and the MDL court holds otherwise, Merck will be stuck with a decision that is contrary to the decision applicable in a majority of the other similar cases against it because an order to remand is not appealable.*Kunzi v. Pan Am. World Airways, Inc.,* 833 F.2d 1291, 1293 (9th Cir.1987) ( "Remand orders ... are immune from appellate review ... even if the district court's jurisdictional decision was erroneous."). Therefore the legitimate prejudice considerations here seem to favor staying this action.

FN10. The court's analysis of the motion to stay, like the parties' briefs, largely focuses on Merck's arguments. Perhaps because the Pfizer MDL is located in plaintiff's home state of California, plaintiff has not contested, and does not plan to challenge, Pfizer's removal of cases that do not involve Merck. (Def. Pfizer's Opp'n to Pl.'s Mot. to Remand Ex. D. (Letter from Clifford Carter to Peter Schnaitman).) Consequently, although five to six cases involving McKesson are part of MDL-1699

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(according to Pfizer), it is unlikely that Judge Breyer (who is presiding over the Celebrex/Bextra MDL) will have to consider the fraudulent joinder issue since the plaintiffs do not plan to move to remand those cases. Nevertheless, should plaintiffs change their approach or tactics, Pfizer would face the same hardships that Merck will inevitably face.

***5** Moreover, the third factor, which discourages duplicative litigation, obviously favors a stay in this instance. Dozens of cases with outstanding motions to remand, which specifically contend that McKesson has not been fraudulently joined, are before the Vioxx MDL judge and thus will be disposed of uniformly. It follows then that, in the interest of judicial economy and to further the consistency that MDL proceedings aim to provide, this court should stay proceedings in this matter until a definitive transfer order issues.[FN11]

FN11. Although Judge Breyer does not face the same volume of cases presenting a fraudulent joinder question as Judge Fallon, a stay of plaintiff's claims against Pfizer, as well as his claims against Merck, is still likewise in the interests of judicial economy. As observed in note 10, in a handful of the Pfizer cases before Judge Breyer, the plaintiffs could challenge federal jurisdiction, but have declined to do so. In the event that plaintiffs change their approach to the Celebrex litigation, another California district court would be just as well equipped as this court to address the fraudulent joinder question. Moreover, Judge Breyer, unlike the undersigned, could resolve this issue in several cases at once.

IT IS THEREFORE ORDERED that:

(1) defendant Merck's motion to stay be, and the same hereby is, GRANTED;

(2) plaintiff's motion to remand be, and the same hereby is, DENIED WITHOUT PREJUDICE; and

(3) plaintiff's motion for attorneys' fees and costs be, and the same hereby is, DENIED.[FN12]

FN12. An order directing "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" is only warranted when the motion to remand is granted. *See*28 U.S.C. § 1447(c).

E.D.Cal.,2006.
Leeson v. Merck & Co., Inc.
Slip Copy, 2006 WL 3230047 (E.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "I"

LEXSEE 2005 U.S. DIST. LEXIS 41239

**ROBERT V. PURCELL, Plaintiff, v. MERCK & CO., INC., a New Jersey corporation; McKESSON CORP., a California corporation, Defendants.**

**Civil No. 05cv0443-L(BLM)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

**2005 U.S. Dist. LEXIS 41239**

**June 3, 2005, Decided**
**June 6, 2005, Filed**

**COUNSEL:** [*1] For ROBERT V PURCELL, Plaintiff: Loren G Freestone, Hurst and Hurst, San Diego, CA.

For MERCK & CO, A New Jersey Corporation, Defendant: Michael K Brown, Reed Smith, Los Angeles, CA.

**JUDGES:** M. JAMES LORENZ, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** M. JAMES LORENZ

**OPINION**

**ORDER: (1) GRANTING DEFENDANT MERCK & CO., INC.'S *EX PARTE* APPLICATION TO STAY; (2) DENYING PLAINTIFF'S MOTION TO STRIKE; AND (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO REMAND**

[Docket Nos. 7, 16, 17]

This matter comes before the Court on: (1) Defendant Merck & Co., Inc.'s *Ex Parte* Application for an Order Staying All Proceedings Pending the Transfer Decision by the Judicial Panel on Multidistrict Litigation; and (2) Plaintiffs Motion to Remand. The Court finds these matters suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

**BACKGROUND**

Defendant Merck manufactured, marketed, and sold the pain prescription drug VIOXX beginning in 1999. On September 30, 2004, Merck voluntarily withdrew VIOXX from the market, citing "an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients [*2] taking VIOXX(r) compared with those taking placebo." (McDonald-Hicks Decl. P 2.) As of that date, numerous cases regarding VIOXX had been filed throughout the nation. *Id.* P 3. Following Merck's voluntary withdrawal of the drug off the market, hundreds of additional lawsuits regarding VIOXX were filed.

Plaintiff filed an action in San Diego Superior Court against Merck on October 13, 2004. (Merck's Notice of Removal P 1.) On October 19, 2004, Merck removed the case to this Court, and six days later Plaintiff voluntarily dismissed the action. *Id.* Plaintiff re-filed the action in San Diego Superior Court, and on January 27, 2005 filed an amended complaint against Merck and McKesson Corporation, alleging: violation of California Consumer Legal Remedies Act; unfair competition; unjust enrichment; conversion; negligence; and strict products liability.

On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") established Multidistrict Litigation ("MDL") Proceeding No. 1657, *In re VIOXX Products Liability Litigation*, and directed 148 actions from 41 federal districts to be transferred to Judge Eldon E. Fallon of the Eastern District of Louisiana for coordinated [*3] pretrial proceedings. (McDonald-Hicks Decl. P 4; McDonald-Hicks Decl. Ex. A.) All of these actions focus on alleged increased health risks when taking VIOXX, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. (McDonald-Hicks Decl. Ex. A at 2.)

On March 4, 2005, Merck removed this action to this Court based on diversity jurisdiction. Merck asserted that although McKesson is a California corporation, it was fraudulently joined in this lawsuit and therefore its citizenship should not be considered for jurisdictional purposes. Shortly thereafter, Merck filed an *Ex Parte* Application for an Order Staying All Proceedings Pend-

ing the Transfer Decision by the Judicial Panel on Multidistrict Litigation.

The JPML's April 5, 2005 Conditional Transfer Order No. 5 transferred this case to the MDL proceeding. (McDonald-Hicks Decl. P 5; *id.* Ex. B.) Plaintiff filed an objection to transfer with the MDL court, and its motion to vacate the Conditional Transfer Order will be heard at the next JPML hearing session. *Id.* P 5.

On April 13, 2005, Plaintiff filed a motion to remand, arguing that McKesson is a properly-named party [*4] to this action, and because it is a California corporation, this Court cannot exercise diversity jurisdiction over this action.

## LEGAL STANDARDS

### I. Motions to Remand

The federal court is one of limited jurisdiction. *See Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id. (quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868)). District courts must construe the removal statues strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

Removal jurisdiction is governed by 28 U.S.C. § 1441. A state court [*5] action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, where removal is based upon diversity jurisdiction, the defendant must show (1) complete diversity among opposing parties and (2) an amount in controversy exceeding $ 75,000. *See* 28 U.S.C. § 1332(a).

### II. Motions to Stay

A district court's discretion to stay an action pending a ruling on the transfer of a case to an MDL court "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. American Water Works & Elec. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). When ruling on a motion to stay, the district court should consider three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in [*6] fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

## DISCUSSION

Merck seeks a stay of this action pending the JPML's decision whether to transfer this action to the MDL court. Plaintiff objects to a stay, arguing the remand motion must be decided first, and contends diversity jurisdiction does not exist. Merck responds that numerous courts have determined judicial efficiency and consistency are promoted by deferring ruling on pending remand motions until after the JMPL has transferred a case. [1]

> 1 In support of its motion to stay, Merck cited to and attached numerous unpublished orders from district courts throughout the country. Plaintiff objects to Merck's reliance on those decisions, and has filed a motion to strike their citation under Ninth Circuit Rule 36-3. Plaintiff's argument is without merit. This Court, as well as others in this Circuit, have held that Ninth Circuit Rule 36-3 only applies to unpublished decisions from the Ninth Circuit and does not bar citation to unpublished opinions of courts other than the Ninth Circuit. *Herring v. Teradyne, Inc.*, 256 F. Supp. 2d 1118, 1128 n.2 (S.D. Cal. 2002); *Alvarenga-Villalobos v. Reno*, 133 F. Supp. 2d 1164, 1168 (N.D. Cal. 2000); *In re Antablian*, 140 B.R. 534, 536 (C.D. Cal. 1992). Although these unpublished decisions are not binding, the Court can consider them when ruling on Merck's application. *See Herring*, 256 F. Supp. 2d at 1128 n.2. Accordingly, Plaintiffs Motion to Strike Citation, Reference, and Lodgment of Non-Published Authorities is **DENIED.**

[*7] Although generally this Court would address matters relating to subject matter jurisdiction first, the possibility this case may be transferred to Judge Fallon and become part of the MDL action persuades this Court to stay this action. The pendency of a remand motion does not bar inclusion in an MDL proceeding, as the transferee court can decide the motion. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). Indeed, the JPML noted this general rule when first creating the VIOXX MDL proceeding. (McDonald-Hicks Decl. Ex. A at 2.)

The Court concurs with the decisions of other district judges finding that judicial economy and efficiency are best served by a stay. This action, like the ones in the MDL proceeding, alleges that Merck misrepresented

VIOXX's safety and failed to disclose material information regarding the drug's side effects. (Amended Compl. P 13.) Accordingly, it appears this case contains "one or more common questions of fact" with the MDL action that may warrant its transfer to the Eastern District of Louisiana. *See* 28 U.S.C. § 1407. Further, it is apparent that whether certain defendants have been fraudulently joined is an issue common [*8] to several of the cases being considered for consolidation by the JPML. *(See* McDonald-Hicks Decl. P 12.) By allowing a single court to determine this issue, judicial resources will be conserved and the risk of inconsistent rulings is avoided.

Under the circumstances presented, the potential prejudice to Plaintiff is minimal as the JPML should be soon considering his motion to vacate the Conditional Transfer Order. If the JMPL grants Plaintiff's motion, Plaintiff may renew his motion to remand with this Court. In contrast, the risk of hardship to Merck is great absent a stay. Given the numerous actions currently pending, Merck faces a significant risk of duplicate discovery and motion practice should this case proceed. This Court agrees with Judge Paul Huck of the United States District Court for the Southern District of Florida and Judge M. Christina Armijo of the United States District Court for the District of New Mexico that the hundreds of pending VIOXX cases "should, as a general proposition, be treated consistently so that no one plaintiff or plaintiff group has an advantage over the others with regard to the ability to prosecute claims in a timely manner." *Fontanilles* [*9] *v. Merck & Co.*, Case No. 04-22799-CIV-HUCK (S.D. Fla. Dec. 14, 2004); *Pace v. Merck & Co.*, No. CIV 04-1356 MCA/ACT (D. N.M. Jan. 10, 2005). Accordingly, the Court will grant Merck's motion to stay and deny without prejudice Plaintiff's motion to remand.

## CONCLUSION

Having reviewed the parties' briefs and applicable law, and considered the interests of judicial economy and consistency, **IT IS HEREBY ORDERED:**

1. Merck's *Ex Parte* Application for an Order Staying All Proceedings Pending the Transfer Decision by the Judicial Panel on Multidistrict Litigation is **GRANTED.**

2. This action is **STAYED** pending a final transfer decision by the JPML.

3. Plaintiff's Motion to Strike Citation, Reference, and Lodgment of Non-Published Authorities is **DENIED.**

4. Plaintiff's Motion to Remand is **DENIED WITHOUT PREJUDICE.** Plaintiff may renew his motion to remand if this case is not transferred to the MDL action.

5. Should the JPML decide this action will not be transferred to the MDL proceeding, Plaintiff shall notify the Court in writing within 10 days of the JPML's decision and should contact chambers to schedule a hearing date on a renewed motion [*10] to remand.

**IT IS SO ORDERED.**

Dated: June 3, 2005

M. JAMES LORENZ

UNITED STATES DISTRICT JUDGE

# EXHIBIT "J"

Vantine v. Merck & Co., Inc.
E.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,E.D. California.
Wendel VANTINE, individually and as successor in interest to Maxine Lillian Vantine, deceased, Plaintiff,
v.
MERCK & CO., INC., et al, Defendants.
**No. CIV. S-06-2851 LKK/EFB.**

Feb. 12, 2007.

Alissa S. Holt, Hackard and Holt, Andrea J. McNeil, Gold River, CA, for Plantiff.
Kevin Michael Hara, Reed Smith LLP, Oakland, CA, Anthony G. Brazil, Kanika D. Corley, Morris Polich & Purdy, LLP, Peter Edward Schnaitman, Tae-Yoon Kim, Tucker Ellis and West, Los Angeles, CA, for Defendants.

*ORDER*

LAWRENCE K. KARLTON, United States District Court Senior Judge.
*1 Plaintiff Wendel Vantine commenced this action against Merck & Co., Inc. ("Merck") on September 25, 2006 in California Superior Court for alleged injuries caused by the prescription drug Vioxx. Merck removed this action to federal court on diversity jurisdiction on December 15, 2006. Plaintiff now moves to remand, asserting that removal was improper and that this court lacks jurisdiction. Merck moves to stay the action pending its transfer to the Judicial Panel on Multidistrict Litigation ("JPML") proceeding that has been established to deal with the large volume of Vioxx-related cases in federal court.

**I. Background**

This case is one of hundreds of cases regarding Vioxx. On February 16, 2005, the MDL panel consolidated and transferred 148 federal cases involving Vioxx to the Eastern District of Louisiana. *In re Vioxx Prods. Liab. Litig.,* 360 F.Supp.2d 1352 (J.P.M.L.2005). The MDL panel held that the "nearly 300 potentially related actions in multiple federal districts ... will be treated as potential tag-along cases."*Id.* at 1352 n. 1. Similarly, on September 6, 2005, the JPML established MDL-1699 to coordinate pretrial proceedings in actions regarding Bextra and Celebrex.

Merck provided notice to the JPML of this action on December 19, 2006. Defendant Pfizer also provided notice to the JPML of this action on December 18, 2006. On January 25, 2007, the JPML had listed this case on a conditional transfer order.

**II. Analysis**

The power to stay proceedings in the interest of judicial economy is an inherent power left to the discretion of the court. *Landis v. North Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). In cases involving similar jurisdictional questions, deference to the MDL proceeding is often appropriate when "the motion raises issues likely to arise in other actions pending in [the consolidated action]."*Conroy v. Fresh Del Monte Produce Inc.,* 325 F.Supp.2d 1049, 1053 (N.D.Cal.2004).

Here, Merck asserts that removal is proper because defendants McKesson and Amerisource, whose presence defeats diversity jurisdiction, were fraudulently joined. The question of fraudulent joinder is not unique to the pending case. *See, e.g., Lame Bull v. Merck & Co., et. al,* No. 05-2465, slip op. (E.D.Cal. January 24, 2006) (Karlton, J.) (staying case to allow remand to be decided by MDL judge); *Purcell v. Merck & Co., et. al,* No. 05-0443, slip op. (S.D. Cal. June 6, 2005) (same); *Johnson v. Merck & Co.,* No. C-05-02881, slip op. at *2 (N.D.Cal. Oct. 3, 2005) (same).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Given the number of cases that present this exact jurisdictional question and the growing number of cases being transferred to the MDL proceedings, this court, like several other district courts, finds that the interest of judicial economy favors staying this action pending its transfer to the MDL proceeding.[FN1] For these reasons, the court hereby ORDERS that:

FN1. The court is aware that it is departing from its August 15, 2005 order on the same issue. *See Martin v. Merck & Co.*, No. S-05-750, slip op. (E.D.Cal. Aug. 15, 2005) (Karlton, J.). Subsequent developments regarding the MDL Vioxx proceedings justify the court's change in position. Namely, since the August order was issued, over 55 cases from California that involve the identical jurisdictional issues are now before the MDL judge in the Eastern District of Louisiana. *See* Def. Merck's Opp'n to Pl.'s Mot. for Remand at 3.

1. Defendant Merck's motion to stay is GRANTED;

***2** 2. Plaintiff's motion to remand is DENIED;

3. Oral argument on the motions currently set for February 20, 2007 at 10:00 a.m. is VACATED;

4. Upon entry of this order, further proceedings in this action shall be STAYED, pending transfer of the action to the MDL proceeding.

IT IS SO ORDERED.

E.D.Cal.,2007.
Vantine v. Merck & Co., Inc.
Slip Copy, 2007 WL 516389 (E.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.