Deborah C. Prosser (SBN 109856)
Stephanie A. Hingle (SBN 199396)
KUTAK ROCK LLP
515 So. Figueroa Boulevard, Suite 1240
Los Angeles, CA 90071
Telephone:  (213) 312-4000
Facsimile:   (213) 312-4001
Email:  Deborah.Prosser@KutakRock.com
Email:  Stephanie.Hingle@KutakRock.com

Attorneys for Defendants
GENERAL ELECTRIC COMPANY and
GE HEALTHCARE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND

| | |
|---|---|
| CAROL MOORHOUSE and JAMES MOORHOUSE,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; COVIDIEN, INC.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35,<br><br>Defendants. | Case No. 3:08-CV-01831 SBA<br><br>**DEFENDANTS GENERAL ELECTRIC COMPANY AND GE HEALTHCARE INC.'S REPLY IN SUPPORT OF APPLICATION TO STAY ALL PROCEEDINGS PENDING TRANSFER TO THE MDL**<br><br>**[Jury Trial Demanded]**<br><br>(San Francisco County Superior Court, Case No.: CGC-08-472978)<br><br>Reserved Hearing:<br><br>Date:       June 10, 2008<br>Time:       1:00 p.m.<br>Courtroom:  3, Third Floor |

Defendants General Electric Company and GE Healthcare Inc. hereby submit their Reply in Support of Application to Stay All Proceedings Pending Transfer to the MDL.

///

I.  INTRODUCTION

In their Opposition, Plaintiffs argue that their Motion for Remand ("Remand Motion") should be heard before the GE Defendants' Application to Stay All Proceedings ("Stay Application") because a stay would be inefficient (Plaintiffs' Opposition, p. 5) and the GE Defendants would not suffer any hardship (Plaintiffs' Opposition, p. 6). However, correct application of the test set forth in *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp.2d 1049, 1053 (N.D. Cal. 2004), cited by Plaintiffs to support their Opposition, compels that a stay be entered to allow the MDL court to decide the remand issue.

Accordingly, the GE Defendants request that the previously filed Stay Application be granted, and ruling on the Remand Motion deferred, to prevent potentially inconsistent rulings, in light of the pending transfer[1] of this case to Multi-District Litigation ("MDL") Court in the United States District Court, Northern District of Ohio, before the Hon. Dan A. Polster ("In Re: Gadolinium-Based Contrast Agent Products Liability Litigation," MDL-1909).

II.  LAW AND ARGUMENT

   A.  **This Court Should Defer Ruling on the Remand Motion**

This case is already the subject of a Conditional Transfer Order and it is anticipated that transfer will be complete in July 2008 pending resolution by the MDL Court of Plaintiffs' Motion to Vacate. (See Hingle Decl. at ¶ 2.) This important factor militates in favor of this Court deferring any ruling on the Remand Motion and granting the Stay Application. In contrast, Plaintiffs' ill-advised request to have their Remand Motion ruled upon prior to the Court considering the earlier filed Stay Motion conflicts with the doctrines of judicial economy and equity, and with established practice in the Northern District of California.

---

[1] On May 8, 2008, the JPML Panel acknowledged receipt of Plaintiffs' Notice of Opposition to Conditional Transfer Order and set a briefing schedule. (See Exhibit "A.") On May 22, 2008, Plaintiffs filed their Motion to Vacate. Per JPML rules, the GE Defendants' Opposition will be due on or before June 11, 2008. It is anticipated that the motion will be set for hearing in July 2008. (See Declaration of Stephanie A. Hingle at ¶ 3.)

Instead, judicial economy will be well-served by deferring the Remand Motion. Generally, federal courts should resolve jurisdictional issues before determining whether a stay is appropriate. (See *Smith v. Mail Boxes, Etc.*, 191 F.Supp.2d 1155, 1157 (E.D. Cal. 2002). However, "the calculus changes somewhat when deference to a MDL court will further 'the uniformity, consistency, and predictability in litigation that underlies the MDL system.'" (*Leeson v. Merck & Company*, 2006 WL 3230047 *1 (quoting *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F.Supp.2d 1049, 1053 (N.D. Cal. 2004).)

Under these circumstances, courts have consistently ruled that the case should be stayed and the motion to remand deferred to the MDL court. (See *Johnson v. Merck & Company*, 2007 WL 754882; see also *Leeson v. Merck & Company*, 206 WL 3230047 *1 (E.D. Cal.) (stay granted prior to consideration of remand motion although transfer to MDL had not been ordered).)

In *Johnson v. Merck & Company*, the Court ruled in virtually identical circumstances that the granting of a motion to stay pending transfer of the case to an MDL obviates any need for a ruling on the motion for remand. *Johnson* was one of multiple cases filed nationwide against Merck & Company related to the drug VIOXX®. (See *Johnson v. Merck & Company*, 2007 WL 754882 *2.) As in the instant case, the plaintiff in *Johnson* also named McKesson Corporation as an alleged non-diverse defendant in order to defeat removal jurisdiction. The VIOXX® defendants filed a motion to temporarily stay the case pending transfer to an established MDL. Plaintiffs sought to trump the stay issue by filing a motion for remand based upon absence of diversity jurisdiction, and seeking to have the remand motion heard prior to the stay motion. (See *Id.*)

The Court granted the motion for stay and declined to rule on the motion for remand, stating:

///

///

Plaintiff argues that the merits of his motion to remand should be addressed before a motion to stay is granted. In view of the MDL, however, doing so would unnecessarily duplicate work, and could lead to inconsistent results....It would be an inefficient use of resources to unnecessarily duplicate the efforts of the transferee judge, who will undoubtedly face most (if not all) of the same issues in dealing with the other pending remand motions. (See *Id.*)

Where, as here, removal is proper, the Remand Motion should await the ruling by Judge Polster, who can rule consistently on all remand issues. Otherwise, there will be a high likelihood of inconsistent rulings, duplicative work and inefficient use of resources by local district courts, including the instant Court.

**B.   Correct Application of the *Conroy* Methodology Warrants Granting a Stay**

Contrary to Plaintiffs' assertion, *Conroy* supports the issuance of a stay in this particular case. The *Conroy* Court did, as Plaintiffs assert, provide a methodology by which to decide competing remand and stay motions. However, Plaintiffs misstate the *Conroy* "steps." The *Conroy* Court set forth the legal standard for determining a motion for stay as follows:

> The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within this Court's discretion. * * * Often, deference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.

(*Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp.3d at 1053.) After reiterating this standard, the *Conroy* Court articulated the following methology; first preliminarily assess the merits of jurisdiction and determine whether removal was clearly improper; <u>then</u>, if the Court determines that the jurisdictional issue appears factually or legally difficult and there are there are similar or identical

issues raised in other cases that have been or may be transferred to the MDL, the action <u>should</u> be stayed. (See *Id.*)

Unlike the instant case, it was not necessary for the *Conroy* Court to go beyond the preliminary jurisdiction assessment because the Court found that removal was clearly improper. (See *Id.* at 1053-54.) Removal in Conroy was based on federal question, not diversity jurisdiction, and the Court found that removal was improper because the plaintiff's complaint did not allege a specific state or federal theory and an alternative state-law theory existed. (See *Id.* at 1054.) Here, jurisdiction is based on diversity and the jurisdictional issues raised in Plaintiffs' Remand Motion are complex as set forth more fully in the Notice of Removal and Opposition to Motion for Remand.

Contrary to Plaintiffs' assertion, there are also identical or similar remand issues present in the following cases: (1) this case, (2) *Geffen vs. General Electric Company, et. al.*, Civil Action No. 2:08-cv-1110 SGL (JCRx) (Central District of California, Eastern Division), (3) *Harris v. Bayer Healthcare Pharmaceuticals, Inc.*, Civil Action No. 2:08-cv-01896 (Central District of California, Eastern Division), (4) *Shelton v. General Electric Company, et al.*, Civil Action No. 07-01951 (Western District of Louisiana), and (5) *Ethington v. General Electric Company, et. al.* Civil Action No. 05985-MLC-TJB (District of New Jersey, Trenton Division). (See Hingle Decl. at ¶ 4.)

Specifically, these cases will require resolution of issues relating to fraudulent joinder of non-diverse defendants. With respect to the cases pending in California, this case and *Geffen and Harris* (pending in the Central District of California), will all require a determination of whether distributor defendants McKesson and Merry X-Ray were fraudulently joined. Similarly, these three cases will require a determination of the viability of a cause of action under the Consumer Legal Remedies Act for prescription products. (See Hingle Decl. at ¶ 5.)

///

In addition, in the future as other GBCA cases are filed, remand issues will likely be prevalent. Absent a stay, there is a distinct possibility of inconsistent rulings by different federal district courts on virtually identical remand issues.

### C. The GE Defendants Will Suffer Prejudice If The Remand Motion is Heard First

The GE Defendants will be prejudiced if the Court addresses the Remand Motion prior to the Stay Application. Courts have consistently recognized the prejudice and hardship that will result if Plaintiffs' Remand Motion is heard first.

If this Court denies Plaintiffs' Remand Motion, then Plaintiffs will have a "second bite at the apple" once the case is transferred to the MDL court since the MDL court will necessarily address the issue of fraudulent joinder of non-diverse defendants. (See *Leeson v. Merck & Company*, 2006 WL 3230047 *4.) "'Although transferee judges generally respect any orders of a transferor judge,' experience teaches that this not always the case." (*Id.* (citing *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1361 (C.D. Cal. 1997).) The GE Defendants should not have to defend against the same motion repeatedly brought by the same plaintiff. (See *Leeson v. Merck & Company*, 2006 WL 3230047 *4.)

If this Court finds that the non-diverse defendants were not fraudulently joined, and the MDL court holds otherwise in other cases across the country where non-diverse facilities and distributors are also named, the GE Defendants will be burdened with a contrary decision because an order to remand is not appealable. (See *Id.*)

///
///
///
///
///
///

## III. CONCLUSION

For all of the foregoing reasons, the GE Defendants respectfully request that this Court grant its Stay Application and defer ruling on Plaintiffs' Motion to Remand pending transfer to MDL-1909.

Dated: May 27, 2008                    KUTAK ROCK LLP

By: *Stephanie Hingle*
Deborah C. Prosser
Stephanie A. Hingle
Attorneys for Defendants
GENERAL ELECTRIC COMPANY
and GE HEALTHCARE INC.

1  Deborah C. Prosser (SBN 109856)
   Stephanie A. Hingle (SBN 199396)
2  KUTAK ROCK LLP
   515 So. Figueroa Boulevard, Suite 1240
3  Los Angeles, CA 90071
   Telephone: (213) 312-4000
4  Facsimile:  (213) 312-4001
   Email: Deborah.Prosser@KutakRock.com
5  Email: Stephanie.Hingle@KutakRock.com

6  Attorneys for Defendants
   GENERAL ELECTRIC COMPANY and
7  GE HEALTHCARE INC.

8              UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA, OAKLAND

10

11 | CAROL MOORHOUSE and           | Case No. 4:08-CV-01831 SBA
   | JAMES MOORHOUSE,              |
12 |                               |
   |         Plaintiffs,           |
13 |                               | DECLARATION OF STEPHANIE A.
   |    v.                         | HINGLE IN SUPPORT OF
14 |                               | DEFENDANTS GENERAL
   | BAYER HEALTHCARE              | ELECTRIC COMPANY AND GE
15 | PHARMACEUTICALS, INC.;        | HEALTHCARE INC.'S STAY
   | BAYER HEALTHCARE LLC;         | APPLICATION REPLY
16 | GENERAL ELECTRIC              |
   | COMPANY; GE HEALTHCARE,       | [Jury Trial Demanded]
17 | INC.; COVIDIEN, INC.;         |
   | MALLINCKRODT, INC.;           | (San Francisco County Superior Court,
18 | BRACCO DIAGNOSTICS, INC.;     | Case No.: CGC-08-472978)
   | McKESSON CORPORATION;         |
19 | MERRY X-RAY CHEMICAL          | Reserved Hearing:
   | CORP.; and DOES 1 through 35, |
20 |                               | Date:  June 10, 2008
   |         Defendants.           | Time:  1:00 p.m.
21 |                               | Place: Courtroom 3, Third Floor

22

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

# DECLARATION OF STEPHANIE A. HINGLE

I, Stephanie A. Hingle, declare and say that:

1. I am an attorney duly licensed to practice before all of the Courts of the State of California and am admitted to the United States District Court, Central District of California. I am Of Counsel at Kutak Rock LLP, attorneys of records for Defendants General Electric Company and GE Healthcare Inc. ("GE Defendants") in this action. All of the facts stated herein are of my own personal knowledge, and as to those facts stated upon information and belief, I have conducted diligent investigation and have satisfied myself as to the accuracy of the facts herein stated.

2. This case is already the subject of a Conditional Transfer Order and it is anticipated that transfer will be complete in July 2008 pending resolution by the MDL Court of Plaintiffs' Motion to Vacate.

3. On May 8, 2008, the JPML Panel acknowledged receipt of Plaintiffs' Notice of Opposition to Conditional Transfer Order and set a briefing schedule. A true and correct copy of the May 8, 2008 JPML letter is attached hereto as Exhibit "A." On May 22, 2008, Plaintiffs filed their Motion to Vacate. Per JPML rules, the GE Defendants' Opposition will be due on or before June 11, 2008. It is anticipated that the motion will be set for hearing in July 2008.

4. I am informed and believe that currently there are identical or similar remand issues present in the following cases: (1) this case, (2) *Geffen vs. General Electric Company, et. al.*, Civil Action No. 2:08-cv-1110 SGL (JCRx) (Central District of California, Eastern Division), (3) *Harris v. Bayer Healthcare Pharmaceuticals, Inc.*, Civil Action No. 2:08-CV-01896 (Central District of California, Eastern Division), (4) *Shelton v. General Electric Company, et al.*, Civil Action No. 07-01951 (Western District of Louisiana), and (5) *Ethington v. General Electric Company, et. al.* Civil Action No. 05985-MLC-TJB (District of New Jersey, Trenton Division).

5. I am informed and believe that all of the above will require resolution of issues relating to fraudulent joinder of non-diverse defendants. With respect to the cases pending in California, this case and *Geffen and Harris* (pending in the Central District of California), will all require a determination of whether distributor defendants McKesson and Merry X-Ray were fraudulently joined. Similarly, these three cases will require a determination of the issue of viability of a cause of action under the Consumer Legal Remedies Act for prescription products.

I declare under penalty of perjury under the laws of United States of America and f the State of California, that the foregoing is true and correct.

Executed this 27th day of May, 2008, in Los Angeles, California.

*[signature]*
STEPHANIE A. HINGLE

# EXHIBIT "A"

Case 4:08-cv-01831-SBA   Document 38-3   Filed 05/27/2008   Page 2 of 4

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888
http://www.jpml.uscourts.gov

May 8, 2008

Laura Brandenberg, Esq.
LEVIN SIMES KAISER & GORNICK LLP
44 Montgomery Street
36th Floor
San Francisco, CA 94104

Re: MDL No. 1909 -- IN RE: Gadolinium Contrast Dyes Products Liability Litigation

    Carol Moorhouse, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al.,
        N.D. California, C.A. No. 4:08-1831  (Judge Saundra Brown Armstrong)

Motion and Brief Due on or before: **May 23, 2008**

Dear Ms. Brandenberg:

    We have received and filed your Notice of Opposition to the proposed transfer of the referenced matter for coordinated or consolidated pretrial proceedings. In accordance with Rule 7.4(c) of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435 (2001), the conditional transfer order is stayed until further order of the Panel. You must adhere to the following filing requirements:

1) **Your Motion and Brief to Vacate the Conditional Transfer Order must be received in the Panel office by the due date listed above. An ORIGINAL and FOUR** copies of all pleadings, as well as a **COMPUTER GENERATED DISK** of the pleading in Adobe Acrobat (PDF) format, are currently required for filing. **Fax transmission of your motion and brief will not be accepted.** *See* Panel Rule 5.12(d). **Counsel filing oppositions in more than one action are encouraged to consider filing a single motion and brief with an attached schedule of actions.**

2) **Papers must be served on the enclosed Panel Service List. Please attach a copy of this list to your certificate of service.** (Counsel who have subsequently made appearances in your action should be added to your certificate of service).

3) **Rule 5.3 corporate disclosure statements are due within 11 days of the filing of the motion to vacate.**

4) **Failure to file and serve the required motion and brief within the allotted 15 days will be considered a withdrawal of the opposition and the stay of the conditional transfer order will be lifted.**

Exh. A
-5-

Any recent official change in the status of a referenced matter should be brought to the attention of the clerk's office as soon as possible by facsimile at (202) 502-2888. Your cooperation would be appreciated.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By *Dana L. Stewart*
Deputy Clerk

Enclosure

cc:    Panel Service List
      Transferee Judge:   Judge Dan A. Polster
      Transferor Judge:   Judge Saundra Brown Armstrong

JPML Form 37

IN RE: GADOLINIUM CONTRAST DYES PRODUCTS
LIABILITY LITIGATION

MDL No. 1909

## PANEL SERVICE LIST (Excerpted from CTO-5)

Carol Moorhouse, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al.,
N.D. California, C.A. No. 4:08-1831  (Judge Saundra Brown Armstrong)

Galen Driscoll Bellamy
WHEELER TRIGG KENNEDY LLP
1801 California Street
Suite 3600
Denver, CO 80202

Laura Brandenberg
LEVIN SIMES KAISER & GORNICK LLP
44 Montgomery Street
36th Floor
San Francisco, CA 94104

Peter J. Brodhead
SPANGENBERG SHIBLEY & LIBER LLP
1900 East Ninth Street
Suite 2400
Cleveland, OH 44114

Michael L. Fox
SEDGWICK DETERT MORAN
& ARNOLD LLP
One Market Plaza Steuart Tower
8th Floor
San Francisco, CA 94105

Stephanie A. Hingle
KUTAK ROCK LLP
515 South Figueroa Street
Suite 1240
Los Angeles, CA 90071-3329

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street
20th Floor
San Francisco, CA 94105-2235

Aggie Byul Lee
TUCKER ELLIS & WEST LLP
515 South Flower Street
42nd Floor
Los Angeles, CA 90017-2223

Deborah A. Moeller
SHOOK HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613

Frank C. Rothrock
SHOOK HARDY & BACON LLP
Jamboree Center, Suite 1600
5 Park Plaza
Irvine, CA 92614-2546

Amy W. Schulman
DLA PIPER US LLP
1251 Avenues of the Americas
27th Floor
New York, NY 10020-1104

Susan M. Sharko
DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, NJ 07932-1047

Thomas N. Sterchi
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road
Suite 500
Kansas City, MO 64108-2504