Lawrence J. Gornick (SBN 136290)
Debra DeCarli (SBN 237642)
Laura M. Brandenberg (SBN 238642)
**LEVIN SIMES KAISER & GORNICK LLP**
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: (415) 646-7160
Fax: (415) 981-1270
lgornick@lskg-law.com
ddecarli@lskg-law.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

| | |
|---|---|
| CAROL MOORHOUSE and JAMES MOORHOUSE,<br><br>Plaintiffs,<br><br>vs.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; COVIDIEN, INC.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35<br><br>Defendants. | Case No: 4:08-cv-01831-SBA<br><br>**(San Francisco County Superior Court, Case No.: CGC-08-472978)**<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>Date:       June 10, 2008<br>Time:      1:00 p.m.<br>Courtroom:   3, Third Floor |

## I. INTRODUCTION

Defendants General Electric Company, GE Healthcare Inc. and Bracco Diagnostics Inc. collectively, "Removing Defendants") have failed to meet their burden of proving that Plaintiffs have no possible cause of action against either McKesson or Merry X- Ray (collectively, "California Defendants"). Additionally, Removing Defendants have advanced no sound arguments in support of their request to defer ruling on Plaintiffs' Motion for Remand. Plaintiffs Motion for Remand should be granted.

## II. SUMMARY OF REMOVING DEFENDANTS' ARGUMENT

Removing Defendants advance the following four arguments in opposition to Plaintiffs' Motion for Remand:

1) Plaintiffs have failed to allege a factual basis between the California Defendants and the GBCAs that caused Plaintiff Carol Moorhouse's injuries;

2) The California Defendants are immune from tort liability under California law;

3) Plaintiffs' CLRA claim is not proper; and

4) GE's Application to Stay Pending Transfer to the MDL should be heard prior to Plaintiffs' Motion for Remand.

For the following reasons, each of Removing Defendants' arguments fail.

## III. LEGAL ANALYSIS

### A. Removing Defendants Have Not Met Their Burden of Proof.

There is a presumption against a finding of fraudulent joinder and defendants asserting it have a "heavy burden of persuasion." *Plute v. Roadway Package Sys. Inc.* 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001); *Black, v. Merck & Company, Inc.,* 2004 U.S. Dist. Lexis 29860, *6 (Case No. 038730 C.D. Cal. 2004). Any disputed factual issues, ambiguities in state law or doubts arising from "inartful, ambiguous or technically defective pleading must be resolved in favor of remand." *Plute*, 141 F. Supp. 2d at 1008. For a removing party to meet its burden of proof for fraudulent joinder, plaintiff's failure to state a claim must be "obvious" according to settled rules of the state. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). To determine jurisdiction, the Court need not find that Plaintiffs can prove a legally cognizable claim against either California Defendant, only that they have pled one under state law. *Briggs v. Lawrence*, 230 Cal. App. 3d 605, 610 (9th Cir. 1991). "[R]emand must be granted unless the defendant can show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Gerber v. Bayer,* 2008 U.S. Dist. Lexis 12174 *7 (Case No. 07-05918, N.D. Cal. 2008)(remanding a GBCA case in which McKesson and Merry X-Ray were defendants).

Defendant Bracco Diagnostics Inc.'s ("BDI") reliance on *Bell Atlantic Corp. v. Twombly* --- US ---, 127 S.Ct. 1955 (2007), as the standard in determining fraudulent joinder is misplaced. BDI

claims that the standard for ruling on a motion for remand is similar to a 12(b)(6) analysis, and that pursuant to *Bell Atlantic*, Plaintiffs must allege a "plausible claim" against the California Defendants. BDI Opp'n p.5-6.  However, *Bell Atlantic* did not determine fraudulent joinder for purposes of diversity, but decided the pleading requirements for a complaint subject to federal question jurisdiction for violations of the Sherman Act. *Id.* at 1964.  Plaintiffs' Complaint was filed in California Superior Court pursuant to California law.  Thus, the "plausible claim" standard presented in *Bell Atlantic* is not applicable here.

Instead, Plaintiffs' Complaint must comply with California state pleading requirements and contain "a statement of the facts constituting the cause of action, in ordinary and concise language." Cal. Code Civ. Proc. § 425.10.  Plaintiffs have pled facts sufficient to constitute causes of action under California law.

Most importantly, even if the court were to apply a federal 12(b)(6) analysis as argued by BDI, Plaintiffs would be entitled to amend their complaint to cure any pleading defects.  Federal law provides plaintiffs with the right to amend their complaint, and the Ninth Circuit has interpreted this policy in favor of amendment with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F. 2d 1074, 1079 (9th Cir. 1990).  Similarly, in the context of a motion for remand, any pleading defect is resolved in favor of remand. *Plute*, 141 F. Supp. 2d at 1008.

Here, Removing Defendants claim that California residents, McKesson and Merry X-Ray, have been fraudulently joined.  To meet their burden of proof, Removing Defendants must establish that Plaintiffs cannot possibly prove a single cause of action against *either* California Defendant.  As shown below, Removing Defendants have failed to meet this heavy burden.  The case must be remanded.

**B. Plaintiffs' Have Pled a Factual Nexus Between Their Injuries and the GBCAs Distributed by the California Defendants.**

Plaintiffs' Complaint sets forth facts necessary to establish that the California Defendants distributed the defective GBCAs that were injected into Plaintiff Carol Moorhouse.  Complaint at ¶30-42, 49. Plaintiffs need not show that the California Defendants distributed each and every GBCA injected into Mrs. Moorhouse, they need only show a possible basis of liability. *Plute*, 141 F. Supp. 2d

at 1008; *Black v. Merck* 2004 U.S. Dist. Lexis 29860, *6 (Case no. 038730, C.D. Cal. 2004). Unlike *Aronis v. Merck* 2005, U.S. Dist. Lexis 41531 (E.D. Cal. 2005), where plaintiffs failed to state a cause of action against the non-diverse distributor, Plaintiffs' complaint establishes that both McKesson and Merry X-Ray distributed the defective GBCAs at issue.

The California Defendants admit to selling GBCAs. See Exhibit E ¶2 and Exhibit F ¶2 to Notice of Removal. McKesson also appears to have marketed and assisted with the packaging, labels and warnings for GBCAs. A comparison of Exhibit E (Yonko Declaration, Senior Vice President of purchasing for McKesson) and F (Lawson Declaration, President of Merry X-Ray) to GE's Notice of Removal reveals that both declarations were prepared by GE's counsel and contain almost identical language.[1] However, there are important distinctions in paragraph 2 of each declaration. While Merry X-Ray claims that it did not "market" or "assemble or otherwise provide any of the packaging, labels or warnings for any gadolinium-based contrast agents", McKesson does not deny doing such things. As both declarations were prepared by counsel for GE, the deliberate exclusion of these denials in the McKesson declaration strongly suggests that McKesson has engaged in the marketing, assembly and provision of packaging, labels and/or warnings for GBCAs. Plaintiffs have established a factual nexus between their injuries and the California Defendants, especially McKesson.

**C. Plaintiffs' Claims Against the California Defendants Are Viable Pursuant to California Law.**

Under California law, it has long been settled that distributors can be held liable for injuries caused by defective products. *Maher v. Novartis Pharmaceuticals Corp.*, 2007 U.S. Dist. Lexis 58984, *7-8 (Case No. 07852, S.D. Cal. 2007) (citing *Bostick v. Flex Equipment Co.*, 147 Cal. App. 4th 80, 88 (2007); *Anderson v. Owens-Corning Fiberglass Corp.*, 53 Cal. 3d 987, 994 (1991); *Daly v. General Motors Corp.*, 20 Cal. 3d 725, 739 (1978); *Vandermark v. Ford Motor Co.*, 61 Cal. 2d 256, 262-63 (1964)); see also *Black,* 2004 U.S. Dist. Lexis 29860 at *10 (strict liability for failure to warn extends beyond manufacturers to retailers and wholesalers). "The doctrine of strict products liability

---

[1] Both documents were prepared by Kutak Rock LLP, counsel for General Electric, as appears in the lower left hand corner of each Declaration.

imposes strict liability in tort on all of the participants in the chain of distribution of a defective product." *Bostick*, 147 Cal. App. 4th at 88; citing *Greenman v. Yuba Power Products*, 59 Cal. 2d 57, 59 (Cal. 1963). This is such a basic tenet of California law that the Judicial Council of California has embedded it in a number of its pattern jury instructions for use in product liability cases. See CACI No. 1200 (Strict Liability – Essential Factual Elements); CACI No. 1205 (Strict Liability – Failure to Warn – Essential Factual Elements); CACI No. 1221 (Negligence – Basic Standard of Care); CACI No. 1222 (Negligence – Manufacturer or Supplier – Duty to Warn – Essential Factual Elements); and CACI No. VF-1205 (Products Liability – Negligent Failure to Warn).

Each of these instructions is designed for use in a product liability case against a distributor. (See eg. CACI No. 1205 in which a plaintiff must first prove that "[*name of defendant*] [manufactured/*distributed*/sold] the [*product*].")(emphasis added). Application of these jury instructions to distributors of pharmaceuticals is also clearly anticipated. CACI Nos. 1205 and 1222 contain a special instruction unique to pharmaceuticals that "should be read only in prescription product cases." Clearly, California product liability law applies to distributors of defective products.

On the other hand, Removing Defendants can cite no authority to support their novel assertion that distributors of pharmaceuticals are immune from tort liability. On the contrary, a number of district courts have found that distributors of prescription drugs were not fraudulently joined, and remanded the case on this basis. *Maher*, 2007 U.S. Dist. Lexis 58984 at *10-11 (citing numerous California District Court cases); see also *Black*, 2004 U.S. Dist. Lexis 29860 at *11 (holding that McKesson was not fraudulently joined and remanding case). As distributors of defective products sold in California, the California Defendants are subject to liability under California's product liability laws. Plaintiffs have properly pled product liability causes of action against the California Defendants. At a minimum, the causes of action are plausible. Accordingly, the case should be remanded.

**D. Plaintiffs' Have Pled Valid CLRA Claims Against the California Defendants.**

Without authority, Removing Defendants argue that their GBCAs are not goods that fall within the scope of the CLRA. Analysis of the CLRA shows otherwise. Pursuant to Cal. Civil Code §1761 (a), "goods" are defined as "tangible chattels bought or leased for use primarily for personal, family, or household purposes." Mrs. Moorhouse paid for and ingested GBCAs, which are tangible chattels, in

connection with MRI and MRA procedures.  A more personal use is difficult to imagine.  Thus, GBCAs are "goods" as defined by the CLRA.

The CLRA applies to "any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civil Code §1770(a).  That the GBCAs were not "directly sold" to Mrs. Moorhouse is irrelevant, so long as it was intended that GBCAs would ultimately be sold to a distributor.  As distributors of GBCAs, the California Defendants intended for their products to reach consumers.  Thus, the California Defendants are subject to liability for violations of the CLRA.

Importantly, the CLRA is to be applied liberally, a policy that has been codified in Cal. Civil Code §1760:

> This title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

Given a liberal construction of the statute, there is no question that Plaintiffs might possibly have a viable CLRA cause of action against the California Defendants.

Next, BDI attempts to establish that Plaintiffs have failed to properly allege a claim under the CLRA, citing *Int'l Norcent Tech. v. Koninglijke Philips Elect. N.V.*, 2007 WL 4976364 (Case No. 07-00043MMM(SSx) C.D. Cal. 2007), *Bell Atlantic,* 127 S.Ct. 1955 and *Choyce v. Saylor,* 2007 WL 3035406 (Case No. C-07-2394 PJH (PR), N.D. Cal. 2007).  But, none of these cases involve CLRA claims.  All three of these cases were filed in federal court pursuant to federal question jurisdiction.  The pleading standard applied to these three cases is irrelevant to Plaintiffs' CLRA claim.

Plaintiffs have properly pled a CLRA claim in paragraphs 95-100 of the Complaint.  In particular, Plaintiffs have alleged that the California Defendants: sold GBCAs for off-label uses, represented that GBCAs are safe and effective for all patients, represented that GBCAs are safer or more effective than other imaging methods, sold GBCAs as safer or superior to other brands, and remained silent despite knowledge of the dangers of GBCAs.  As pled, these allegations violate several sections of Cal. Civil Code §1770, including but not limited to sections (2), (4), (5) and (7).

1  Removing Defendants have not met their burden of proving that it is "obvious" that Plaintiffs have
2  pled an invalid CLRA claim. *McCabe*, 811 F.2d at 1339.

3  Lastly, Removing Defendants' argue that Plaintiffs' have failed to comply with CLRA notice
4  requirements. Removing Defendants are wrong. Plaintiffs' CLRA cause of action is limited to
5  injunctive relief. The notice requirements of the CLRA do not apply to claims for injunctive relief.
6  Cal. Civil Code §1782(d); see also *Gerber v. Bayer*, 2008 U.S. Dist. Lexis 12174 at *10 (Case No. 07-
7  05918 N.D. Cal. 2008). In *Gerber*, the court considered an identical argument involving identical
8  language and concluded: "the statute clarifies that such notice is not required for claims seeking only
9  injunctive relief. As Plaintiffs highlight, they only seek injunctive relief pursuant to their CLRA
10  claim. Accordingly, the notice provisions of the CLRA are not applicable." *Id*. Plaintiffs have pled a
11  proper CLRA claim.

12  **E. Ruling on Plaintiffs Motion for Remand Should Not Be Deferred**

13  *1. Jurisdiction is a preliminary issue that should be decided as early as possible.*

14  Jurisdiction is a threshold issue that should be decided as early in the litigation as possible. *Conroy*
15  *v. Fresh Del Monte Produce Inc.*, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004). If Plaintiffs' Motion
16  for Remand is granted, GE's Application to Stay will be rendered moot and Plaintiffs' case will not be
17  subject to transfer to the MDL. Resolution of this preliminary jurisdictional issue should be decided
18  before this case is transferred to the MDL, void of federal jurisdiction and at a waste of judicial
19  resources.

20  *2. Ruling on Plaintiffs' Motion for Remand Will Not Result in Inconsistent Rulings.*

21  It is Removing Defendants' burden to present evidence in support of their argument that Plaintiffs'
22  Motion for Remand presents similar issues that will be heard in the MDL, and that ruling on Plaintiffs'
23  Motion for Remand could result in inconsistent rulings with other cases currently pending remand. In
24  support of their position, Removing Defendants cite four other cases currently pending remand: *Geffen*
25  *v. General Electric Company*, et.al. Civil Action No. 08-1110 SGL (JCRx) (Central District of
26  California, Eastern Division); *Shelton v. General Electric Company, et. al.*, Civil Action No. 07-01951
27  (Western District of Louisiana); *Ethington v. General Electric Company*, et. al. Civil Action No.
28  05985-MCL-TJB (District of New Jersey, Trenton Division) and *Harris v. Bayer, et. al*. Civil Action

- 7 -

No. 2:08-cv-01896 SGL (JCRx) (Central District of California). As to *Geffen*, *Shelton*, and *Ethington*, none of the non-diverse defendants in these cases are distributors of GBCAs.[2] Thus, these cases do not involve the issues to be decided here: whether, under California law, Plaintiffs could possibly plead viable causes of action against McKesson and Merry X-Ray. Thus, ruling on Plaintiffs' Motion for Remand could not possibly result in inconsistent rulings as to these cases.

The motion for remand in *Harris* will be heard on June 2, 2008 by the Honorable Stephen J. Larson in the Central District of California. *Harris* involves the same jurisdictional issues to be decided here: whether California resident defendants McKesson and Merry X-Ray have been fraudulently joined. Consideration of judicial economy weighs in favor of California Courts deciding these jurisdictional issues. *Conroy,* 325 F. Supp. 2d at 1054. In *Conroy*, this Court was presented with a situation similar to the present one: competing motions for remand and stay pending transfer to an MDL. This Court summed up the situation as follows:

> This Court is readily familiar with federal law, Ninth Circuit law, and California law, the laws applicable to Plaintiff's motion and Complaint. Moreover, the parties have already fully briefed the issue of remand. Thus, staying the motion will not save either party any time. Finally, it is in the interest of judicial economy to decide issues of jurisdiction as early in the litigation process as possible. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended. In the Court's view, judicial economy dictates a present ruling on the remand issue.

*Conroy*, 325 F. Supp. 2d at 1054.

Judicial economy is best served with California Courts deciding these California specific issues. Plaintiffs' motion for remand should be considered prior to GE's motion to stay.

## IV. CONCLUSION

Removing Defendants have not and cannot establish that Plaintiffs have *no possible claim* against *either* California Defendant. Thus, Removing Defendants have failed to demonstrate that

---

[2] The Plaintiffs in *Geffen* brought suit against the General Electric entities, Cedars-Sinai, Mallinckrodt, and several physicians, but no distributors. The Plaintiff in *Shelton* brought suit against the GE entities, Radiology Association of Louisiana, and South Ryan MRILLC, but no distributors. The Plaintiffs in *Ethington* brought suit against the GE entities, but no distributors.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR REMAND

either McKesson or Merry X-Ray was fraudulently joined.  As legitimate defendants, the California citizenship of both McKesson and Merry X-Ray must be considered.  Accordingly, Plaintiffs respectfully request that this matter be remanded to state court as complete diversity of citizenship is lacking.

Dated:  May 27, 2008              LEVIN SIMES KAISER & GORNICK LLP

              By: s/ Lawrence J. Gornick
              Lawrence J. Gornick (CA SBN 136290)
              LEVIN SIMES KAISER & GORNICK, LLP
              44 Montgomery Street, 36th Floor
              San Francisco, CA  94104
              Telephone:  (415) 646-7161
              E-mail:  lgornick@lskg-law.com

1  Lawrence J. Gornick (SBN 136290)
   Debra DeCarli (SBN 237642)
2  **LEVIN SIMES KAISER & GORNICK LLP**
   44 Montgomery Street, 36th Floor
3  San Francisco, CA 94104
   Telephone: (415) 646-7160
4  Fax: (415) 981-1270
   lgornick@lskg-law.com
5  ddecarli@lskg-law.com

6  Attorneys for Plaintiffs

7  UNITED STATES DISTRICT COURT

8  NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

9  | CAROL MOORHOUSE and JAMES MOORHOUSE, | Case No: 4:08-cv-01831 SBA |
   |---|---|
   | Plaintiffs, | (San Francisco County Superior Court, Case No.: CGC-08-472978) |
   | vs. | **PROOF OF SERVICE** |
   | BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; COVIDIEN, INC.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35 | |
   | Defendants. | |

1  I certify that I am over the age of 18 years and not a party to the within action; that my

2  business address is 44 Montgomery Street, 36th Floor, San Francisco, CA 94104; and that on this date I

3  served a true copy of the document(s) entitled:

4  Service was effectuated by forwarding the above-noted document in the following manner:

5  **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND**

6  **By Regular Mail** in a sealed envelope, addressed as noted above, with postage fully
7  prepaid and placing it for collection and mailing following the ordinary business practices of Levin
Simes Kaiser & Gornick.

8

9  **By Electronic Mail**

10  **By Hand Delivery** in a sealed envelope, addressed as noted above, through services
provided by the office of Levin Simes Kaiser & Gornick.

11

12  **By Facsimile** to the numbers as noted below by placing it for facsimile transmittal
following the ordinary business practices of Levin Simes Kaiser & Gornick.

13
    XX    **By Overnight Courier** in a sealed envelope, addressed as noted above, through
14  services provided by (Federal Express, UPS,) and billed to Levin Simes Kaiser & Gornick.

15  Alan Greenberg, Esq.
    Wilson & Elser
16  655 West Broadway, Suite 900
    San Diego, CA 92101
17  Tel: 619-321-6200
    Email: alan.greenberg@wilsonelser.com
18  Attorneys for Merry X-Ray Chemical Corp.

19

20  I provided the documents listed above electronically through the CM/ECF system pursuant to

21  the instructions set forth in the Local Rules for the United States District Court for the Central District

22  of California to:

23  Rodney Hudson, Esq.
    Drinker Biddle & Reath LLP
24  50 Fremont Street, 20th Floor
    San Francisco, CA 94105-2235
25  Tel: 415-591-7500
26  Fax: 415-591-7510
    Email: KennethConour@dbr.com
27  Attorneys for Bayer Healthcare Pharmaceuticals Inc

28

1  Thomas A. Woods, Esq.
2  Shook, Hardy & Bacon LLP
   Jamboree Center
3  5 Park Plaza, Suite 1600
   Irvine. CA 92614-2546
4  Tel: 949-475-1500
   Fax: 949-475-0016
5  twoods@shb.com
   Attorneys for Defendant Malinckrodt,
6
   Michael C. Zellers, Esq.
7  Mollie Benedict, Esq.
   Aggie B. Lee, Esq.
8  Tucker Ellis & West LLP
   515 S. Flower Street, 42nd Floor
9  Los Angeles, CA 90071-2223
   Tel: 213-430-3400
10 Fax: 213-430-3409
   Attorneys for Bracco Diagnostics, Inc
11
   Deborah C. Prosser, Esq.
12 Stephanie Hingle, Esq.
   Kutak Rock LLP
13 515 South Figueroa Street, Suite 1240
   Los Angeles, CA 90071
14 dprosser@bwslaw.com
   Stephanie.hingle@KutakRock.com
15 Attorneys for General Electric Company and GE Healthcare, Inc

16 Charles T. Sheldon, Esq.
   Michael L. Fox, Esq.
17 Sedgwick, Detert, Moran & Arnold
   One Market Plaza, Steuart Tower
18 8th Flr.
   San Francisco, CA 94105
19 Charles.Sheldon@sdma.com
   Michael.Fox@sdma.com
20 Attorneys for McKesson Corporation

21
        I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day
22
   of May 2008 at San Francisco, California.
23
                                                    _____
24                                                  Scheryl Warr

25

26

27

28

- 3 -
PROOF OF SERVICE