TUCKER ELLIS & WEST LLP
MICHAEL C. ZELLERS-STATE BAR NO. 146904
MOLLIE BENEDICT-STATE BAR NO. 187084
AGGIE B. LEE-STATE BAR NO. 228332
515 S. Flower Street, 42nd Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409
michael.zellers@tuckerellis.com
mollie.benedict@tuckerellis.com
aggie.lee@tuckerellis.com

Attorneys for Defendant
BRACCO DIAGNOSTICS INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL MOORHOUSE and JAMES MOORHOUSE, <br><br> Plaintiffs, <br><br> v. <br><br> BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; COVIDIEN, INC.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35, <br><br> Defendants. | Case No. CV-08-1831 SBA <br><br> **DEFENDANT BRACCO DIAGNOSTICS INC.'S APPLICATION FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFFS' REPLY TO MOTION FOR REMAND** <br><br> [Filed Concurrently Declaration of Aggie B. Lee and [Proposed] Order] <br><br> Date: June 10, 2008 <br> Time: 1:00 p.m. <br> Courtroom: 3 |

LAimanage/11255/00006/609362/1

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2        Pursuant to Local Rule 7-3(d), defendant Bracco Diagnostics Inc. ("BDI")

3    respectfully requests that this Court grant leave for BDI to file a sur-reply to

4    Plaintiffs' Reply to Motion for Remand set for hearing June 10, 2008.

5        As set forth in the attached declaration of Aggie B. Lee, good cause supports

6    the granting of leave to file a sur-reply.  On May 27, 2008, Plaintiffs filed a reply

7    to BDI's Opposition to the Motion for Remand.

8        Plaintiffs' reply stated that the standards set forth in *Bell Atlantic Corp. v.*

9    *Twombly*, --- U.S. ---, 127 S. Ct. 1955 (2007) do not apply in the context of

10   motions for remand.  BDI requests leave to file a sur-reply, attached hereto as

11   Exhibit "1," to address this argument.

12       For the foregoing reasons, BDI respectfully requests that this Court grant

13   leave to file a sur-reply to Plaintiffs' Reply to Motion for Remand.

14

15   DATED:  MAY 30, 2008                 TUCKER ELLIS & WEST LLP

16

17

18                                  By:    /s/ Aggie B. Lee
                                         Aggie B. Lee
19                                       Attorneys for Defendant
                                         BRACCO DIAGNOSTICS INC.
20

21

22

23

24

25

26

27

28

DEFENDANT BRACCO DIAGNOSTICS INC.'S APPLICATION FOR LEAVE TO
FILE A SUR-REPLY TO PLAINTIFFS' REPLY TO MOTION FOR REMAND
CV-08-1831 SBA

LAimanage/11255/00006/609362/1

# EXHIBIT 1

1  TUCKER ELLIS & WEST LLP
   MICHAEL C. ZELLERS-STATE BAR NO. 146904
2  MOLLIE BENEDICT-STATE BAR NO. 187084
   AGGIE B. LEE-STATE BAR NO. 228332
3  515 S. Flower Street, 42nd Floor
   Los Angeles, CA 90071-2223
4  Telephone:  (213) 430-3400
   Facsimile:  (213) 430-3409
5  michael.zellers@tuckerellis.com
   mollie.benedict@tuckerellis.com
6  aggie.lee@tuckerellis.com

7  Attorneys for Defendant
   BRACCO DIAGNOSTICS INC.
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11  CAROL MOORHOUSE and JAMES       )  Case No.  CV-08-1831 SBA
    MOORHOUSE,                      )
12                                  )
            Plaintiffs,             )
13                                  )  **DEFENDANT BRACCO**
       v.                           )  **DIAGNOSTICS INC.'S SUR-REPLY**
14                                  )  **TO PLAINTIFFS' REPLY TO**
    BAYER HEALTHCARE                )  **MOTION FOR REMAND**
15  PHARMACEUTICALS, INC.; BAYER    )
    HEALTHCARE LLC; GENERAL         )
16  ELECTRIC COMPANY; GE            )  Date:          June 10, 2008
    HEALTHCARE, INC.; COVIDIEN,     )  Time:          1:00 p.m.
17  INC.; MALLINCKRODT, INC.;       )  Courtroom:     3
    BRACCO DIAGNOSTICS, INC.;       )
18  McKESSON CORPORATION;           )
    MERRY X-RAY CHEMICAL CORP.;     )
19  and DOES 1 through 35,          )
                                    )
20          Defendants.             )
                                    )
21                                  )
                                    )
22  _____)

23

24

25

26

27

28

LAimanage/11255/00006/609395/1

EXHIBIT ___1___ PAGE 3

## I.      REMAND SHOULD BE DENIED

Plaintiffs, in their Reply in support of Motion for Remand mischaracterize General Electric and Bracco Diagnostics Inc.'s ("BDI") position and misstate the controlling law. First, Plaintiffs characterize BDI's position by oversimplification in an effort to create confusion as to issues that do not exist. Suffice it to say Defendant BDI would prefer to state its own position, as it has done, rather than have Plaintiff incorrectly and ineffectively do so. BDI adopts its prior position and arguments and will address only the issue of the standard to be applied to the sufficiency of plaintiff's pleaded claims.

Plaintiffs argue that the standard to assess the legal sufficiency of a claim, under the United States Supreme Court ruling in *Bell Atlantic Corp. v. Twombly*, --- US ---, 127 S.Ct. 1955 (2007) is not applicable for purposes of determining whether in-state defendants have been fraudulently joined. Simply put, Plaintiffs are <u>wrong</u>.

To state a legally sufficient claim against a resident defendant, Plaintiffs must state a claim that is "plausible" under the standard set forth in *Bell Atlantic*. *See* --- US ---, 127 S.Ct. 1955. Indeed, numerous courts, including those in California, have affirmed that the *Bell Atlantic* standard applies in determining fraudulent joinder for purposes of diversity jurisdiction. *See Maloney v. Scottsdale Ins. Co.* No. 05-16686, 2007 WL 3391334 (9th Cir. Cal. Nov. 14, 2007) (attached as exhibit A); *Williams v. Boston Scientific Corp.*, 2008 WL 2051021 (N.D. Cal. 2008) (attached as exhibit B); *Positive Results Marketing, Inc. v. Buffalo-Lake Erie Wireless Systems Co., LLC*, 2008 WL 2096865 (M.D. Pa. 2008) (attached as exhibit C); *Whitehead-Rojas v. American Family Mut. Ins. Co.*, 2008 WL 1924899 (D. Colo. 2008) (attached as exhibit D). Plaintiffs seek to but cannot ignore their

LAimanage/11255/00006/609395/1

EXHIBIT___1___ PAGE  4

1  legal burden to state a plausible claim against the Distributor Defendants[1] for

2  purposes of a fraudulent joinder analysis.

3      Under the *Bell Atlantic* standard, to state a "plausible claim" a Plaintiff must

4  state factual allegations sufficient to raise a right of relief above the "speculative"

5  level and provide the grounds for his entitlement to relief. *Bell Atlantic.* --- US ---,

6  127 S.Ct. 1955. Labels, conclusions and "formulaic recitation of the elements" will

7  not suffice. *Id.* at 1958-59; *Harara v. Landamerica Financial Group Inc.*, No. C

8  07-03999 WHA, 2007 WL 2938172 at 4 (N.D. Cal. Oct. 9, 2007) (*quoting Bell*

9  *Atlantic*, 127 S.Ct. 1955).

10     Moreover, in order to state a plausible claim against any particular

11 defendant, *for any cause of action, which would include strict liability and CLRA*

12 *claims*, a plaintiff must allege facts of that particular defendant's actual and

13 specific involvement in the allegedly illegal actions. *See e.g. Choyce v. Saylor*,

14 No. C-07-2394 PJH (PR), 2007 WL 3035406, at *2 (N.D. Cal. Oct. 16, 2007)

15 (holding that the *Bell Atlantic* "plausible claim" applies to general pleading

16 requirements).

17     In *Aronis vs. Merck & Co.*, 2005 U.S. Dist. LEXIS 41531 (E.D. Cal 2005),

18 the Court concluded that plaintiffs failed to establish a cause of action against the

19 distributor McKesson, thus finding that McKesson was fraudulently joined. Here

20 the situation is identical in that Plaintiffs in this case have failed to establish a

21 cause of action against the resident Distributor Defendants. *See id.* Plaintiffs try to

22 point this Court in the wrong direction away from binding Supreme Court

23 precedent, however, they cannot properly do so. The requirement is clear that in

24 order to state *any* claim against a resident defendant, they must state a "plausible"

25 claim—which they have failed to do, as to each and every alleged claim in their

26

27

---

[1] Distributor Defendants are McKesson Corporation ("McKesson") and Merry X-Ray Chemical
28 Corporation ("MXR").

3.

LAimanage/11255/00006/609395/1

EXHIBIT ___1___ PAGE 5

1    Complaint against resident defendants McKesson and MXR. *See Bell Atlantic*,
2    127 S.Ct. 1955. It is indisputable that Defendants in this case have sustained the
3    burden to prove that the resident Distributor Defendants were fraudulently joined.

4    Moreover, contrary to Plaintiffs' request, this Court cannot ignore *Bell*
5    *Atlantic* and follow the decision in *Gerber v. Bayer*, 2008 U.S. Dist. Lexis 12174
6    *7 (Case No. 07-05918, N.D. Cal. 2008). Because the *Bell Atlantic* pleading
7    standard was not raised in *Gerber*, that decision erroneously relied on the prior
8    12(b)(6) standard and *Black vs. Merck & Company*, 2004 WL 754882 (N.D. Cal.
9    March 8, 2004) under the "*Conley* no set of facts," approach — now abrogated by
10   the United States Supreme Court. The standard for pleading requirements set forth
11   in *Bell Atlantic* is binding Supreme Court precedent and must be applied by this
12   Court. 127 S.Ct. 1955. Plaintiffs' argument to apply the old standard admits as it
13   must, that plaintiffs have not met the *Bell Atlantic* standard.

14   Therefore, as set forth in BDI's Opposition to Plaintiffs' Motion to Remand,
15   incorporated as if set forth fully herein, this Court should deny Plaintiffs' Motion
16   to Remand because (a) Plaintiffs' tort claims fail because California law does not
17   recognize strict liability or negligent failure to warn causes of action against
18   distributors in the prescription drug context; (b) Plaintiffs' CLRA claims fail as a
19   matter of law because CLRA does not apply to a distributor of non-consumer
20   products, including the gadolinium-based contrast agents ("GBCA") at issue here);
21   (c) Plaintiffs' claims further fail under Supreme Court and California pleading
22   requirements, as Plaintiffs' claims against the Distributor Defendants are devoid of
23   facts depicting an unlawful method, act or practice by either of them; and (d)
24   Plaintiffs fail to demonstrate any causal connection between an alleged illegal act
25   and any damages. Such pleading puffery is legally insufficient to establish a
26   "plausible claim" under the Supreme Court holding in *Bell v. Twombly*. Further,
27   Plaintiffs, through their counsel, admit that neither McKesson nor MXR are
28

4.

LAimanage/11255/00006/609395/1

EXHIBIT __1__  PAGE __6__

1   necessary parties (as they have embraced transfer to the MDL in other California

2   NSF cases filed in federal court where neither is named as a Defendant and that the

3   MDL proceeding is a fair and available tribunal to handle such claims.

4       For the reasons stated above, this Court should deny Plaintiffs' Motion to

5   Remand.  In the alternative, this Court should stay this case pending its transfer to

6   MDL 1909, so that consistent rulings are applied to motions to remand

7   substantially similar to the one Plaintiffs filed here.

8   **II.    IN THE ALTERNATIVE, THIS COURT SHOULD STAY THIS**

9         **MATTER AND DEFER RULING ON THE REMAND MOTION**

10      Undeniably, MDL No. 1909 *In re: Gadolinium Based Contrast Agents*

11  *Products Liability Litigation* is the appropriate, fair and available tribunal to handle

12  the claims set forth in Plaintiffs' Complaint.   Indeed, Plaintiffs' counsel have

13  admitted that neither McKesson nor MXR are necessary parties and this case is one

14  that involves issues that are best resolved by the recently established Multi-District

15  Litigation ("MDL") Court in the United States District Court, Northern District of

16  Ohio, before the Hon. Dan A. Polster (*"In Re: Gadolinium-Based Contrast Agent*

17  *Products Liability Litigation"*).   The same Plaintiffs' counsel have filed at least

18  five other cases with nearly identical facts in California <u>federal</u> <u>court</u>, not

19  California state court. All five of the federally-filed cases have been transferred to

20  MDL 1909: (*"In Re: Gadolinium-Based Contrast Agent Products Liability*

21  *Litigation"*) <u>without</u> <u>objection</u> from Plaintiffs.[2]   As found in previous decisions

22  involving MDLs, as is true here, deference to the MDL court will further 'the

23  uniformity, consistency, and predictability in litigation that underlies the MDL

24

25  [2] *See* Complaints for *Beckwith v. Bayer*, et al, CV08-1369, (N.D. Cal.); *Osborn v. Bayer et al.*
26  CV08-1368, (N.D. Cal.); *Paschal v. Bayer et al.* CV08-1298, (N.D. Cal.); *Sanchez v. Bayer, et al.*, CV08-0973, (N.D. Cal); and *Seabold v. Bayer et al.*, CV08-1367, (N.D. Cal.), attached as
27  Exhibits A through E to Declaration of Aggie B. Lee in support of BDI's Opp'n to Pls.' Mot. to
    Remand.

28

DEFENDANT BRACCO DIAGNOSTICS INC.'S SUR-REPLY TO PLAINTIFFS'
REPLY TO MOTION FOR REMAND
CV-08-1831 SBA

LAimanage/11255/00006/609395/1

**EXHIBIT** ____ **PAGE** ____

1  system.'" *Leeson v. Merck & Company*, 2006 WL 3230047 *1 (quoting *Conroy v.*

2  *Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004);

3  *Smith v. Mail Boxes, Etc.*, 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002).

4  Defendants' previously filed Application for Stay should be granted, and a ruling

5  on Plaintiffs' Motion for Remand deferred, to prevent potentially inconsistent

6  rulings, in light of the pending transfer of this case to MDL Court. *See Johnson v.*

7  *Merck & Company*, No. C 07-00067 WHA, 2007 WL 754882 (N.D. Cal. Mar. 8,

8  2007).[3]

9        Thus, a stay of this case to allow transfer to MDL 1909 will allow the Hon.

10  Dan A. Polster to issue consistent rulings on the all the cases where similar remand

11  issues are pending – California, New Jersey and Louisiana.  Otherwise, there will

12  be a high likelihood of inconsistent rulings, duplicative work and inefficient use of

13  precious judicial resources.

### IV.  CONCLUSION

15        Plaintiffs have totally failed to provide any legal basis or factual support for

16  any claims against the nonmanufacturing Distributor Defendants.  California law

17  provides no vehicle to impose liability on these defendants for the alleged

18  distribution of GBCAs.  As such, Defendant Bracco Diagnostics Inc. respectfully

19  requests that this Court deny Plaintiffs' Motion to Remand, or alternatively, stay

20

21

22

23  [3] It would be an inefficient use of resources to unnecessarily duplicate the efforts of the
    transferee judge, who will undoubtedly face most (if not all) of the same issues in dealing with

24  the other pending remand motions. *See Leeson v. Merck & Company*, 2006 WL 3230047 *1
    (E.D. Cal. 2006) (stay granted prior to consideration of remand motion although transfer to MDL

25  had not been ordered); *Hardin v. Merck & Co., Inc.*, 2007 WL 1056790 (N.D. Cal. 2007);
    *Valentine v. Merck & Co.*, 2007 U.S. Dist. LEXIS 14531 (E.D. Cal. 2007); *English v. Merck &*

26  *Co.*, 2007 U.S. Dist. LEXIS 14493 (E.D. Cal. 2007); *Johnson v. Merck & Co.*, 2005 U.S. Dist.
    LEXIS 40703 (N.D. Cal. 2005); *Purcell v. Merck & Co.*, 2005 U.S. Dist. LEXIS 41239 (S.D.

27  Cal. 2005); *Beatty v. Merck & Co.*, 2006 U.S. Dist. LEXIS 77260 (E.D. Cal. 2006); *Cline v.*

28  *Merck & Co.*, 2006 U.S. Dist. LEXIS 34417 (E.D. Cal. 2006).

LAimanage/11255/00006/609395/1

EXHIBIT ___ PAGE 8

1  this action pending its transfer to MDL 1909 and defer, consistent with such a stay,

2  any ruling on Plaintiffs' Remand Motion.

3  DATED:  MAY 30, 2008                              TUCKER ELLIS & WEST LLP

4

5

                                        By:    /s/ Aggie B. Lee
6                                              Aggie B. Lee
                                               Attorneys for Defendant
7                                              BRACCO DIAGNOSTICS INC.

8  Of Counsel:
   Thomas N. Sterchi
9  Patrick Lysaught
   Paul S. Penticuff
10 Elizabeth McCulley
11 BAKER STERCHI COWDEN & RICE, L.L.C.
   2400 Pershing Road, Suite 500
12 Kansas City, MO  64108
   Telephone:  (816) 471-2121
13 Facsimile:    (816) 472-0288
14

15 Attorneys for Defendant
   BRACCO DIAGNOSTICS INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BRACCO DIAGNOSTICS INC.'S  SUR-REPLY TO PLAINTIFFS'
REPLY TO MOTION FOR REMAND
CV-08-1831 SBA

LAimanage/11255/00006/609395/1

EXHIBIT____1____ PAGE ___9___

# EXHIBIT "A"

Westlaw.

**H**Maloney v. Scottsdale Ins. Co.
C.A.9 (Cal.),2007.
This case was not selected for publication in the
Federal Reporter.Not for Publication in West's
Federal Reporter See Fed. Rule of Appellate
Procedure 32.1 generally governing citation of
judicial decisions issued on or after Jan. 1, 2007. See
also Ninth Circuit Rule 36-3. (Find CTA9 Rule 36-3)
United States Court of Appeals,Ninth Circuit.
Troy MALONEY; et al., Plaintiffs-Appellants,
v.
SCOTTSDALE INSURANCE COMPANY,
Defendant-Appellee.
No. 05-16686.

Argued and Submitted Sept. 25, 2007.
Filed Nov. 14, 2007.

**Background:** Insureds brought action in state court
alleging that insurer breached homeowners insurance
policy and implied covenant of good faith and fair
dealing. Insurer removed action on diversity grounds.
The United States District Court for the Eastern
District of California, Morrison C. England, J., 2005
WL 1836926, dismissed action. Insureds appealed.

**Holdings:** The Court of Appeals held that:
(1) assault and battery exclusion in homeowners
insurance policy applied on allegations made;
(2) allegation of imperfect self-defense had not been
pleaded in alternative and constituted judicial
admission of committing assault and battery;
(3) complaint could have been amended so that
admission in original complaint no longer would
have been conclusively established;
(4) insured should have been granted leave to amend
his complaint; and
(5) someone had to commit assault or battery for
assault and battery exclusion to apply.

Affirmed in part, reversed in part, and remanded.

West Headnotes

**[1] Insurance 217 2278(5)**

217 Insurance

217XVII Coverage--Liability Insurance
217XVII(A) In General
217k2273 Risks and Losses
217k2278 Common Exclusions
217k2278(2) Intentional Acts or
Injuries
217k2278(5) k. Assault and
Battery. Most Cited Cases
Assault and battery exclusion in homeowners
insurance policy applied to relieve insurer of duty
under California law to defend insured in underlying
action on insured's allegation of imperfect self-
defense that he struck plaintiff in underlying action
intentionally in attempt to defend himself, since
allegation of imperfect self-defense necessarily stated
mistaken, but intentional, act of striking another.

**[2] Evidence 157 208(.5)**

157 Evidence
157VII Admissions
157VII(A) Nature, Form, and Incidents in
General
157k206 Judicial Admissions
157k208 Pleadings
157k208(.5) k. In General. Most
Cited Cases
Allegation of imperfect self-defense in intentionally
striking person in attempt to defend himself, which
was expressly incorporated into each cause of action,
had not been pleaded in alternative and constituted
judicial admission of committing assault and battery
under California law, although allegation also was
made in each cause of action that touching of that
person was merely negligent and careless. Fed.Rules
Civ.Proc.Rule 8(e)(2), 28 U.S.C.App.(2000 Ed.)

**[3] Evidence 157 208(6)**

157 Evidence
157VII Admissions
157VII(A) Nature, Form, and Incidents in
General
157k206 Judicial Admissions
157k208 Pleadings
157k208(6) k. Pleadings Superseded,
Withdrawn, or Abandoned. Most Cited Cases

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

8





256 Fed.Appx. 29
256 Fed.Appx. 29, 2007 WL 3391334 (C.A.9 (Cal.))
(Cite as: 256 Fed.Appx. 29, 2007 WL 3391334 (C.A.9 (Cal.)))

Page 2

**Evidence 157 ☜265(8)**

157 Evidence
    157VII Admissions
        157VII(E) Proof and Effect
            157k265 Conclusiveness and Effect
                157k265(8) k. Pleadings. Most Cited Cases
Complaint containing judicial admission of assault and battery under California law through allegation of imperfect self-defense could be amended so that admission in original complaint no longer would have been conclusively established. Fed.Rules Civ.Proc.Rule 8(e)(2), 28 U.S.C.App.(2000 Ed.)

**[4] Federal Civil Procedure 170A ☜1838**

170A Federal Civil Procedure
    170AXI Dismissal
        170AXI(B) Involuntary Dismissal
        170AXI(B)5 Proceedings
            170Ak1837 Effect
                170Ak1838 k. Pleading Over. Most Cited Cases
Insured's complaint should not have been dismissed without granting leave to amend complaint, which did not state claim against insurer for breach of homeowners insurance policy for not defending him in underlying action because he made judicial admission of committing assault and battery under California law and policy contained assault and battery exclusion, since original complaint against insured alleged causes of action for both negligence and intentional torts, and although police investigation had concluded that insured struck person intentionally, results of police investigation did not constitute undisputed facts which conclusively eliminated potential for liability. Fed.Rules Civ.Proc.Rule 15, 28 U.S.C.A.

**[5] Insurance 217 ☜2278(5)**

217 Insurance
    217XVII Coverage--Liability Insurance
        217XVII(A) In General
            217k2273 Risks and Losses
                217k2278 Common Exclusions
                    217k2278(2) Intentional Acts or Injuries

217k2278(5) k. Assault and Battery. Most Cited Cases
Assault and battery exclusion in homeowners insurance policy under California law was not so broad as to apply whether it occurred as result of insured's intentional act, his negligence, or conduct on other person's part which caused insured to act in self defense; although application of assault and battery exclusion did not necessarily hinge on insured's conduct or intent, someone had to commit assault or battery for exclusion to apply.

*30 Alan M. Laskin, Esq., Law Offices of Alan M. Laskin, Sacramento, CA, for Plaintiffs-Appellants.
Selman Breitman, LLP, San Francisco, CA, for Defendant-Appellee.

Appeal from the United States District Court for the Eastern District of California, Morrison C. England, District Judge, Presiding. D.C. No. CV-05-01000-MCE/GGH.

Before: GIBSON [FN*], BERZON, and BEA, Circuit Judges.

> FN* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

**AMENDED MEMORANDUM** [FN**]

> FN** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1 Troy Maloney, Elizabeth Gorman, and Colby Worton appeal an order granting Scottsdale Insurance Company's motion to dismiss without leave to amend for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Appellants contend Scottsdale Insurance breached both its insurance contract with Gorman and the implied covenant of good faith and fair dealing; the district court held the assault and battery exclusion in Gorman's homeowners insurance policy precluded coverage for the third party complaint underlying *31 this litigation. The instant complaint was originally filed in California state court and was removed to federal district court on diversity of citizenship grounds pursuant to 28 U.S.C. §§ 1332 and 1441(b). We have jurisdiction pursuant

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

a

EXHIBIT ___ PAGE _11_

256 Fed.Appx. 29
256 Fed.Appx. 29, 2007 WL 3391334 (C.A.9 (Cal.))
**(Cite as: 256 Fed.Appx. 29, 2007 WL 3391334 (C.A.9 (Cal.)))**

to 28 U.S.C. § 1291. We affirm the dismissal of the complaint, but reverse and remand to the district court to grant Maloney leave to amend. Because the facts are known to the parties, we revisit them only as necessary.

We review de novo the district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6). *Gompper v. VISX, Inc.,* 298 F.3d 893, 895 (9th Cir.2002). We accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs. *Id.* To survive a Rule 12(b)(6) motion, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1960, 1974, 167 L.Ed.2d 929 (2007).

[1] The instant complaint contains inconsistent factual allegations. Paragraph 9 of the complaint alleges Maloney's "negligent and careless conduct" injured Worton. Paragraph 7 of the complaint, however, alleges, "Troy Maloney, using imperfect self-defense, struck plaintiff Colby Worton, a minor, in the face...." Under California law, the characterization of Maloney's actions as "imperfect self-defense" necessarily means that Maloney committed an assault and battery.[FN1] *See People v. Quintero,* 135 Cal.App.4th 1152, 1166, 37 Cal.Rptr.3d 884 (2006) (describing imperfect self-defense as "the actual but *unreasonable* belief in the necessity to defend against imminent peril to life or great bodily injury.") (emphasis added); *McAfee v. Ricker,* 195 Cal.App.2d 630, 635, 15 Cal.Rptr. 920 (1961) (holding that if an unreasonable application of force is used in self-defense, "such force will itself constitute an assault and battery[.]"). Thus, the allegation of imperfect self-defense necessarily states a mistaken, but intentional, act of striking another, and is fundamentally inconsistent with the allegation that Maloney's touching of Worton was merely negligent and careless.[FN2]

FN1. In this diversity action, the court must apply the substantive law of California. *See Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 338 (9th Cir.1996).

FN2. Because of these inconsistent factual allegations-contained in the same cause of action-Scottsdale Insurance could have filed

a successful demurrer to appellants' complaint under California state law. *See* Cal.Civ.Proc.Code § 430.10; *Careau & Co. v. Security Pacific Business Credit, Inc.,* 222 Cal.App.3d 1371, 1390, 272 Cal.Rptr. 387 (1990). Because this case was removed to federal court on diversity grounds, however, federal procedural law governs. *See, e.g., Rodriguez v. Panayiotou,* 314 F.3d 979 (9th Cir.2002) (applying Rule 12(b)(6) to action removed from state court).

[2] The Federal Rules of Civil Procedure allow parties to plead inconsistent factual allegations in the alternative. *See* Fed.R.Civ.P. 8(e)(2). The inconsistent allegations in the instant complaint, however, were not pleaded in the alternative; they were expressly incorporated into each cause of action. Thus, the allegation of imperfect self-defense constitutes a judicial admission by appellants. *See generally Am. Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir.1988) (holding factual assertions in the pleadings constitute judicial admissions, binding on both the trial court and on appeal). Because the admission that Maloney acted in imperfect self-defense necessarily means Maloney committed an assault and battery, Scottsdale Insurance was under no duty to defend*32 Maloney and Gorman in the underlying action; coverage under Gorman's homeowners policy was precluded by the assault and battery exclusion.[FN3] Thus, the complaint failed to state a claim upon which relief could be granted, and the district court properly dismissed the complaint under Rule 12(b)(6).

FN3. Judicial admissions apply only to factual statements, not statements of law. *See Lacelaw,* 861 F.2d at 226. Even if the characterization of Maloney's use of force as unreasonable is construed as a legal conclusion, however, the claim of imperfect self-defense nevertheless establishes as a factual matter that Maloney did not inadvertently strike Worton; he instead struck him intentionally in an attempt to defend himself. Under this scenario, Maloney could only have been found liable to Worton if his actions constituted an assault and battery, in which case coverage would have been precluded under the policy's assault and battery exclusion. Thus,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT ___ PAGE ___

Case 4:08-cv-01831-SBA    Document 40-2    Filed 05/30/2008    Page 13 of 27

256 Fed.Appx. 29
256 Fed.Appx. 29, 2007 WL 3391334 (C.A.9 (Cal.))
**(Cite as: 256 Fed.Appx. 29, 2007 WL 3391334 (C.A.9 (Cal.)))**

Page 4

because Worton's complaint did not "*potentially* seek[ ] damages within the coverage of the policy [,]" Scottsdale Insurance did not owe a duty to defend. *Montrose Chem. Corp. v. Superior Court,* 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1157 (1993)* (emphasis in original) (quotation omitted).

**\*\*2[3]** The district court erred, however, in not granting appellants leave to amend. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Gompper,* 298 F.3d at 898 (internal quotation omitted). When a complaint containing a judicial admission is amended, the information admitted in the original complaint is no longer conclusively established. *See Huey v. Honeywell, Inc.,* 82 F.3d 327, 333 (9th Cir.1996) ("When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission...."). If the instant complaint were amended to remove allegations of imperfect self-defense, the amended complaint could state a valid claim.

An insurance carrier must defend its insured in any suit "which *potentially* seeks damages within the coverage of the policy." *Montrose,* 24 Cal.Rptr.2d 467, 861 P.2d at 1157 (emphasis in original). "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Id.* Information extrinsic to the underlying complaint can negate the duty to defend only if it presents "undisputed facts which conclusively eliminate a potential for liability [under the policy]." *Id.* at 1160 (internal quotations omitted).

[4] In the instant case, the original complaint against Maloney alleged causes of action for both negligence and intentional torts.[FN4] The negligence claim stated, "Defendant Troy Maloney, without exercising due care, negligently reached out with his arm and hand, striking Plaintiff in the face...." This negligence claim did not, on its face, conclusively establish an assault and battery took place; Maloney could have accidentally struck Worton in a manner not constituting an assault and battery. Before Scottsdale Insurance withdrew its defense, it was informed by the police that the police investigation had concluded

Maloney struck Worton intentionally, and Maloney was being charged with aggravated assault. Absent additional information, however, the results of the police investigation did not constitute "*undisputed* facts which conclusively eliminate[d] a potential for liability," as required to negate Scottsdale Insurance's duty to defend. *Montrose,* 861 P.2d at 1160 (emphasis added). Thus, based on **\*33** the information in the record before us (that was available to Scottsdale Insurance when it withdrew its defense), it is possible-albeit unlikely-that Maloney negligently struck Worton without committing an assault and battery, and Scottsdale Insurance breached its insurance contract with Gorman by withdrawing its defense in the underlying litigation. "[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely." *Twombly,* 127 S.Ct. at 1965 (internal quotation omitted). Because the instant complaint could have been saved by amendment, the district court should have granted appellants leave to amend.

> FN4. California law permits plaintiffs to plead alternative, inconsistent causes of action in the same complaint. *See Grudt v. City of Los Angeles,* 2 Cal.3d 575, 86 Cal.Rptr. 465, 468 P.2d 825, 830 (1970).

**\*\*3[5]** The district court concluded that under California law, the assault and battery exclusion in Gorman's homeowners insurance policy "applies no matter how the underlying incident is denominated-whether or not it occurred as a result of Maloney's intentional act, *his negligence,* or conduct on Worton's part which caused Maloney to act in self defense."(emphasis added). California's interpretation of assault and battery exclusions, however, is not so broad. While the cases the district court cited hold application of the assault and battery exclusion does not necessarily hinge on the insured's conduct or intent, they uniformly require that *someone* commit an assault or battery for the exclusion to apply. *See Century Transit v. Am. Empire Surplus Lines Ins. Co.,* 42 Cal.App.4th 121, 127, 49 Cal.Rptr.2d 567 (1996) ("The assault and battery clause unambiguously excludes coverage when a claim is causally related to an assault or battery."); *see also Essex Ins. Co. v. Yi,* 795 F.Supp. 319, 323-24 (N.D.Cal.1992); *Zelda, Inc. v. Northland Ins. Co.,* 56 Cal.App.4th 1252, 1262, 66 Cal.Rptr.2d 356 (1997). There is no allegation that Worton assaulted

256 Fed.Appx. 29
256 Fed.Appx. 29, 2007 WL 3391334 (C.A.9 (Cal.))
**(Cite as: 256 Fed.Appx. 29, 2007 WL 3391334 (C.A.9 (Cal.)))**

Page 5

Maloney. Thus, if Maloney struck Worton negligently, and did not commit an assault or battery, the assault and battery exclusion did not preclude coverage, and Scottsdale Insurance owed Gorman and Maloney a duty to defend in the underlying litigation. We therefore affirm the dismissal of the complaint, but reverse and remand to the district court to grant Maloney leave to amend.

Finally, given the nature of the admission in the instant complaint, we remind appellants of the availability of Rule 11 sanctions should an amended complaint containing factual allegations without sufficient evidentiary support be filed. *See* Fed.R.Civ.P. 11.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

Each party shall bear its own costs.

C.A.9 (Cal.),2007.
Maloney v. Scottsdale Ins. Co.
256 Fed.Appx. 29, 2007 WL 3391334 (C.A.9 (Cal.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

12

EXHIBIT __1__ PAGE __14__

# EXHIBIT "B"

Westlaw.

Slip Copy
Slip Copy, 2008 WL 2051021 (N.D.Cal.)
(Cite as: 2008 WL 2051021 (N.D.Cal.))

Williams v. Boston Scientific Corp.
N.D.Cal.,2008.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
Eric WILLIAMS, Plaintiff,
v.
BOSTON SCIENTIFIC CORPORATION, James
Tobin, William R. Roskopf, Jennifer A. Hegner,
Thomas J. O'Connell, Jr., and Does 1 through 10,
inclusive, Defendants.
No. C 08-01437 WHA.

May 13, 2008.

**ORDER: (1) DENYING PLAINTIFF'S MOTION
TO REMAND; (2) DENYING DEFENDANTS'
MOTION TO STAY; (3) GRANTING
DEFENDANTS' MOTION TO DISMISS; AND
(4) VACATING HEARING**

WILLIAM ALSUP, District Judge.

### INTRODUCTION

**\*1** In this wrongful-termination action, plaintiff seeks
to remand the matter to state court. Defendants move
to stay this action, or in the alternative, to dismiss the
action with respect to the individual defendants. The
central issue for the motion to remand is whether
plaintiff has failed to state a claim against the
individual defendants whose presence destroys
complete diversity and the Court's subject-matter
jurisdiction. For the reasons stated below, this order
holds that plaintiff has not stated a claim against the
individual defendants. Plaintiff's motion to remand is
therefore **DENIED** and defendants' motion to dismiss
defendants James Tobin, William R. Roskopf,
Jennifer A. Hegner, and Thomas J. O'Connell, Jr. is
**GRANTED.**Defendants' motion to stay is
**DENIED.**The hearing on these motions is hereby
**VACATED.**

### STATEMENT

Plaintiff filed this action in California state court on
January 30, 2008, against defendants Boston
Scientific Corporation ("BSC"), James Tobin,

William Roskopf, Jennifer Hegner, and Thomas
O'Connell. BSC is a Massachusetts corporation
headquartered in Natick, Massachusetts. Defendant
Tobin is a resident of Massachusetts and defendants
Roskopf, Hegner, and O'Connell are residents of
California.

According to the complaint, defendants retaliated
against plaintiff by terminating his employment after
he notified executives of alleged breaches of the
company's own procedures for reviewing
promotional materials. Plaintiff acknowledges that
his termination occurred in connection with a
"legitimate" reduction in force but contends that
defendants "exploited the occasion of the legitimate
reduction in force" to retaliate against him (Compl.¶
54). Plaintiff also asserts that defendants retaliated
against him by failing to promote him prior to his
termination.

The complaint alleges claims for wrongful
termination in violation of public policy, breach of
implied contract, and breach of the implied covenant
of good faith and fair dealing. Plaintiff predicates his
claim for wrongful discharge in violation of public
policy on various federal and state statutes, including:
(i) the Sarbanes-Oxley Act (18 U.S.C. 1514A(a)(1)
and (2)); (ii) the California Health and Safety Code
(Sections 110390, 110398, 111295); (iii) the
California Labor Code (Section 1102.5); and (iv) the
Federal Food, Drug, and Cosmetic Act. According to
the complaint, these federal and state statutes create
"fundamental and substantial public polic[ies] of the
State of California" that support the common-law
claim for wrongful termination in violation of public
policy (Compl.¶¶ 93-100).

Defendants removed to federal court on March 13,
2008, contending that defendants Roskopf, Hegner,
and O'Connell were fraudulently joined and that
diversity jurisdiction is therefore proper. Defendants
filed this motion to stay, or in the alternative, to
dismiss defendants Tobin, Roskopf, Hegner, and
O'Connell on March 28. Plaintiff filed this motion to
remand on April 10.

### ANALYSIS

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT ___1___ PAGE _15_

## 1. PLAINTIFF'S MOTION TO REMAND.

### A. Legal Standard.

**\*2** A defendant may remove a civil action from state court to federal court pursuant to 28 U.S.C. 1441(a). The strong presumption against removal jurisdiction means that the defendant bears the burden of establishing proper removal. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir.1992). Specifically, defendant here has the burden of showing that this Court can exercise diversity jurisdiction under 28 U.S.C. 1332, namely, that plaintiff has different state citizenship from all properly named defendants. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus*, 980 F.2d at 566.

If a defendant establishes fraudulent joinder, the presence of a non-diverse or resident defendant will not defeat diversity jurisdiction. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). To prove fraudulent joinder, a defendant must show that "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state."*Ibid.* The defendant "need not show that the joinder of the non-diverse party was for the purpose of preventing removal" but must demonstrate instead "that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."*Good v. Prudential Ins. Co.*, 5 F.Supp.2d 804, 807 (N.D.Cal.1998). In considering whether defendants have been fraudulently joined, the court may consider information outside the pleadings. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.1998).

### B. Plaintiff Fails to State a Claim Against the Individual Defendants.

#### (1) Wrongful Termination in Violation of Public Policy.

Defendants argue that removal to federal court is proper because the individual defendants are "sham" defendants against whom plaintiff has *not* stated a claim. They argue that it is "a well-settled principle

of California law" that individual employees *cannot* be liable for wrongful termination in violation of public policy (Br.1). In contrast, plaintiff argues that under "settled California law" individuals *are* liable for wrongful termination in violation of public policy if the underlying statute renders them liable. Plaintiff argues that because the Sarbanes-Oxley Act renders individuals liable for retaliation against whistle-blowers, a wrongful termination claim exists against individuals as well. See 18 U.S.C. 1514A. This order concludes that individuals *cannot* be sued for wrongful termination in violation of public policy under California case law.

In *Tameny v. Atlantic Richfield*, 27 Cal.3d 167 (1980), the Supreme Court of California established the common-law tort of wrongful discharge in violation of public policy. In that case, an employer discharged an employee because of the employee's refusal to participate in an illegal price-fixing scheme. The lower court sustained the employer defendant's demurrer, finding no cause of action for discharging the at-will employee. In reversing, the Supreme Court of California held that "when an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions."*Id. at 170.*The decision categorized this common-law tort as one of "wrongful discharge" of an employee that "contravenes public policy." *Id.* at 177-78.

**\*3** Several appellate court decisions have clarified that a *Tameny* claim can only be brought against an *employer.*In *Weinbaum v. Goldfaub, Whitman & Cohen*, 46 Cal.App. 4th 1310, 1315 (1996), the court addressed the question of whether a third-party defendant, not the plaintiff's employer, could be liable for conspiracy to wrongfully terminate the plaintiff's employment in violation of public policy. In ruling that the third-party could not be liable to the plaintiff for wrongful discharge, the court explained that the "the duty on which the tort is based is a creature of the employer-employee relationship."*Ibid.* The court continued, "[t]here is nothing ... we have found to suggest that this tort imposes a duty of any kind on anyone other than the employer."*Ibid.*

In *Jacobs v. Universal Development Corp.*, 53 Cal.App. 4th 692 (1997), the plaintiff sued both his

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 2051021 (N.D.Cal.)
**(Cite as: 2008 WL 2051021 (N.D.Cal.))**

Page 3

employer and two supervisors for wrongful discharge, alleging that he was fired for refusing to participate in a rebate program that violated federal lending laws. In dismissing the action against the defendant supervisors, the court cited *Weinbaum* and held that only an employer could be held liable for tortious wrongful discharge. *Jacobs,* 53 Cal.App. 4th at 704. Similarly, in *Phillips v. Gemini Moving Specialists,* 63 Cal.App. 4th 563 (1998), the plaintiff alleged that certain funds were improperly taken out of his paycheck and that he was improperly fired after he complained. The court reversed the trial court's dismissal of the plaintiff's *Tameny* claim against his employer but upheld the dismissal of the plaintiff's claims against his paymaster/supervisor, concluding that individuals could *not* be liable for the tort of wrongful discharge. *Id. at 576;see also Khajavi v. Feather River Anesthesia Med. Group,* 84 Cal.App. 4th 32, 53 (2000) ("As a matter of law, only an employer can be liable for the tort of wrongful discharge in violation of public policy.").

Plaintiff urges the Court to conclude that a *Tameny* claim can be brought against an individual if the underlying statute renders the individual liable. But plaintiff misstates the holding of the main decision on which he relies to support his argument. In an explanatory parenthetical, plaintiff summarizes *Reno v. Baird,* 18 Cal.4th 640 (1998), as "finding individual liability for supervisors exists where the relied-on public policy extends to individual defendants" (Br.6). The California Supreme Court made no such holding in *Reno.*In *Reno,* the plaintiff sued several business entities and individuals for violations of the California Fair Employment and Housing Act ("FEHA") and for wrongful discharge in violation of public policy predicated on FEHA. The court held that (i) supervisors may not be sued under FEHA for alleged discrimination and (ii) that supervisors may not be sued for wrongful termination predicated on FEHA. To be sure, the court rested its holding concerning wrongful termination on its conclusion that FEHA does not extend liability to supervisors. *Id.* at 664 ("[I]t would be absurd to forbid a plaintiff to sue a supervisor under the FEHA, then allow essentially the same action under a different rubric."). But the court did *not* hold that supervisors can be sued for wrongful termination where the underlying statute renders them liable.[FN*]

FN* Plaintiff further misconstrues the

holding in *Reno* by suggesting that the court concluded the harassment provision of FEHA *would* support wrongful termination claims against individuals (Br.7). In fact, the Reno court explicitly stated that it made no holding regarding individual liability for harassment. *Id.* at 645 n. 2 ("We express no opinion regarding individuals' liability for harassment.").

**\*4** In essence, plaintiff argues that because an underlying statute can *limit* a *Tameny* claim, an underlying statute can also *augment* a *Tameny* claim. This is not so. The appellate courts in *Weinbaum, Jacobs,* and *Phillips* held that the *Tameny* cause of action *itself* limits liability to employers. In *Bruin v. Mills College,* 2007 WL 419783 (N.D.Cal. Feb. 6, 2007), this Court followed the holdings of these decisions by concluding that in California "[t]he very basis of a *Tameny* claim is a wrongful *discharge* by an *employer.*"*Id.* at \*7 (emphasis in original). This order holds that plaintiff has failed to state a claim for wrongful termination against the individual defendants.

*(2) Claims for Breach of Implied Contract and Breach of Implied Covenant of Good Faith And Fair Dealing.*

Defendants also argue that plaintiff has not stated a claim for breach of implied contract nor for breach of the implied covenant of good faith and fair dealing. They argue that under well-established law, individuals who were not parties to a contract cannot be held liable for breaches related to that contract. *See Shoemaker v. Myers,* 52 Cal.3d 1, 24 (1990); *see also Kim v. Regents of Univ. of Cal.,* 80 Cal.App. 4th 160, 164 (2000). Plaintiff does not challenge this contention and instead focuses throughout his briefs on his claim for wrongful termination. This order agrees with defendants that plaintiff has not stated a claim for breach of implied contract nor for breach of the implied covenant of good faith and fair dealing against the individual defendants. As a result, defendants have met their burden in proving that removal is proper because plaintiff has failed to state a claim against the individual defendants.

**2. DEFENDANTS' MOTION TO STAY.**

Defendants move to stay this action pursuant to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

15

EXHIBIT __1__ PAGE __17__

Slip Copy
Slip Copy, 2008 WL 2051021 (N.D.Cal.)
**(Cite as: 2008 WL 2051021 (N.D.Cal.))**

Page 4

Federal Rule of Civil Procedure 12(b)(1) pending plaintiff's exhaustion of administrative remedies under the Sarbanes-Oxley Act. Defendants argue that plaintiff should not have filed this action until 180 days after the initial filing of plaintiff's administrative complaint with the Occupational Safety and Health Administration ("OSHA") because OSHA has exclusive jurisdiction under 18 U.S.C. 1514A(b)(1) during this time. Defendants move to stay this action until after the 180-day period, which ended on May 10, 2008. Notwithstanding the fact that this date has come and gone, this order finds defendants' argument without merit. The California Supreme Court has explicitly held that common-law claims for wrongful termination predicated on violation of a statute need not comply with the underlying statute's exhaustion requirements. *Stevenson v. Superior Court,* 16 Cal.4th 880, 904-05 (1997); *see also Romaneck v. Deutsche Asset Mgmt.,* 2006 U.S. Dist. LEXIS 59397, *11, *16 (N.D.Cal. Aug. 17, 2006). Plaintiff need not exhaust administrative remedies under the Sarbanes-Oxley Act in order to assert common-law claims for wrongful termination. Defendants' motion to stay this action is therefore **DENIED.**

### 3. DEFENDANTS' MOTION TO DISMISS.

*5 Defendants move to dismiss the individual defendants for failure to state a claim. A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 340 (9th Cir.1996)."While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level."*Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted).

For the reasons discussed above, plaintiff has failed to state a claim against the individual defendants. Defendants' motion to dismiss defendants Tobin, Roskopf, Hegner, and O'Connell is therefore

**GRANTED.**

### CONCLUSION

For the reasons stated above, plaintiff has not stated a claim against the individual defendants named in the complaint, including California residents Roskopf, Hegner, and O'Connell. As a result, complete diversity exists here and jurisdiction under 28 U.S.C. 1332 is proper. Plaintiff's motion to remand is therefore **DENIED** and defendants' motion to dismiss defendants Tobin, Roskopf, Hegner, and O'Connell is **GRANTED.**Defendants' motion to stay is **DENIED.**The hearing on these motions is hereby **VACATED.**

**IT IS SO ORDERED.**

N.D.Cal.,2008.
Williams v. Boston Scientific Corp.
Slip Copy, 2008 WL 2051021 (N.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "C"

Westlaw.

Slip Copy                                                                                                    Page 1
Slip Copy, 2008 WL 2096865 (M.D.Pa.)
**(Cite as: 2008 WL 2096865 (M.D.Pa.))**

Positive Results Marketing, Inc. v. Buffalo-Lake Erie
Wireless Systems Co., LLC
M.D.Pa.,2008.
Only the Westlaw citation is currently available.
United States District Court,M.D. Pennsylvania.
POSITIVE RESULTS MARKETING, INC., Plaintiff
v.
BUFFALO-LAKE ERIE WIRELESS SYSTEMS
CO., LLC, Brian Gelfand, Stephen Lines,
Defendants.
**No. 3:CV-08-0382.**

May 16, 2008.

Donald W. Jensen, Jensen & Jensen, Scranton, PA,
for Plaintiff.
Steven M. Greenwald, Wilkes-Barre, PA, for
Defendants.

### ORDER

THOMAS I. VANASKIE, District Judge.
**\*1THE BACKGROUND OF THIS ORDER IS AS
FOLLOWS:**

On January 30, 2008, Plaintiff Positive Results
Marketing, Inc., commenced an action in the Court of
Common Pleas of Lackawanna County against
Defendants Buffalo Lake Erie Wireless Systems Co.,
LLC, Brian Gelfand and Stephen Lines. In paragraph
7 of the Complaint, Plaintiff alleged that it "and the
Defendants agreed on or about October 18, 2007, that
the Plaintiff would open, own and operate two
authorized retail stores in Old Forge and Wyoming,
Pennsylvania and two Kiosks in Kingston and
Larksville, Pennsylvania, for purposes of selling Blue
Wireless Cellular Telephone Communication
Services and accessories."

On February 28, 2008, Defendants timely removed
the matter to this Court, asserting that the individual
defendants (Gelfand and Lines) had been joined
fraudulently in order to defeat the diversity of
citizenship that otherwise existed between the
Pennsylvania Corporate Plaintiff and the corporate
Defendant, a New York Corporation.[FN1]Specifically,
Defendants asserted that Defendant Lines, a

Pennsylvania citizen, acted in his capacity as an agent
of Defendant Buffalo-Lake Erie Wireless Systems
Co., LLC, in connection with the agreement alleged
in Paragraph 7 of the Complaint. Defendants
submitted an affidavit of Mr. Lines attesting to the
fact that he is neither a member, shareholder, nor
partner of the corporate Defendant, and that he acted
in his capacity as an agent of the corporate defendant
in dealing with the corporate Plaintiff.

> FN1. Defendant Gelfand is also a citizen of
> New York.

On March 25, 2008, Plaintiff filed a motion to
remand, asserting that the presence of Defendant
Lines destroyed diversity of citizenship jurisdiction,
thereby precluding removal of this case from state
court. Plaintiff relied upon the fact that its "cause of
action was founded upon a verbal agreement,"
asserting that Defendant Lines "is an essential party
to the Plaintiff's cause of action in quantum meruit
and/or brief of contract as one of the individual
Defendant's [sic] who met with and contracted with
the Plaintiff in this business venture."(Brief in
Support of Motion to Remand at 5.)

Where, as here, removal is based upon diversity
jurisdiction, Defendants must show that "none of the
parties in interest properly joined and served as
defendants is a citizen of the State in which such
action is brought."28 U.S.C. § 1441(b). Defendants
may carry this burden by showing that "there is no
reasonable basis in fact or colorable ground
supporting the claim" against a non-diverse
defendant, "or no real intention in good faith to
prosecute the action against the defendant or seek a
joint judgement ."*Boyer v. Snap-On-Tools Corp.,* 913
F.2d 108, 111 (3d Cir.1990). The Defendants carry a
heavy burden: "If there is even a possibility that a
state court would find that the complaint states a
cause of action against any of the resident defendants,
the federal court must find that joinder was proper
and remand the case to state court."*Id.*

**\*2** In this case, Plaintiff has alleged that it entered
into an agreement with all three Defendants,
including the corporate Defendant. Plaintiff has not
alleged, however, the existence of a joint venture or

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                      Page 2
Slip Copy, 2008 WL 2096865 (M.D.Pa.)
**(Cite as: 2008 WL 2096865 (M.D.Pa.))**

partnership between the individual defendants and the corporate Defendant. Instead, the Complaint necessarily implies that any agreement with the corporate Defendant resulted from the discussions between Plaintiff's corporate agent and the Corporate Defendant's agents. Significantly, the Complaint does not allege that Defendant Lines failed to disclose the existence of the corporate principal. Nor does the Complaint allege that Plaintiff was unaware of the existence of the corporate Defendant. Other than Plaintiff's bald assertion, the Complaint affords no basis for inferring that Defendant Lines contracted with Plaintiff. For example, there is no averment of any consideration from Lines to Plaintiff.

"Generally, of course, an agent of a disclosed principal, even one who negotiates and signs a contract for her principal, does not become a party to the contract."*Bel-Ray Co. v. Chemrite Ltd.,* 181 F.3d 435, 445 (3d Cir.1999). In this matter, the alleged express agreement between Plaintiff and the Corporate Defendant necessarily resulted from negotiations with Defendant Lines. It is evident that the alleged contract existed between the corporate parties, and not between Plaintiff and the individual Defendants. In this regard, Plaintiff does not allege that its corporate agent somehow became a party to the alleged agreement. Simply stated, the Complaint does not allege a plausible basis for relief against Defendant Lines. *See Bell Atlantic Corp. v. Twombly,* --- U.S. ----, ---- - ----, 127 S.Ct. 1955, 1965-66, 167 L.Ed.2d 929 (2007) (complaint must contain sufficient factual matter to show "plausible grounds to infer an agreement")."[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."*Id.* at 1964-65.

"When there is plainly no valid cause of action against non-diverse defendants, courts in this circuit and without have denied remand based on fraudulent joinder."*Gil v. Related Management Co.,* Civ. No. 06-2174, 2006 WL 2358574, at *4 (D.N.J.2006). Because the Complaint fails to allege facts sufficient to show a plausible breach of contract or quantum meruit claim against Defendant Lines, remand of this matter is not warranted. *Id.*

**ACCORDINGLY, IT IS HEREBY ORDERED THAT** Plaintiff's motion to remand (Dkt. Entry 14) is

**DENIED.**

M.D.Pa.,2008.
Positive Results Marketing, Inc. v. Buffalo-Lake Erie Wireless Systems Co., LLC
Slip Copy, 2008 WL 2096865 (M.D.Pa.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT ___ PAGE 20

# EXHIBIT "D"

Westlaw.

Slip Copy
Slip Copy, 2008 WL 1924899 (D.Colo.)
(Cite as: 2008 WL 1924899 (D.Colo.))

Page 1

Whitehead-Rojas v. American Family Mut. Ins. Co.
D.Colo.,2008.
Only the Westlaw citation is currently available.
United States District Court,D. Colorado.
Debra WHITEHEAD-ROJAS, Plaintiff,
v.
AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, a Wisconsin corporation, and Conrad
Manyik, an individual, Defendants.
Civil Action No. 08-cv-00103-WDM-KLM.

April 28, 2008.

Michael P. Cross, Robert Bruce Carey, The Carey
Law Firm, Colorado Springs, CO, for Plaintiff.
Robert W. Harris, Alan Peter Gregory, Harris,
Karstaedt, Jamison & Powers, PC, Englewood, CO,
for Defendants.

## ORDER ON MOTION TO DISMISS AND MOTION TO REMAND

MILLER, District Judge.
*1 This matter is before me on Defendants' Motion to
Dismiss Claims Against Defendant Manyik Under
Fed.R.Civ.P. 12(b)(6) (doc no 11) and Plaintiff's
Motion to Remand for Lack of Subject Matter
Jurisdiction (doc no 21). Both motions are opposed.
For the reasons set forth below, Defendants' motion
to dismiss will be granted and Plaintiff's motion to
remand will be denied.

### Background

This action is based on the now-repealed Colorado
Auto Accident Reparations Act ("CAARA" or the
"No Fault Act"), C.R.S. §§ 10-4-701 to 10-4-726
(2002)[FN1]. Plaintiff alleges that Defendant American
Family Mutual Insurance Company ("Insurer") failed
to offer her enhanced or additional Personal Injury
Protection ("PIP") coverage as required by the No
Fault Act and now seeks to reform the policy to
include such benefits. Plaintiff also asserts a claim
against Defendant Conrad Manyik ("Agent"), an
agent of Insurer, alleging that Agent acted
negligently by failing to offer and explain enhanced
PIP coverage. According to her complaint, Plaintiff

alleges that she advised Agent that "she desired to
purchase the best possible coverage available from
American Family."Complaint ¶ 32. Plaintiff seeks,
inter alia, reformation of the policy to include
enhanced PIP benefits and that such benefits be "not
subject to an aggregate limit of $200,000."Complaint,
VI Prayer for Relief ¶ B.

FN1. All references are to the 2002 version
of the statute unless otherwise noted.

### Standard of Review

A complaint must be dismissed pursuant to
Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon
which relief can be granted if it does not plead
"enough facts to state a claim to relief that is
plausible on its face."Bell Atlantic Corp. v. Twombly,
127 S.Ct. 1955, 1974 (2007). The court must accept
as true all well-pleaded facts and construe all
reasonable allegations in the light most favorable to
the plaintiff. United States v. Colorado Supreme
Court, 87 F.3d 1161, 1164 (10th Cir.1996).

### Discussion

1. Motion to Dismiss

Prior to its repeal, the No Fault Act required auto
insurers to offer optional additional PIP benefits to
their customers when issuing an auto insurance
policy. Specifically, the following provisions
required that:

(2)(a) Every insurer shall offer the following
enhanced benefits for inclusion in a complying
policy, in addition to the basic coverages described
in section 10-4-706 (basic PIP protection), at the
option of the named insured:

(I) Compensation of all expenses of the type
described in section 10-4-706(1)(b) [medical
treatment] without dollar or time limitation; or

(II) Compensation of all expenses of the type
described in section 10-4-706(1)(b) [medical
treatment] without dollar or time limitations and

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT ___1___ PAGE _21_

Slip Copy                                                                                                                  Page 2
Slip Copy, 2008 WL 1924899 (D.Colo.)
**(Cite as: 2008 WL 1924899 (D.Colo.))**

payment of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had such injured person not been injured during the period commencing on the day after the date of the accident without dollar or time limitations.

**\*2** (b) A complying policy may provide that all benefits set forth in section 10-4-706(1)(b) to (1)(e) and in this section are subject to an aggregate limit of two hundred thousand dollars payable on account of injury to or death of any one person as a result of any one accident arising out of the use or operation of a motor vehicle.

C.R.S. § 10-4-710.

Under Colorado law, the remedy for an insurance company's failure properly to offer enhanced PIP benefits is for the court to reform the subject policy such that "additional coverage in conformity with the offer mandated by statute will be incorporated into the policy...."*Brennan v. Farmers Alliance Mutual Insurance Co.*, 961 P.2d 550, 554 (Colo.App.1998).

Defendants seek to dismiss Agent from this case, arguing that he was fraudulently joined to defeat diversity jurisdiction. Defendants contend that under established Colorado law, an insurance agent is not an "insurer" under the No Fault Act and, moreover, does not have a common law obligation to personally advise a consumer of the availability of additional coverage, such as enhanced PIP policies.

"Colorado follows the general rule that insurance agents have a duty to act with reasonable care toward their insureds, but, absent a special relationship between the insured and the insurer's agent, that agent has no affirmative duty to advise or warn his or her customer of provisions contained in an insurance policy."*Kaercher v. Sater*, 155 P.3d 437, 441 (Colo.App.2006) (citations omitted). It is well established that insurance agents or brokers are not "personal financial counselors and risk managers, approaching guarantor status" and have no duty to direct or advise a client to obtain additional coverage.*Id.* Negligence may be premised on one category of conduct; specifically, where an agent promises to obtain a specific type of insurance requested by the insured, the agent assumes a duty to act reasonably to procure the requested insurance or

to notify the insured of the inability or failure to do so. *Id.* at 442 (citing *Bayly, Martin & Fay, Inc. v. Pete's Satire, Inc.*, 739 P.2d 239 (Colo.1987)).

Here, Plaintiff's allegations do not demonstrate that she requested that Agent obtain enhanced PIP coverage for her, but merely that she asked for the "best possible" insurance coverage. "Best" is an inherently subjective evaluation in these circumstances, and could cover a multitude of possible formulations including the absolute lowest price, the most coverage for the lowest price, the most coverage for any price, and any number of other considerations. Such a vague expression cannot reasonably be construed as sufficient to put Agent on notice that Plaintiff wanted or expected a particular kind of policy. Plaintiff's allegations, even if true, would not be sufficient to establish liability because they do not, as a matter of law, indicate that Agent undertook to obtain enhanced PIP coverage for Plaintiff and then failed to do so.

**\*3** Moreover, I disagree with Plaintiff that *Kaercher* stands for the proposition that the common law standard of care for an insurance agent or broker was modified by the No Fault Act. In *Kaercher*, a division of the Colorado Court of Appeals, considering a similar statute regarding an insurer's statutory duty to offer uninsured/underinsured motorist coverage, concluded that "an agent who offers that same coverage is exercising a reasonable duty of care toward his or her clients, absent special circumstances ."155 P.3d at 441. In other words, contrary to the argument of the plaintiff in that case, an agent does not have a common law duty of care that is greater than an insurer's duty to offer coverage at an amount mandated by statute. There is no indication that the division was opining that an agent has an affirmative duty to advise clients of the availability of greater coverages than those requested by the consumer, which would be a significant departure from the well-established principles cited above. *See also Estate of Hill v. Allstate Ins. Co.*, 354 F.Supp.2d 1192 (D.Colo.2004) (holding that individual insurance agent does not have common law duty to inform consumer of availability of enhanced PIP coverage). Accordingly, the claim against Agent should be dismissed.

2. *Motion to Remand*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 1924899 (D.Colo.)
**(Cite as: 2008 WL 1924899 (D.Colo.))**

Page 3

Plaintiff moves to remand this case to the Larimer County, Colorado district court. Defendants removed the case based on diversity jurisdiction, 28 U.S.C. § 1332<sup>FN2</sup>. Plaintiff contends that Defendants did not allege in the notice of removal facts sufficient to demonstrate by a preponderance of the evidence that the statutory amount in controversy, $75,000, is met.

> FN2. In the notice of removal (doc no 1), the Defendants acknowledged that there was no complete diversity if Agent, a Colorado resident, was a proper defendant. Defendants asserted that Agent was fraudulently joined in order to destroy diversity and moved for his dismissal.

The amount in controversy for the purposes of diversity jurisdiction is determined at the time of removal. *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484 (10th Cir.1991). In a removed case, a defendant's claim that the amount in controversy meets the jurisdictional requirement of section 1332 does not enjoy a presumption of accuracy. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir.2001). The amount in controversy is determined by the allegations of the complaint or, if the complaint is not dispositive, by the allegations in the notice of removal. *Id.* at 1290.When the plaintiff's damages are unspecified, as they are here, the defendant must establish the jurisdictional amount by a preponderance of the evidence; the requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice."*Id.* (citations omitted; emphasis in the original). There is a presumption against removal jurisdiction and, therefore, all doubts are resolved in favor of remand. *See, e.g., Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir.2001); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982).

In the notice of removal, Defendants alleged that Plaintiff had purchased approximately $130,000 in basic PIP coverage and, by this action, sought to reform the policy to include enhanced PIP benefits. Notice of Removal (doc no 1) at ¶ 10. The statute provides that enhanced PIP benefits may be subject to an aggregate limit of $200,000, see C.R.S. § 10-4-710(2)(b), but Plaintiff requested that this limit not apply. *Id.* Thus, as noted by Defendants, Plaintiff's reformation claim amounted to no less than $70,000.

Plaintiff also sought interest, attorneys' fees, and non-economic damages. *Id.* at ¶¶ 11-13.I have no trouble concluding, as I did at the time the case was removed to this court, that these allegations are sufficient to establish that the amount in controversy meets the prerequisites of 28 U.S.C. § 1332 and that I have jurisdiction. Moreover, Defendant has provided supplementary documentation (doc no 22), which includes as an attached exhibit Plaintiff's initial disclosures. In these Fed.R.Civ.P. 26(a) disclosures, Plaintiff asserts that she has suffered $141,019.85 in medical expenses, which amount is still increasing with ongoing treatment, $164,995.63 in lost wages, and that she seeks statutory damages, exemplary damages, interest, and attorneys' fees. *See* Exhibit A to Supplement to Defendants' Notice of Removal (doc no 22-2). Assuming that Plaintiff was entitled to and exhausted the $130,000 in benefits under her basic PIP policy, these assertions make clear beyond any doubt that the amount in controversy exceeds $75,000.

**\*4** Plaintiff argues that Defendants' assertions are inadequate because the statutory cap, standing alone, does not "represent the amount of APIP benefits remaining to be paid" to Plaintiff. I do not follow Plaintiff's reasoning, as Defendants did not rely on the statutory cap on benefits, but rather the difference between the cap and the amount of coverage of Plaintiff's existing policy. This amount, with nothing more, is nearly enough to satisfy the jurisdictional requirement. Plaintiff also argues that the mere recitation of the other damage categories she seeks is insufficient to confer jurisdiction. If Plaintiff were to prevail on her claims, it is reasonable to infer she would have attorneys' fees in excess of $5000, not to mention the other damages categories she claims in the complaint. Notwithstanding Plaintiff's arguments, in light of her disclosures, it is clear that I had jurisdiction at the outset of this matter and remand is not required. *See, e.g., Purple Passion, Inc. v. RCN Telecom Serv., Inc.*, 406 F.Supp.2d 245, 246 (S.D.N.Y.2005) (events occurring after removal that reduce the amount in controversy, including action by the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, that reduces the claim below the requisite amount for removal, does not deprive the district court of jurisdiction) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) and collecting cases).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

21

EXHIBIT _____ PAGE 23

Slip Copy                                                                                    Page 4
Slip Copy, 2008 WL 1924899 (D.Colo.)
**(Cite as: 2008 WL 1924899 (D.Colo.))**

Accordingly, it is ordered:

1. Defendants' Motion to Dismiss Claims Against Defendant Manyik Under Fed. 7 R. Civ. P. 12(b)(6) (doc no 11) is granted. Plaintiff's negligence claim against Defendant Manyik is dismissed and this defendant is dismissed from this action.

2. Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (doc no 21) is denied.

D.Colo.,2008.
Whitehead-Rojas v. American Family Mut. Ins. Co.
Slip Copy, 2008 WL 1924899 (D.Colo.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT ___1___ PAGE 24

1  TUCKER ELLIS & WEST LLP
   MICHAEL C. ZELLERS-STATE BAR NO. 146904
2  MOLLIE BENEDICT-STATE BAR NO. 187084
   AGGIE B. LEE-STATE BAR NO. 228332
3  515 S. Flower Street, 42nd Floor
   Los Angeles, CA 90071-2223
4  Telephone:  (213) 430-3400
   Facsimile:  (213) 430-3409
5  michael.zellers@tuckerellis.com
   mollie.benedict@tuckerellis.com
6  aggie.lee@tuckerellis.com

7
   Attorneys for Defendant
8  BRACCO DIAGNOSTICS INC.

9
                **UNITED STATES DISTRICT COURT**
10
               **NORTHERN DISTRICT OF CALIFORNIA**
11

12 CAROL MOORHOUSE and JAMES        )  Case No.  CV-08-1831 SBA
   MOORHOUSE,                        )
13                                   )  **DECLARATION OF AGGIE B.**
            Plaintiffs,              )  **LEE IN SUPPORT OF**
14                                   )  **DEFENDANT BRACCO**
       v.                            )  **DIAGNOSTICS INC.'S**
15                                   )  **APPLICATION FOR LEAVE TO**
   BAYER HEALTHCARE                  )  **FILE A SUR-REPLY TO**
16 PHARMACEUTICALS, INC.; BAYER      )  **PLAINTIFFS' REPLY TO**
   HEALTHCARE LLC; GENERAL           )  **MOTION FOR REMAND**
17 ELECTRIC COMPANY; GE              )
   HEALTHCARE, INC.; COVIDIEN,       )
18 INC.; MALLINCKRODT, INC.;         )  [Filed Concurrently with BDI's
   BRACCO DIAGNOSTICS, INC.;         )  Application for Leave to File Sur-Reply
19 McKESSON CORPORATION;             )  to Plaintiffs' Reply to Motion For
   MERRY X-RAY CHEMICAL CORP.;       )  Remand and [Proposed] Order]
20 and DOES 1 through 35,            )
                                     )
21          Defendants.              )
                                     )
22                                   )
                                     )
23 _____  )

24

25

26

27

28

1

## <u>DECLARATION OF AGGIE B. LEE</u>

2          I, Aggie B. Lee, declare as follows:

3          1.      I am an attorney at law duly authorized to practice before the courts of

4     the State of California and before the United States District Court for the Northern

5     District of California.  I am an associate with the law firm of Tucker Ellis & West

6     LLP, attorneys for Defendant Bracco Diagnostics Inc. ("BDI").  I have personal

7     knowledge of all of the facts attested to in this declaration and could competently

8     testify thereto if called as a witness in any legal proceeding.

9          2.      On March 5, 2008, Plaintiffs Carol Moorhouse and James Moorhouse

10    ("Plaintiffs") filed a complaint in the Superior Court of California, San Francisco

11    County captioned as *Carol Moorhouse, et al. v. Bayer Healthcare*

12    *Pharmaceuticals, Inc., et al.,* Case No. CGC-08-472878.

13         3.      After service of this Complaint, this case was removed to United

14    States District Court for the Northern District of California.  BDI consented to such

15    removal.

16         4.      On April 22, 2008, Plaintiffs filed a Motion to Remand this action to

17    state court.

18         5.      BDI filed an Opposition to Plaintiffs' Motion to Remand on May 20,

19    2008.

20         6.      Plaintiffs filed a reply to the Opposition to the Motion for Remand on

21    May 27, 2008.  The reply asserted that the pleading standards set forth in *Bell*

22    *Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955 (2007) do not apply in the

23    context of motions for remand.

24         7.      BDI wishes leave to file a sur-reply to address Plaintiffs' argument.

25

26

27

28

DECLARATION OF AGGIE B. LEE IN SUPPORT OF DEFENDANT BRACCO
DIAGNOSTICS INC.'S APPLICATION FOR LEAVE TO FILE A SUR-REPLY TO
PLAINTIFFS' REPLY TO MOTION FOR REMAND CV-08-1831 SBA

LAimanage/11255/00006/609365/1

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed by me on this 30th day of May, 2008, in Los Angeles, California.

_/s/ Aggie B. Lee_____
Aggie B. Lee

3.

DECLARATION OF AGGIE B. LEE IN SUPPORT OF DEFENDANT BRACCO DIAGNOSTICS INC.'S APPLICATION FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFFS' REPLY TO MOTION FOR REMAND CV-08-1831 SBA

LAimanage/11255/00006/609365/1

1
2
3
4
5
6

TUCKER ELLIS & WEST LLP
MICHAEL C. ZELLERS-STATE BAR NO. 146904
MOLLIE BENEDICT-STATE BAR NO. 187084
AGGIE B. LEE-STATE BAR NO. 228332
515 S. Flower Street, 42nd Floor
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Facsimile:  (213) 430-3409
michael.zellers@tuckerellis.com
mollie.benedict@tuckerellis.com
aggie.lee@tuckerellis.com

7
8

Attorneys for Defendant
BRACCO DIAGNOSTICS INC.

9

## UNITED STATES DISTRICT COURT

10

## NORTHERN DISTRICT OF CALIFORNIA

11
12

CAROL MOORHOUSE and JAMES
MOORHOUSE,

13

        Plaintiffs,

14

        v.

15
16
17
18
19

BAYER HEALTHCARE
PHARMACEUTICALS, INC.; BAYER
HEALTHCARE LLC; GENERAL
ELECTRIC COMPANY; GE
HEALTHCARE, INC.; COVIDIEN,
INC.; MALLINCKRODT, INC.;
BRACCO DIAGNOSTICS, INC.;
McKESSON CORPORATION;
MERRY X-RAY CHEMICAL CORP.;
and DOES 1 through 35,

20

        Defendants.

21
22

Case No.  CV-08-1831 SBA

**[PROPOSED] ORDER GRANTING
BDI LEAVE TO FILE A SUR-
REPLY TO PLAINTIFFS' REPLY
TO MOTION FOR REMAND**

[Filed Concurrently with BDI's
Application for Leave to File Sur-Reply
to Plaintiffs' Reply to Motion For
Remand and Declaration of Aggie B.
Lee]

Date:              June 10, 2008
Time:             1:00 p.m.
Courtroom:     3

23
24
25
26
27
28

_____
[PROPOSED] ORDER GRANTING BDI LEAVE TO FILE A SUR-REPLY TO
PLAINTIFFS' REPLY TO MOTION FOR REMAND
CV-08-1831 SBA

LAimanage/11255/00006/609361/1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# [PROPOSED] ORDER

Good cause having been shown, IT IS HEREBY ORDERED THAT Defendant Bracco Diagnostics Inc. ("BDI") is granted leave to file a sur-reply to Plaintiffs' Reply to the Opposition to Motion for Remand, set for hearing June 10, 2008.

IT IS FURTHER ORDERED THAT the sur-reply attached as Exhibit 1 to BDI's Application for Leave to File a Sur-reply is accepted as filed.

DATED: _____,2008

_____
The Honorable Saundra Brown Armstrong
United States District Court Judge