Lawrence J. Gornick (SBN 136290)
Debra DeCarli (SBN 237642)
Laura M. Brandenberg (SBN 238642)
**LEVIN SIMES KAISER & GORNICK LLP**
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: (415) 646-7160
Fax: (415) 981-1270
lgornick@lskg-law.com
ddecarli@lskg-law.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

| | |
|---|---|
| CAROL MOORHOUSE and JAMES MOORHOUSE,<br><br>Plaintiffs,<br><br>vs.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; COVIDIEN, INC.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP.; and DOES 1 through 35<br><br>Defendants. | Case No: 4:08-cv-01831-SBA<br><br>**(San Francisco County Superior Court, Case No.: CGC-08-472978)**<br><br>**NOTICE OF RULING BY THE CENTRAL DISTRICT OF CALIFORNIA REMANDING RELATED CASE** |

PLEASE TAKE NOTICE that Plaintiffs Lamanor Harris and Israel Harris' Motion for Remand was GRANTED on June 11, 2008 by Judge Stephen G. Larson in the U.S. District Court, Central District of California (Case No. CV-08-01896-SGL(LCRx). *Harris v. Bayer* was cited by Defendants as a related case pending remand in GE's Opposition to Plaintiffs' Motion for Remand, and involved substantially similar issues present in Plaintiffs' Motion for Remand.

In addition, Defendants Motion to Stay pending transfer to the MDL was DENIED AS MOOT. A copy of Judge Larson's Order is attached hereto as Exhibit A.

1

2   Dated:  June 11, 2008                    LEVIN SIMES KAISER & GORNICK LLP

3                                            By: s/ Laura M. Brandenberg
                                             Lawrence J. Gornick (CA SBN 136290)
4                                            LEVIN SIMES KAISER & GORNICK, LLP
                                             44 Montgomery Street, 36th Floor
5                                            San Francisco, CA  94104
                                             Telephone:  (415) 646-7161
6                                            E-mail:  lgornick@lskg-law.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Case 4:08-cv-01831-SBA     Document 43-2     Filed 06/11/2008     Page 1 of 3

**Entered JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 08-01896-SGL(JCRx)                                    Date: June 4, 2008

Title:   LAMANOR HARRIS and ISRAEL HARRIS -v- BAYER HEALTHCARE
         PHARMACEUTICALS, INC., et al.
=====================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           Jim Holmes                                 None Present
           Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                             None present

PROCEEDINGS:   ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT
               MOTION TO STAY (IN CHAMBERS)

      This matter was heard on June 2, 2008, at which time the Court took the motions to remand and to stay under submission.

      In this action, plaintiff alleges that she was injured based on the injection of gadolinium-based contrast agents in connection with an MRI and MRA scans. Plaintiffs have sued the manufacturers and distributors of these agents.

      The manufacturer-defendants are diverse from plaintiffs; the distributor-defendants are not. Plaintiff has moved to remand for lack of subject-matter jurisdiction; defendants contend that the distributor-defendants are sham defendants whose citizenship should be ignored for purposes of determining whether the Court has subject-matter jurisdiction.

      Generally, diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of the parties; however, removal is proper even with a non-diverse defendant when that non-diverse defendant has been fraudulently joined, or is, in other words, a "sham" defendant. See <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996). A non-diverse defendant is deemed a sham and will not defeat jurisdiction if, after all disputed questions of fact and all ambiguities in the controlling state

MINUTES FORM 90                                              Initials of Deputy Clerk: JH
CIVIL -- GEN                             1

law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1426 (9th Cir.1989). The failure to state claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." United Computer Systems v. AT & T Corp., 298 F.3d 756, 761 (9th Cir.2002). A defendant who asserts that a non-diverse defendant has been joined has the burden of proof and the Court must remand the case unless the defendant shows that there is no chance that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. See Levine v. Allmerica Financial Life Ins. & Annuity Co., 41 F.Supp.2d 1077, 1078 (C.D. Cal.1999).

Here, under California law, it is not the settled that a plaintiff cannot sue a distributor based on defective products; to the contrary, it is settled that a plaintiff may. See Motion at 4 (collecting case). On the more specific issue of whether a plaintiff may sue a distributor of pharmaceuticals, as acknowledged by the defendants, the law in California is unsettled. See Removing Defs.'' Opp. at 8-9. However, the fact that the weight of the authority in a state may weigh in favor of a defendant arguing that it has been fraudulently joined is not sufficient to meet its burden that the failure to state a claim is "obvious according to the well-settled rules of the state." United Computer Systems, 298 F.3d at 761. So long as the law remains unsettled, the standard for meeting fraudulent joinder is not met.

Accordingly, the Motion to Remand is **GRANTED** and this action is **REMANDED** to the Los Angeles Superior Court.

In light of the Court's grant of the motion to remand, the Motion to Stay pending transfer to MDL is **DENIED AS MOOT.**

**IT IS SO ORDERED.**