THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL MOORHOUSE and JAMES MOORHOUSE,<br><br>  Plaintiffs,<br><br>  v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; GENERAL ELECTRIC COMPANY; GE HEALTHCARE, INC.; COVIDIEN, INC.; MALLINCKRODT, INC.; BRACCO DIAGNOSTICS, INC.; McKESSON CORPORATION; MERRY X-RAY CHEMICAL CORP; AND DOES 1 through 35,<br><br>  Defendants.<br>_____ / | No. 08-01831 SBA<br><br>**ORDER**<br><br>[Docket Nos. 17 and 21] |

Currently before the Court is Plaintiffs' Motion to Remand [Docket No. 17]. Opposition memoranda have been filed by defendants General Electric Company and GE Healthcare Inc. [Docket No. 32] and defendant Bracco Diagnostics Inc. [Docket No. 37]. Plaintiffs have filed a reply [Docket No. 39]. Defendant Bracco Diagnostics Inc. has also filed an Application for Leave to File a Sur-Reply [Docket No. 40].

Also before the Court is defendants General Electric Company's and GE Healthcare Inc's Application to Stay all Proceedings Pending Transfer to MDL [Docket No. 21].[1] Plaintiffs have

---

[1] The following defendants have filed a joinder in application to stay all proceedings: McKesson Corporation [Docket No. 27]; Covidien, Inc. and Mallinckrodt, Inc. [Docket No. 28]; Bracco Diagnostics Inc. [Docket No. 30].

filed an opposition [Docket No. 31]. Defendants Electric Company and GE Healthcare Inc have filed a reply [Docket No. 38].

Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing pursuant to Rule 78(b).

## BACKGROUND

Plaintiff Carol Moorhouse allegedly suffers from Nephrogenic Systemic Fibrosis, an incurable and life-threatening disease. She allegedly contracted the disease as a result of receiving gadolinium based contrast agents ("GBCA") in connection with MRI and MRA procedures. The GBCAs were allegedly manufactured by General Electric Company, GE Healthcare Inc. (collectively "GE"), Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC ("Bayer"), Covidien Inc., Mallinckrodt, Inc., and Bracco Diagnostics Inc., and distributed by McKesson Corporation ("McKesson") and Merry X-Ray Chemical Corporation ("Merry X-Ray").

On March 5, 2008, Plaintiffs Carol Moorhouse and James Moorhouse ("Plaintiffs" or "Moorhouse") filed a complaint in the Superior Court of California, San Francisco County captioned as *Moorhouse, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al.*, Case No. CGC-08-472978 (the "Complaint"). The Complaint was against two in-state defendants (McKesson and Merry X-Ray) and seven out-of-state defendants (GE, Bayer, Covidien Inc., Mallinckrodt, Inc. and Bracco Diagnostics Inc.). The GE defendants (sometimes referred to as "Removing Defendants") removed this matter to Federal Court on April 4, 2008 [Docket No. 1].

Removing defendants allege in their removal that the two in-state defendants, McKesson and Merry X-Ray (the "Distributor Defendants") are fraudulently joined and, therefore, their California residencies should be ignored for purposes of determining diversity jurisdiction. Plaintiffs filed a

2

Motion for Remand on April 22, 2008.

On April 24, 2008, the GE Defendants filed their Application to Stay All Proceedings Pending Transfer to the MDL. The MDL, known as *In re: Gadolinium Contrast Dyes Products Liability Litigation* ("Gadolinium MDL"), was created on February 27, 2008 and is presided over by the Honorable Dan A. Polster of the Northern District of Ohio.

On April 23, 2008, this case was subjected to a Conditional Transfer Order No. 5 (the "CTO"). Plaintiffs filed a Notice of Opposition to the CTO on May 7, 2008. No date for hearing on plaintiffs' Motion and Brief to Vacate the Conditional Transfer Order has been set by the Panel. Pursuant to Rule 7.4(c) of the Rule of Procedure for the Judicial Panel on Multidistrict Litigation, the CTO is stayed pending futher order of the Panel.

## **APPLICABLE STANDARDS**

A federal court can exercise removal jurisdiction over a case only if it would have had jurisdiction over the case as originally brought by the plaintiff. *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977); *see also* 28 U.S.C. § 1441. Removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 requires complete diversity of citizenship (i.e., all plaintiffs must be of different citizenship than all defendants). *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *see also* 28 U.S.C. § 1332. Removal is not permitted where one of the defendants "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The party seeking removal has the burden of establishing federal jurisdiction, *Holcomb v. Bingham Toyota*, 871 F.2d 109, 110 (9th Cir. 1989), and there is a "strong presumption against removal jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). In determining the existence of removal jurisdiction, a court may ignore a "fraudulently joined"

3

defendant. *Morris v. Princess Cruise Lines*, 236 F.3d 1061, 1067-68 (9th Cir. 2001). "Fraudulent joinder is a term of art"—when a "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *TPS Utilicom Servs. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002) ("There is fraudulent joinder when there is no possibility of recovery against a resident defendant according to the settled rules of the state.").

In determining whether a defendant was joined fraudulently, "the courts must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Plute v. Roadway Package Sys.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Moreover, "all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand, and a lack of clear precedent does not render the joinder fraudulent." *Id.*; *see also Little v. Purdue Pharma*, LP, 227 F. Supp. 2d 838, 849 (S.D. Ohio 2002) ("a federal court should hesitate before pronouncing a state claim frivolous, unreasonable, and not even colorable in an area yet untouched by the state courts.").

**DISCUSSION**

According to defendants, federal jurisdiction over this lawsuit is proper because, they argue, there is complete diversity between plaintiffs and defendants.[2] Although Moorhouse has included two in-state defendants in the lawsuit, which would ordinarily defeat diversity jurisdiction, defendants argue that the California defendants were fraudulently joined and should therefore be disregarded for jurisdictional purposes.

---

[2] It is undisputed that the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332.

4

In the Ninth Circuit, a defendant is fraudulently joined, for purposes of diversity jurisdiction, when a "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state…" *McCabe*, 811 F.2d at 1339.[3] Defendants argue that 1) Moorhouse has failed to state a viable claim against the California defendants; and 2) there is no factual nexus between the Distributor Defendants and the products named in this case.

The Supreme Court of California has recognized a cause of action against drug manufacturers for failure to warn of the risks of a prescription drug. *Brown v. Superior Court*, 44 Cal. 3d 1049, 1057, 1061 (1988). The general rule under California law is that distributors of defective products are strictly liable. *Bostick v. Flex Equipment Co., Inc.*, 147 Cal. App. 4th 80, 88 (Cal. App. 2d Dist. 2007); *Maher v. Novartis Pharms. Corp.*, 2007 U.S. Dist. LEXIS 58984 (S.D. Cal. 2007). Moorhouse has sued the Distributor Defendants for their alleged failure to warn consumers and healthcare providers about the risks of using GBCA. However, defendants argue that such a cause of action is not viable under California law. Defendants attempt to support their position in two ways, each of which will be addressed separately below. First, they argue that "[i]n the context of prescription drugs, no published California opinion has recognized a cause of action against distributors for failure to warn." They contend that "[t]o rule that there may be viable failure

---

[3] Defendant Bracco Diagnostics Inc. ("BDI") has filed an Application for Leave to File a Sur-Reply [Docket No. 40]. In its Sur-Reply, BDI argues that *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) sets forth the applicable standard for determining whether in-state defendants have been fraudulently joined. Under *Twombly*, to state a legally sufficient claim, a plaintiff must state a claim that is "plausible" not merely conceivable. *Twombly*, 127 S. Ct. at 1974. BDI further argues that "numerous courts, including those in California, have affirmed that the [*Twombly*] standard applies in determining fraudulent joinder for purposes of diversity jurisdiction." However, none of the California cases to which BDI cites adopts the *Twombly* standard for purposes of determining fraudulent joinder. Fraudulent joinder is not even addressed in *Maloney v. Scottsdale Ins. Co.*, 256 Fed.Appx. 29 (Ninth Cir. 2007), and in *Williams v. Boston Scientific Corp.*, 2008 WL 2051021 (N.D.Cal. 2008), the court uses the *McCabe* test, explaining that "[t]o prove fraudulent joinder, a defendant must show that "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state." Because Moorhouse discusses *Twombly* for the first time in her reply brief and the Court has opted to consider her argument, BDI's request for leave to file a sur-reply is GRANTED.

5

to warn claims against the Distributor Defendants under state law would be tantamount to fabricating state law out of thin air." Second, defendants argue that the policy rationale behind liability for failure to warn in the prescription drug context suggests that a failure to warn cause of action against distributors is inappropriate.

## I.     Lack of California Authority

Defendants contend that no California case has held a distributor liable for failure to warn in the prescription drug context. However, even if true, that fact alone does not suggest that it is *obvious* according to the *settled* rules of California that a failure to warn cause of action is not viable. Defendants, for their part, have not cited any case holding that a distributor *cannot* be held liable under any circumstances for failure to warn of the risks of prescription drugs. Defendants must do more than observe that the California courts have yet to find a distributor liable for failure to warn in the prescription drug context; they must establish that "there is no *possibility* of recovery against a resident defendant according to the settled rules of the state." *TPS*, 223 F. Supp. 2d at 1102. In other words, defendants must establish that there is no possibility that a California court will hold distributors liable for failure to warn consumers or healthcare providers of the risks of a prescription drug.

In *Aaron v. Merck & Co.*, 2005 U.S. Dist. LEXIS 40745 (C.D. Cal. 2005), defendant Merck advanced the same argument as defendants in this case to establish that in-state distributor defendant McKesson (the same distributor defendant in the present case) was fraudulently joined. In particular, Merck argued that the lack of a decision holding distributors liable for a failure to warn in the prescription drug context established that such a claim is not viable under California law. *Aaron*,

6

2005 U.S. Dist. LEXIS 40745 at *7. Holding that there was no fraudulent joinder and remanding the case back to state court, the *Aaron* court rejected Merck's argument explaining that:

> Defendant Merck does not, and cannot cite any California cases holding that a distributor cannot be held liable for failure to warn, as the California state courts have not yet addressed that issue. Defendant Merck has simply failed to satisfy its heavy burden of demonstrating that there is no possibility that Plaintiffs will be able to prevail on the merits of their claims in state court, and therefore has failed to demonstrate that Defendant McKesson was fraudulently joined.

*Id.* at 7-8.

Defendants purport to provide authority for their claim that "most California federal district courts have ruled on remand motions that there is no viable cause of action against non-diverse distributor defendants." However, defendants misstate the holdings of the cases they cite. In four of the decisions cited by defendants, Judge Lawrence K. Karlton held that the question of fraudulent joinder was not unique to the pending cases but existed in 55 other California cases that had been transferred to the MDL *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005) ("Vioxx MDL"). As such, Judge Karlton did not address the merits of defendant Merck's fraudulent joinder claim, nor the concomitant issue of whether plaintiffs stated a viable cause of action against the in-state distributors. Rather, he stayed the proceedings to allow the MDL to resolve the issues. *See Beatty v. Merck & Co.*, 2006 U.S. Dist. LEXIS 77260 (E.D. Cal. 2006), *Vantine v. Merck & Co.*, 2007 U.S. Dist. LEXIS 14531 (E.D. Cal. 2007), *Cline v. Merck & Co.*, 2006 U.S. Dist. LEXIS 34417 (E.D. Cal. 2006), and *English v. Merck & Co.*, 2007 U.S. Dist. LEXIS 14493 (E.D. Cal. 2007). Thus, these cases do not establish, as defendants incorrectly contend, the inviability of a cause of action against distributor defendants.

In *Leeson v. Merck & Co.*, 2006 U.S. Dist. LEXIS 3096 (E.D. Cal. 2006), also cited by defendants, the court stated that "only a handful of judges have found that California law does not

7

clearly exempt distributors from strict liability for failure to warn" *Id.* at *8. However, the *Leeson* court provided no authority for this conclusion and defendants cite not a single case so holding. Moreover, the *Leeson* court did not hold that California law exempts distributors from liability for failure to warn. Rather, it found, as did Judge Karlton, that because the jurisdictional issues were present in other Vioxx cases before the MDL panel, staying the proceeding pending transfer of the case to the Vioxx MDL was appropriate. *Leeson*, 2006 U.S. Dist. LEXIS at *11.

Unlike the Merck cases, where the identical issue of fraudulent joinder under California law was present in many cases before or pending transfer to the Vioxx MDL, defendants in the present case have only identified four cases before or pending transfer to the Gadolinium MDL which involve "remand issues." Defendants do not specify the nature of the remand issues nor whether the cases involve California distributors. Despite their burden of establishing fraudulent joinder, *see Holcomb*, 871 F.2d at 110, defendants have failed to identify even one other case involving the fraudulent joinder issue presently before this Court.

In light of the general rule under California law that distributors of defective products are strictly liable, *Bostick*, 147 Cal. App. 4th at 88, the lack of any authority exempting distributors from liability for failure to warn in the prescription drug context inclines this Court against a finding of frivolity. *See Purdue Pharma*, LP, 227 F. Supp. 2d at 849 ("a federal court should hesitate before pronouncing a state claim frivolous, unreasonable, and not even colorable in an area yet untouched by the state courts.").

II.   **Policies Behind Failure to Warn Liability**

Defendants argue that the general rule subjecting distributors to liability for failure to warn is inapplicable in the prescription drug context because of the unique policies supporting liability in the

8

prescription drug context. Under *Brown*, cited by defendants in support of their policy-based argument, "a *manufacturer* is not strictly liable for injuries caused by a prescription drug so long as the drug was properly prepared and accompanied by warnings of its dangerous propensities that were either known or reasonably scientifically knowable at the time of distribution." *Id.* at 1069 (emphasis added). The California Supreme Court explained that such a formulation for liability, "which rings of negligence," is necessary in the prescription drug context "because of the public interest in the development, availability, and reasonable price of drugs." *Id*. at 1061.

While according to *Brown*, there is a public interest in basing liability of a prescription drug manufacturer on negligence principles, that does not necessarily preclude subjecting *distributors* of such drugs to strict liability, given the different public policies applicable to distributors. In *Elmore v. American Motors Corp.*, 70 Cal. 2d 578 (1969), the California Supreme Court explained the public policies which justify subjecting distributors to strict liability:

> In some cases the retailer may be the only member of that enterprise reasonably available to the injured plaintiff. In other cases the retailer himself may play a substantial part in insuring that the product is safe or may be in a position to exert pressure on the manufacturer to that end; the retailer's strict liability thus serves as an added incentive to safety… [and] affords maximum protection to the injured plaintiff and works no injustice to the defendants, for they can adjust the costs of such protection between them in the course of their continuing business relationship.

*Id.* at 587.

Thus, the Court cannot conclude that Moorhouse has "obviously" failed to state a cause of action against the Distributor Defendants. *McCabe*, 811 F.2d at 1339 (there is fraudulent joinder when a "plaintiff fails to state a cause of action and the failure is obvious according to the settled rules of the state . . . ."; *Plute v. Roadway Package Sys.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) ("In determining whether a defendant was joined fraudulently, the courts must resolve "all

9

disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.").

Other courts faced with the same cause of action in the fraudulent joinder context have reached the same conclusion. In *Maher*, plaintiff alleged that defendant McKesson distributed the prescription drug Tegretol, yet failed to warn physicians and patients of the drug's dangerous propensities. *Maher*, 2007 U.S. Dist. LEXIS 58984 at *12. After considering strict liability jurisprudence in California generally and the California Supreme Court's holding in *Brown*, the *Maher* court held that "[t]his Court cannot conclude that it is obvious that the general rule of distributor liability does not apply under the allegations in this case." *Id.*; *see also Aaron*, 2005 U.S. Dist. LEXIS 40745 at *8 ("Defendant Merck has simply failed to satisfy its heavy burden of demonstrating that there is no possibility that Plaintiffs will be able to prevail on the merits of their claims in state court, and therefore has failed to demonstrate that Defendant McKesson was fraudulently joined."); *Black*, 2004 U.S. Dist. LEXIS 29860 at *13–14 ("it is Merck's 'heavy burden' to show absolutely no possibility that Plaintiffs could prevail on their strict liability claim against McKesson. As Merck has not met this burden, it has failed to demonstrate that McKesson was fraudulently joined. Thus, this matter must be remanded because complete diversity of citizenship is lacking.").

The Court finds that it is not obvious according to the settled rules of California that distributors of prescription drugs cannot be held liable for a failure to warn. *See McCabe*, 811 F.2d 1336.

10

### III. Factual Nexus Between Products and California Defendants

Defendants argue that there is no factual nexus between the Distributor Defendants and the prescription drugs named in this case. Defendants contend that "[i]n the absence of concrete allegations that these two Distributors actually did distribute each and every CBCA product administered to Mrs. Moorhouse," there is no factual predicate for liability against the Distributor Defendants. The Court disagrees.

In determining whether a defendant was joined fraudulently, "any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand." *Aaron*, 2005 U.S. Dist. LEXIS 40745 at *5. In her Complaint, Moorhouse alleges that "Defendant McKesson Corporation distributes Omniscan and, on information and belief, other gadolinium-based contrast agents. [Moorhouse] allege[s] on information and belief that McKesson distributed the Omniscan and/or other gadolinium-based contrast agents that were injected into Mrs. Moorhouse." Moorhouse pleads nearly identical facts concerning Merry X-Ray. Contrary to defendants' position, these allegations are sufficient to state a cause of action under California pleading requirements and for purposes of determining whether Distributor Defendants were properly joined. *See* Cal. Code Civ. Proc. § 425.10; *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1270 (9th Cir. Cal. 2006) ("Pleading requirements differ between federal law and California law. California law requires that a complaint contain "a statement of the facts constituting the cause of action, in ordinary and concise language.").

In *Aaroe*, the court was faced with nearly identical factual allegations. The court rejected defendant Merck's assertion that the plaintiffs' allegations were insufficient concluding:

> Defendant Merck argues that Defendant McKesson was fraudulently
> joined because 'Plaintiffs' factual allegations against McKesson are

11

> vague at best, including only the nonspecific and ambiguous allegations that McKesson distributed and sold Vioxx in and throughout California … However, contrary to Defendant Merck's assertions, these allegations are sufficient to allege an actual connection between the defendant's alleged conduct and the plaintiff's purported injury . . . .

*Id.*

In light of the "strong presumption against removal jurisdiction," *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006), and resolving all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading, in favor of the non-moving party, *Plute*, 141 F. Supp. 2d at 1008, the Court finds that Moorhouse has sufficiently pled a factual nexus between Distributor Defendants and the prescription drugs at issue.

Because the Court finds that Moorhouse's cause of action against the in-state Distributor Defendants is not obviously nonviable under California law and finds that Moorhouse has adequately pled facts connecting the Distributor Defendants to the products in this case, the Court finds that the Distributor Defendants have not been fraudulently joined. Defendants have not overcome the "strong presumption against removal jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Accordingly, Moorhouse's Motion to Remand is GRANTED. Defendant's Motion to Stay is DENIED as moot.

**CONCLUSION**

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Moorhouse's Motion to Remand [Docket No. 17] is GRANTED;
2. Defendants' Motion to Stay [Docket No. 21] is DENIED as moot; and
3. This action is remanded to San Francisco Superior Court.

IT IS SO ORDERED.

Dated: 6/17/08

*Saundra B Armstrong*

SAUNDRA BROWN ARMSTRONG
United States District Judge

13